IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
_____

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

      Plaintiffs,

VS.                              NO.: 2:13-cv-02289
                                   JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and,
MARK P. CLEMONS,

      Defendants.
_____

COMPLAINT FOR PERSONAL INJURIES, WRONGFUL DEATH,
MEDICAL NEGLIGENCE [HEALTH CARE LIABILITY ACTION] AND
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (NIED)
_____

COME NOW the Plaintiffs, by counsel, and for their Complaint for Personal Injuries, Wrongful Death, Medical Negligence [Health Care Liability Action] and Negligent Infliction of Emotional Distress [NIED] against the Defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, and Mark P. Clemons, who state:

**PARTIES**

1.      The Plaintiffs are residents of West Memphis, Crittenden County, Arkansas, the parents and next-of-kin of Brett Lovelace, decedent, a single minor, and are proper parties to bring this action under T.C.A. §29-26-115, et. seq., as well as T.C.A. §20-5-107(a), et seq.; that the Defendant, Pediatric Anesthesiologists, P.A. (hereinafter "Pediatric Anesthesiologists"), is a

professional association doing business in the State of Tennessee; that the Defendant, Babu Rao

Paidipalli (hereinafter "Paidipalli"), is a resident citizen of Shelby County, Tennessee; that

Defendant, Mark P. Clemons (hereinafter "Clemons") is a resident citizen of Shelby County.


## JURISDICTION AND VENUE

2.      That the Defendant, Pediatric Anesthesiologists, P.A., is a pediatric

anesthesiology service corporation, having its principal place of business in Memphis,

Tennessee; that the Defendant, Paidipalli, is a resident citizen of Shelby County, Tennessee; that

the Defendant, Clemons, is a resident citizen of Shelby County, Tennessee.

3.      That this Court has jurisdiction over the parties, the subject matter, and is the

proper venue for this case as it arose out of medical negligence, causing injury and subsequent

death in Memphis, Tennessee on or about March 14, 2012.

4.      The parties in this case are citizens of diverse states and there is diversity

jurisdiction in this case, as the matter in controversy, exclusive of fees and costs, exceeds the

sum specified by 28 U.S.C. § 1332.

5.      That the Plaintiffs have complied with T.C.A. §29-26-121(a), as Defendant,

Pediatric Anesthesiologists, P.A., was served with the statutory notice by serving its registered

agent for service of process, Donald E. Bourland, at Pediatric Anesthesiologists, P.A., at 5400

Poplar Avenue, Ste. 100, Memphis, TN  38199-3669 on February 14, 2013, and by serving

Pediatric Anesthesiologists, P.A., at 50 N. Dunlap St., 2nd Floor Research Tower, Memphis, TN

38103 on February 14, 2013; that Defendant, Paidipalli, was served with the statutory notice by

serving him individually in c/o Pediatric Anesthesiologists, P.A., 50 N. Dunlap St., 2nd Floor

Research Tower, Memphis, TN  38103 on February 27, 2013, and by serving him in c/o

2

LeBonheur East Surgery Center, 786 Estate Place, Memphis, TN 38120 on February 21, 2013; and that Defendant, Clemons, was served with the statutory notice by serving him individually at 228 West Tyler St., Ste. 100, West Memphis, TN 72301 on February 21, 2013, and by serving him at 6616 Kirby Center Cove, Memphis, TN 38115 (date omitted).

6.    Plaintiffs have complied with T.C.A. §29-26-121 and more than 60 days has lapsed since the service of the statutory notices.  Attached to this Complaint as Exhibit "A" is Plaintiff's Affidavit of Service Pursuant to Tenn. Code Ann. §29-26-121, and attached to Plaintiff's Affidavit of Service Pursuant to Tenn. Code Ann. §19-26-121 is:

(1)    Notice Letter and Certified Return Receipts (2) for Pediatric Anesthesiologists, P.A., (Ex. "A");

(2)    Notice Letter and Certified Return Receipts (2) for Babu Rao Paidipalli (Ex. "B"); and,

(3)    Notice Letter and Certified Return Receipts (2) for Mark P. Clemons (Ex. "C").

