J-54170

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

---

DANIEL LOVELACE and
HELEN LOVELACE, Individually,
and as Parents of BRETT LOVELACE,
Deceased,

       Plaintiffs,

VS.

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

       Defendants.

NO.  2:13-cv-02289 dkv
JURY TRIAL DEMANDED

---

### ANSWER OF MARK P. CLEMONS, M.D.

---

COMES NOW the defendant, Mark P. Clemons, M.D., and says in answer to the allegations in the Complaint as follows:

1.      On information and belief, the allegations contained in Paragraph 1 of the Complaint are admitted.

2.      The allegations contained in Paragraph 2 of the Complaint are admitted.

3.      Jurisdiction and venue are admitted, but medical negligence on the part of this defendant which caused injury and death is denied.

4.      Diversity jurisdiction is admitted, but this defendant can neither admit nor deny the remaining allegations contained in Paragraph 4 of the Complaint.

5.      This defendant can neither admit nor deny the allegations contained in Paragraph 5 of the Complaint and would demand strict proof of said allegations.

6.      This defendant admits the attachment of Exhibits A, B and C that have been attached to the Complaint.

7.      The allegations contained in Paragraph 7 of the Complaint are denied.

8.      It is admitted that Dr. Clemons was a licensed Tennessee medical practitioner engaged in the medical specialty practice of otolaryngology in the City of Memphis, Tennessee, but this defendant can neither admit nor deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint are admitted.

10.     It is admitted that post-operatively, the patient, Brett Lovelace, was transferred from the operating room to PACU on March 12, 2012, but this defendant, Dr. Clemons, denies that he was culpable or negligent in causing Brett Lovelace's injury and death as alleged in Paragraph 10 of the Complaint.

11.     It is admitted that Dr. Clemons owed Brett Lovelace the duty of care consistent with the standard of acceptable medical care and treatment applicable to otolaryngologists in this community, and Dr. Clemons avers that he complied with said duty.  It is denied that Dr. Clemons' treatment fell below the acceptable standard of care for otolaryngologists in this community.  This defendant denies the allegations contained in Paragraph 11 of the Complaint and the subparagraphs thereunder as they are directed at Dr. Clemons, an otolaryngologist who complied with the applicable standard of care for those in his specialty in this community.  This defendant can neither admit nor deny the allegations directed at other defendants as set forth in the subparagraphs of Paragraph 11 of the Complaint.  It is denied that Dr. Clemons is jointly and/or severally liable for proximately causing harm and damages as alleged in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint are denied as directed to this defendant.  This defendant denies all allegations of negligent infliction of emotional distress as set forth in Paragraph 12 of the Complaint.

13.     It is denied that the plaintiffs were or damaged in the manner or to the extent alleged in the Complaint.  More specifically, this defendant denies the allegations contained in Paragraph 13 of the Complaint.  Further, this defendant relies on and incorporates herein by reference the statutory caps applicable to alleged damages as codified by the Tennessee Civil Justice Act of 2011.

14.     It is denied that the plaintiffs are entitled to the relief sought in the Complaint.

15.     For further defense, this defendant relies upon and incorporates herein by reference the statutory caps applicable to damages alleged in a medical malpractice action.

16.     The Complaint fails to state a claim upon which relief can be granted.

17.     This defendant, Dr. Clemons, would show that as an otolaryngologist, he complied with the recognized standard of acceptable professional practice applicable to those practicing his specialty in this community, and no treatment on the part of Dr. Clemons caused the plaintiff injuries and damages which would not otherwise have occurred.

18.     For further defense, this defendant would invoke the doctrine of independent superseding and intervening causes.

19.     Based upon allegations in the Complaint, which include allegations against other parties, this defendant pleads the doctrine of comparative fault.

20.     For further defense, this defendant would show that, on information and belief, the patient, Brett Lovelace, was in the PACU being monitored by Methodist-LeBonheur Hospital personnel, including, but not limited to, a recovery room nurse, Kelly Kish, an employee

employees of Methodist-LeBonheur Hospital, when his condition changed.  The allegations in this Complaint are applicable to the Methodist-LeBonheur Hospital personnel who were responsible for monitoring Brett Lovelace in the PACU, and all fault is attributed to them and not to Dr. Clemons.  At the trial of this cause, Dr. Clemons is entitled to have liability, if any, apportioned to these Methodist-LeBonheur employees and Methodist-LeBonheur.

21.     Defendant would state that the cause of the plaintiffs' alleged injuries, if any, and damages, if any, was the underlying condition from which Brett Lovelace suffered, and not in any way related to any act or omission by this defendant.

22.     If the facts of this case, as developed during discovery or trial, reveal that the action was untimely filed, this defendant will rely upon the applicable statute of limitations and/or statute of repose as a complete defense codified at T.C.A. § 28-3-104 and T.C.A. § 29-26-116.

23.     Defendant denies any liability in this matter, however, plaintiffs' recovery of any actual economic losses in this matter is limited in that plaintiffs may only recover such damages to the extent that such costs are not paid or payable, and such losses are not replaced or indemnified in whole or in part, by insurance provided by an employer either governmental or private, by Social Security benefits, service benefit programs, unemployment benefits, or any other source except the assets of plaintiffs or of the members of plaintiffs' immediate family and insurance purchased in whole or in part, privately and individually.

24.     This defendant specifically reserves the right to amend his Answer to allege additional affirmative defenses or other matters which may be dictated by discovery and proved to be adduced in this cause.

25.     Defendant demands a jury to try this cause of action.

AND NOW, HAVING FULLY ANSWERED the allegations in the Complaint, Mark P.

Clemons, M.D., prays that he may be hence dismissed.

THOMASON, HENDRIX, HARVEY
JOHNSON & MITCHELL, PLLC


By:   s/J. Kimbrough Johnson
     J. Kimbrough Johnson (No. 7953)
     Marcy Dodds Magee (No. 19360)
     Attorneys for Defendant,
     Mark P.  Clemons, M.D.
     2900 One Commerce Square
     40 S. Main Street
     Memphis, TN 38103
     901-525-8721
     johnsonk@thomasonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following has been served on Mark Ledbetter, Attorney for Plaintiffs, Halliburton & Ledbetter, 254 Court Avenue, Suite 305, Memphis, TN 38103, and David Cook, Hardison Law Firm, 119 South Main Street, Suite 800, Memphis, TN 38103, via the Court's electronic filing system, this 3rd day of June, 2013.

s/J. Kimbrough Johnson
J. Kimbrough Johnson

4833-0075-4452, v.  1