7.    Plaintiffs have complied with Tenn. Code Ann. § 29-26-122(a) and, file herewith, as Exhibit "B," Plaintiffs' Certificate of Good Faith.

## FACTS

8.    That at all relevant times hereto, Defendant, Pediatric Anesthesiologists, P.A., and Defendant, Paidipalli, its agent, servant, employee or alter ego, were, respectively, a Tennessee professional association and a licensed Tennessee medical practitioner engaged in the medical specialty practice of anesthesiology in and for the City of Memphis and state of Tennessee; that at all relevant times hereto, Defendant, Clemons, was a licensed Tennessee medical practitioner engaged in the medical specialty practice of otolaryngology in and for the city of Memphis and state of Tennessee.

3

9.      On March 12, 2012, Plaintiffs' decedent, and son, Brett Lovelace, age 12, was treated at LeBonheur Children's Hospital in Memphis, Tennessee and underwent a tonsillectomy and adenoidectomy, which surgery was performed by Defendant, Mark P. Clemons.  In that procedure, anesthesia was administered to Plaintiff's decedent by Defendant, Pediatric Anesthesiologists, P.A. personnel, including Defendant, Babu Rao Paidipalli.

10.     Following what was to be a minor surgery, twelve-year-old Brett Lovelace was transported to the LeBonheur recovery room or PACU [post-anesthesia care unit], where all Defendants were chargeable and responsible for his pre- and post-operative care, when he sustained a medical injury on March 12, 2012 and subsequently died on March 14, 2012.  The parties culpable or negligent in causing Brett Lovelace's injury and consequent death due to asphyxia include the following:

    a.      Pediatric Anesthesiologists, P.A.;

    b.      Babu Rao Paidipalli; and,

    c.      Mark P. Clemons.


**CLAIMS**

11.     **MEDICAL NEGLIGENCE.**      Pursuant to T.C.A. 29-26-115, et. seq., The Civil Justice Act of 2011, Defendants owed Brett Lovelace a duty of care consistent with the standard of acceptable medical care and treatment in their respective professions and in the specialty of otolaryngology, specialty of anesthesia and in pediatric medical care and treatment, as same were practiced in the same or similar locality to where said treatment and services were rendered, viz., Memphis and its environs, or one similar thereto; that Defendants' treatment and care of Brett Lovelace fell below the acceptable standard of care for each defendant in their

4

respective professional specialties.  Plaintiffs base their health care liability action upon the
defendants' breach of the standard of care in their respective specialty in the following
particulars, viz.:

a.   Failure to follow safe practices, standard precautions and patient guidelines for
perioperative planning, perioperative management, intraoperative management,
and postoperative management and treatment of a patient who is scheduled for
airway surgery under a general anesthetic, such as Brett Lovelace, whose age, size
and weight (95th percentile), medical history, mental and physical condition,
required that certain safeguards that were necessary, appropriate and customarily
followed by hospitals of the same or similar communities be used, and which
safeguards were not provided here;

b.   Failure of Defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, and
Mark P. Clemons to furnish or provide services consistent with the skill,
knowledge and care required by physicians who practice in the specialty of
anesthesia [Pediatric Anesthesiologists, P.A., and Paidipalli] and otolaryngology
[Clemons] in the same or similar community, and under the same or similar
circumstances or conditions, including the duty to extubate the patient when fully
awake, to fully reverse the neuromuscular blockade prior to extubation, and to not
abandon a patient when the patient is in a dangerous or hazardous condition or
state, as here, when Defendants failed to properly provide supplemental oxygen,
assess, awaken, reposition, monitor and bring Brett Lovelace out from under the
influence of his surgical anesthesia and ensure that Brett Lovelace was stable

prior to abandoning him in a prone, knees-up fetal position on a gurney where he remained for more than an hour and twenty minutes;

c.    Failure to give safe, timely and proper handling instructions to the PACU nurse, resulting in the death of a child; and,

d.    Failure to assess, note and intervene to correct the ultimately fatal prone/fetal position of the patient, Brett Lovelace, for 1.5 hours,

That, for these defaults, Defendants are answerable in tort, jointly and severally, as parties acting in concert, for all proximately cause harm and damages sought herein.

12.    __NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.__    Plaintiffs, Daniel Lovelace and Helen Lovelace, husband and wife, and parents of twelve-year old Brett Lovelace, were present and actively seeking immediate post-surgical care for their son in the LeBonheur PACU.  The Plaintiffs incorporate herein by reference thereto the allegations of ¶'s 2-10, supra, as though set forth herein in their entirety; that Plaintiffs further assert herein individual claims for negligent infliction of emotional distress against all Defendants, as Plaintiffs were at all times present and suffered severe and serious emotional injuries as a result of witnessing not only the inadequate care rendered to and received by Brett Lovelace, but upon witnessing his suffocation and death due to the lack of cooperation, the inattention, the indifference and the substandard care rendered to and received by Brett Lovelace by and from Defendants and those under their supervision, direction or control.  Said claims are supported by expert medical or psychological proof and treatment rendered to the Plaintiffs on account of the harms and conduct alleged herein against Defendants.

6

13.    **DAMAGES.**    Plaintiffs' son and decedent, Brett Lovelace, sustained fatal injuries as a proximate result of the negligence of Defendants.  Due to Defendants' negligence and the consequent fatal injury complained of and other harms, Plaintiffs' decedent sustained a severe anoxic brain injury in the LeBonheur PACU or recovery room, while ostensibly recovering from minor surgery.  Plaintiffs seek damages in this case for decedent's personal injuries and wrongful death, as set forth and to the full extent recoverable under T.C.A. § 20-5-113, including damages for pain and suffering, medical and other expenses, and damages resulting to those for whose use and benefit the decedent's right of action survives, including all pecuniary losses [Newman v. Simmons, 466 S.W.2d 506 (Tenn. App. 1970); and, Potts v. Leigh, 15 Tenn. App. (1931)];  for Defendants' negligent infliction of mental distress to Plaintiffs, Daniel and Helen Lovelace, as independent torts; and for such further consequential damages for the decedent's pecuniary losses due to his untimely death, which exceed, based upon a projection of pecuniary losses of and for Brett Lovelace, the sum of Two Million Dollars ($2,000,000.00) over a normal work life to age 65, for unnecessary medical expenses, autopsy, burial expenses, and for any and all consequential losses that arise out of the injury and death of Plaintiffs' decedent, for which these Defendants are responsible; that total damages sought herein are in the amount of Ten Million Dollars ($10,000,000.00) for consequential damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Daniel and Helen Lovelace, individually and as parents of Brett Lovelace, seek judgment against the Defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, and Mark P. Clemons, jointly and severally as follows:

a.    That Plaintiff, Daniel Lovelace, recover judgment against the Defendants, jointly and severally, in the sum of Five Million Dollars ($5,000,000.00);

b.      That the Plaintiff, Helen Lovelace, recover judgment against the Defendants,

jointly and severally, in the sum of Five Million Dollars ($5,000,000.00);

c.      Plaintiffs demand a jury trial; and

d.      Plaintiffs ask that they recover their costs, discretionary as well as clerk's costs ;

and,

e.      Any other relief to which they may hereafter be entitled.

Respectfully submitted,

HALLIBURTON & LEDBETTER


_____

MARK LEDBETTER        AR# 74175
Attorney for Plaintiffs        TN#17637
254 Court Avenue, Suite 305
Memphis, TN  38103
(901) 523-8153-phone
(901) 523-8115-fax

8