IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

---

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                    No. 2:13-cv-02289 dkv
                                             JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS,
PEDIATRIC ANESTHESIOLOGISTS, P.A., AND
BABU RAO PAIDIPALI, M.D., TO DISMISS FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
PURSUANT TO F.R.C.P. 12(b)**

---

COME NOW the defendants, Pediatric Anesthesiologists, P.A. ("Pediatric Anesthesiologists") and Babu Rao Paidipalli, M.D. ("Dr. Paidipalli"), by and through their counsel of record, and file their Memorandum of Law in Support of their Motion to Dismiss, in support of which defendants would state and show as follows:

### FACTS AND PROCEDURAL HISTORY

Plaintiffs filed their Complaint in this cause on May 8, 2013, asserting a claim for medical malpractice against Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, M.D., and Mark D. Clemons, M.D., and also a claim for negligent infliction of emotional distress based upon the alleged medical malpractice claim, for care provided to plaintiffs' decedent, Brett Lovelace, at Methodist Le Bonheur Children's Medical Center, 50 N.

Dunlap, Memphis, Tennessee, on March 12, 2012, allegedly resulting in the patient's death on March 14, 2012. (See Complaint, paragraphs 8 – 12.) Plaintiffs attached to their Complaint as Exhibit "A", "Plaintiffs' Affidavit Of Service Pursuant To Tennessee Code Annotated 29-26-121," which includes copies of plaintiffs' pre-suit notices of the claim to these defendants dated February 13, 2013, including an authorization to disclose health information which defendants would show failed to comply with HIPAA regulations.

Paragraph 3 of the medical authorization included with plaintiffs' pre-suit notices failed to include "a description of the information to be used or disclosed that identifies the information in a specific and meaningful fashion," as required by HIPAA regulation 45 C.F.R. 164.508(c)(1)(i). The authorization form utilized by plaintiffs includes a list of specific various types of information that might be used or disclosed with blanks next to each type of information to be checked to designate what specific types of information are to be disclosed. It is apparent from reading the list that the form requires the party signing the authorization to check or otherwise mark which types of information are authorized, as it includes different categories of information and also includes a separate line item to be checked for the "entire record". None of the blanks were checked or otherwise marked and one cannot ascertain from a review of the document what types of information are authorized to be disclosed. Furthermore, the authorization provided by plaintiffs fails to include "a description of each purpose of the requested use or disclosure," as required by 45 C.F.R. 164.508(c)(1)(iv). Therefore the plaintiffs' medical authorization was and is defective under HIPAA regulations.

## LAW AND ARGUMENT
## T.C.A. 29-26-121 AND HIPAA REGULATIONS

The plaintiffs failed to comply with Tennessee Code Annotated § 29-26-121(a)(2)(E), due to the failure of the plaintiffs to provide a HIPAA-compliant medical authorization. T.C.A. 29-26-121(b) provides that the Court has discretion to excuse compliance with this section only for extraordinary cause shown. T.C.A. 29-29-121(c) provides for an extension of the statute of limitations for a period of 120 days from the date of expiration of the statute of limitations "when notice is given to a provider as provided in this section", which was not done. Furthermore, T.C.A. 29-26-121(d)(1) provides that "all parties in an action covered by this statute shall be entitled to obtain complete copies of the claimant's medical records from any other provider receiving this notice" and that "the claimant complies with this requirement by providing the providers with the authorized HIPAA compliant medical authorization required to accompany the notice."

T.C.A. 29-26-121(a), (b), (c), and (d) state in pertinent part, as follows:

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for medical malpractice *shall give* written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.

(2) The notice *shall include*:

(A) The full name and date of birth of the patient whose treatment is at issue;

(B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

(C) The name and address of the attorney sending the notice, if applicable;

(D) A list of the name and address of all providers being sent a notice; and

(E) *A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.*

...

(b) If a complaint is filed in any court alleging a claim for medical malpractice, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. *The court has discretion to excuse compliance with this section only for extraordinary cause shown.*

(c) *When notice is given to a provider as provided in this section*, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. Personal service is effective on the date of that service. Service by mail is effective on the first day that service by mail is made in compliance with subdivision (a)(2)(B). *In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for medical malpractice*, nor shall more than one (1) extension be applicable to any provider. Once a complaint is filed alleging a claim for medical malpractice, the notice provisions of this section shall not apply to any person or entity that is made a party to the action thereafter by amendment to the pleadings as a result of a defendant's alleging comparative fault.

(d)(1) *All parties in an action covered by this section shall be entitled to obtain complete copies of the claimant's medical records from any other provider receiving this notice.* A party shall provide a copy of the specified portions of the claimant's medical records as of the date of the receipt of a legally authorized written request for the records within thirty (30) days thereafter. *The claimant complies with this requirement by providing the providers with the authorized HIPAA compliant medical authorization required to accompany the notice.*
...

T.C.A. § 29-26-121 (a), (b), (c), and (d) (emphasis supplied).

Title 45, Section 164.508, of the Code of Federal Regulations sets forth the requirements of a valid HIPAA authorization, and provides, in pertinent part, as follows:

4

(a) Standard: authorizations for uses and disclosures –

*(1)* Authorizations required:  general rule.  *Except as otherwise permitted or required by this subchapter, a covered entity may not use or disclose protected health information without an authorization that is valid under this section.  ...*

(b) Implementation specifications:  general requirements –

…

*(2) Defective authorizations.  An authorization is not valid, if the document submitted has any of the following defects:*

…

(ii) *The authorization has not been filled out completely, with respect to an element described by paragraph (c) of this section, if applicable*;

…

(c) Implementation specifications:  Core elements and requirements –

*(1)  Core elements. A valid authorization under this section must contain at least the following elements:*

*(i) A description of the information to be used or disclosed that identifies the information in a specific and meaningful fashion.*

(ii) The name or other specific identification of the person(s), or class of persons, authorized to make the requested use or disclosure.

(iii) The name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure.

(iv) *A description of each purpose of the requested use or disclosure. The statement "at the request of the individual" is a sufficient description of the purpose when an individual initiates the authorization and does not, or elects not to, provide a statement of the purpose.*

(v) An expiration date or an expiration event that relates to the individual or the purpose of the use or disclosure. The statement "end of the research study," "none," or similar

> language is sufficient if the authorization is for a use or disclosure of protected health information for research, including for the creation and maintenance of a research database or research repository.
>
> (vi) Signature of the individual and date. If the authorization is signed by a personal representative of the individual, a description of such representative's authority to act for the individual must also be provided.

45 CFR §164.508(a), (b), and (c) (emphasis supplied).

### PLAINTIFFS' CLAIM MUST BE DISMISSED DUE TO PLAINTIFFS' FAILURE TO COMPLY WITH TENNESSEE CODE ANNOTATED §29-26-121(a) and (b), AND 45 C.F.R. §164.508

Numerous Tennessee Appellate Court decisions have interpreted T.C.A. 29-26-121 strictly and have dismissed cases based on a plaintiff's failure to comply with such statute. In *DePue v. Schroeder et al,* 2011 Tenn. App. LEXIS 62 (Tenn. Ct. App. February 15, 2011), perm. app. appeal denied, 2011 Tenn. LEXIS 847 (Ten. Aug. 31, 2011), the plaintiffs filed their medical malpractice complaint fifty-three (53) days after providing notice to defendants of the potential lawsuit rather than the full sixty (60) days required by the statute. *DePue v. Schroeder et al, supra*, p. 2. Defendants moved for dismissal and for summary judgment based on the failure to adhere to the strict sixty (60) day notice requirement. *Id., p.* 2. The trial court excused strict compliance with the language of the statute holding that the plaintiff had substantially complied with the statute and no prejudice resulted due to the premature filing. *Id.,* p. 3. The defendants were granted an interlocutory appeal for review of the trial court's order denying defendants' motions to dismiss and for summary judgment. *Id.* Plaintiff argued that although she did not comply with the notice provision, she did comply with the "spirit" of the statute. *Id.,* p. 4. Defendants argued on appeal that the trial court should not have

excused compliance with the notice requirements of T.C.A. 29-26-121, since plaintiff failed to show "extraordinary cause" for failing to meet the notice requirements. *Id.* Defendants further argued "the Court's job is to 'carry out the legislature's intent without broadening or restricting the statute beyond its intended scope', and that the statute should be enforced as written, with every word being given its full effect 'if the obvious intention of the Tennessee General Assembly is not violated by so doing." *Id.* (*citing Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99 [Tenn.2006]; *In re CKG*, 173 S.W.3d 714 [Tenn.2005]; *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676 [Tenn.2002]).

Plaintiff argued that attorney oversight was the basis for filing the complaint too early. *DePue v. Schroeder, et al,* p. 6. The defendants countered that attorney oversight has not been found to constitute "good cause" for excusing compliance with a deadline much less "extraordinary cause." *Id.*, p. 6. The *DePue* court held that the plaintiff had failed to demonstrate "extraordinary cause" for her failure to adhere to the notice requirements. *Id.* The *DePue* court went on to hold that the trial court had abused its discretion in excusing the notice requirements of the statute by applying an incorrect legal standard. *Id.* Specifically, the appellate court held that the trial court erred in applying a standard that the plaintiff had substantially complied with the notice requirements and the defendants had suffered no prejudice by the premature filing of the complaint. *Id.* The *DePue* court noted that substantial compliance and lack of prejudice are *not* the standards set forth in the notice statute; rather, "extraordinary cause" is the standard that must be met to excuse compliance with the statute. *Id.*, p. 7; *see also* T.C.A. 29-26-121(b). This prerequisite was noted to be no different from other pre-filing

requirements found in employment law, worker's compensation, or shareholder derivative actions, all of which require pre-suit notice. *Id.*, p.7. Finally, the *Depue* court held that since the "legislature intended for compliance [with the notice requirements] to be mandatory" dismissal was appropriate. *Id.*, p. 6-7.

More recent Tennessee appellate court cases also support defendant's position. In *Hawkins v. Martin*, 2012 Tenn. App. Lexis 484 (2012), a decision from the Western Section of the Court of Appeals, the trial court granted the defendants' motions to dismiss, because plaintiff's counsel failed to include a HIPAA compliant authorization with its pre-suit notice. *Id.*, p. 3. Plaintiff's counsel argued both substantial compliance and extraordinary cause. The trial court found neither and granted the defendants' motions. *Id.* The *Hawkins* court reiterated the *DePue* principle, that substantial compliance and lack of prejudice are irrelevant in examining compliance with the pre-suit notice requirements. *Id.*, p. 5. Then the court turned to the only means by which compliance with the requirement that a HIPAA compliant authorization be provided may be excused – extraordinary cause. The *Hawkins* court stated as follows:

> [M]ere attorney oversight, unaccompanied by extraordinary circumstances, does not constitute extraordinary cause. We have not held, however, that a trial court does not have the discretion to excuse compliance for attorney oversight caused by unique and extraordinary circumstances.

*Id.*, p. 6.

In *Hawkins*, the appellate court remanded the case to the trial court for further proceedings and instructed the trial court "to exercise its discretion to determine whether, under the totality of the circumstances, 'unique and extraordinary circumstances' exist to show extraordinary cause under section 29-26-121(b) to excuse compliance with section 29-26-121(a)." *Id.*, p. 7. Thus, the appellate court reversed the trial court because it had

8

applied an incorrect legal standard and remanded the case for the trial court to determine whether or not the facts of that case, i.e., the plaintiff's attorney's deployment to Afghanistan and absence from his office at the time the notice was sent, was sufficient to constitute "unique and extraordinary circumstances" that excused the attorney's oversight in failing to comply with the pre-suit notice requirements of T.C.A. 29-26-121. However, in the instant case no "extraordinary cause" has been asserted as a basis for plaintiffs' failure to provide a HIPAA-compliant authorization. *Hawkins* therefore supports defendant's position that plaintiff's failure to include a HIPAA-compliant medical authorization requires dismissal of the complaint.

In *Childs v. UT Medical Group, Inc., et al*, 2012 Tenn. App. LEXIS 547 (2012), the trial court dismissed the plaintiff's re-filed suit and the Court of Appeals, Western Section, affirmed the trial court's order of dismissal, based on the plaintiff's counsel's failure to include the date of birth of the patient, the name and address of the claimant authorizing the notice and relationship to the patient, *a HIPAA compliant medical authorization*, and also failed to state in the Certificate of Good Faith whether or not the declarant, plaintiff's counsel, had any prior violations of the notice statute. *Id.*, p. 7. The plaintiff in *Childs* asserted that these deficiencies should be excused based on extraordinary cause, but the trial court stated that there had been ample time for the plaintiff to comply with the requirements of the notice statute and dismissed the suit. The court of appeals noted that the first suit was dismissed in September, 2009 - after the July 1, 2009, effective date of the pre-suit notice statute, and that the lawsuit was re-filed one year later, in September, 2010, and affirmed the trial court's dismissal of the suit, finding that extraordinary cause did not exist.

The recent case of *Hinkle v. Kindred Hospital*, 2012 WL 3799215 (Tenn. Ct. App. Aug. 31, 2012), application for permission to appeal pending, decided by the Middle Section of the Tennessee Court of Appeals, applied a more lenient standard as to what it viewed as "technical, but not material, deviations from the requirements of T.C.A. 29-26-121" and found that the affidavit of an expert filed in that case sufficed to meet the requirement of a certificate of good faith, and that the deficient manner of service of the pre-suit notice was not material since there was no dispute that pre-suit notice was timely received and all the patient's pertinent medical records were provided to the defendants. *Hinkle* stands alone as a Tennessee appellate court case in which deviations of T.C.A. 29-26-121 were found to be "immaterial" and not grounds for dismissal.

An application for permission to appeal to the Tennessee Supreme Court has been filed in *Hinkle*, and pursuant to the State of Tennessee Justice Information Tracking System, Case History pertaining to *Hinkle*, a copy of which is attached as Exhibit "A", "The applications for permission to appeal filed by Kindred Hospital and Dr. Tuan Quoc Nguyen are being held for the Court's decision in *Stevens v. Hickman Community Healthcare Services, Inc, et al*, No. M2012-00582-SC-509-CV, perm. app. granted (Tenn. October 17, 2012)." Per *Stevens v. Hickman Community Health Care Services, Inc., et al*, 2012 Tenn. LEXIS 784, the Tennessee Supreme Court granted the application for permission to appeal filed by defendant, Halford Whitaker on October 17, 2012. The Tennessee Supreme Court's calendar reflects that oral argument in *Stevens* was on May 30, 2013.

In *Myers v. AMISUB (SFH), Inc. d/b/a St. Francis Hospital*, 382 S.W.3d, 300 (Tenn. 2012), the Tennessee Supreme Court stated that the proper way for a defendant to

10

challenge a Complaint's compliance with T.C.A. 29-26-121 and T.C.A. 29-26-122 is for a defendant to file a Rule 12.02 Motion To Dismiss, and then once a defendant has made a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. *Ibid.* at 307. The Supreme Court went on to state that the trial courts should determine whether the plaintiff has complied with the statute based on the Complaint and any other relevant evidence submitted by the parties, and that if the trial court determines that the plaintiff has not complied with the statutes, the trial court must then determine whether the plaintiff has demonstrated extraordinary cause for plaintiff's non-compliance. *Ibid.*

In *Myers*, the Tennessee Supreme Court construed the use of the word "shall" in T.C.A. 29-26-121(a)(1) and T.C.A. 29-26-122(a) as imposing "mandatory", not "directory" requirements. Specifically, the Tennessee Supreme Court stated, "The use of the word "shall" in both statutes indicates that the legislature intended the requirements to be mandatory, not directory." *Id.* at p. 310.

It is acknowledged that the Tennessee Supreme Court commented in *Myers* that "because no pre-suit notice was given and no certificate of good faith was filed, we need not decide whether the statutes' requirements as to the content of the notice and the certificate of good faith may be satisfied by substantial compliance." However, the Tennessee Supreme Court also commented as follows:

> "The requirements of these statutes are precisely stated. The statutes provide clear guidance and detailed instruction for meeting those requirements, and it is not our prerogative to rewrite the statutes. *See Gleaves v. Checker Cab Transit Corp*, 15 S.W.3d 799, 803 (Tenn. 2000). ("It is not for the courts to offer or amend a statute.") Both statutes provide that compliance may be excused under specifically described conditions. T.C.A. § 29-26-121 allows the trial court to

11

exercise "discretion to excuse compliance… only for extraordinary cause shown.") T.C.A. 29-26-121(b). The statute does not define "extraordinary cause," and the statutes' legislative history does not indicate that the legislature intended to assign a meaning to that phrase other than its plain and ordinary meaning. "Extraordinary" is commonly defined as "going far beyond the ordinary degree, measure, limit, etc.; very unusual; exceptional; remarkable." *Webster's New World Dictionary of the American Language*, 516 (1966); *see* also *State v. Vikre*, 356 S.E.2d 802, 804 (N.C. Ct. App. 1987) (adopting dictionary definition of extraordinary cause as "going beyond the usual, regular, common or customary… of relating to, or having a nature of an occurrence or risk of a kind other than what ordinary experience or prudence would foresee"). One legal scholar, commenting on T.C.A. § 29-26-121 and 122, has noted that possible examples of "extraordinary cause" might include "illness of the plaintiff's lawyer, a death in that lawyer's immediate family, or illness or death of the plaintiff's expert in the days before the filing became necessary."

*Ibid*. at pages 310 - 311.

Defendants submit that based on the Tennessee Supreme Court's interpretation of the word "shall", in T.C.A. 29-26-121(a)(1) as denoting that the requirement of 60 days notice was mandatory, logically a similar interpretation would apply to the use of the word "shall" in T.C.A. 29-26-121(a)(2). It seems doubtful that the legislature would use the word "shall" as mandatory in one part of the statute and not intend the same word to have the same import in another part of the same statute. Therefore, Defendants respectfully submit that the word "shall" in T.C.A. 29-26-121(a)(2), means that all of the requirements which immediately follow the use of the words, "shall include" in T.C.A. 29-26-121(a)(2), are *mandatory* requirements and these include a "*HIPAA compliant medical authorization*". Furthermore, T.C.A 29-26-121(b) provides additional support for this interpretation, as it states: "The Court has discretion to excuse compliance with this section only for extraordinary cause shown." Thus, based on the language in the statute and the Tennessee Supreme Court's interpretation of the word "shall" in T.C.A. 29-26-121(a)(1), it follows that T.C.A. 29-26-121(a)(2) means what it says and that a

plaintiff is required to provide a valid "*HIPAA compliant medical authorization*" in order to comply with the requirements of T.C.A. 29-26-121(a)(2).

Defendants would further show that a very recent case from the Tennessee Court of Appeals, Eastern Section, *Vaughn v. Mountain States Health Alliance, et al.*, 2013 Tenn. App. LEXIS 159 (Tenn. App. 2013), is directly on point, and support defendant's position that T.C.A. 29-26-121(a)(2)(E) should be strictly construed. In *Vaughn*, plaintiff failed to provide with his pre-suit notice a HIPAA-compliant medical authorization that allowed the providers receiving the notice to exchange the patient's medical records. *Id.*, p. 4. Although plaintiff provided a HIPAA form authorization which was signed by the next of kin of the patient, the form was filled out incorrectly in that it authorized the release of medical records to plaintiff's counsel, rather than to the recipients of the pre-suit notice. *Id.* In *Vaughn*, plaintiff argued that the recipients of the notice had a duty to notify plaintiff's counsel of the foregoing error in the authorization, but the Tennessee Court of Appeals rejected that argument and held that plaintiff's failure to provide a HIPAA-compliant medical authorization with the pre-suit notice rendered the pre-suit notice deficient and affirmed the trial court's dismissal of the action. *Id.*, p. 5. In *Vaughn*, the medical treatment in question was provided by defendants on August 6, 2010, and the trial court found that the one year statute of limitations expired on August 6, 2011, since the plaintiff had failed to comply with the requirement of T.C.A. 29-26-121(a) to provide a HIPAA-compliant authorization allowing the providers to obtain complete medical records of the patient from each other. *Id.*, p. 2. The plaintiff filed suit on December 1, 2011, and the trial court dismissed the action based on the expiration of the statute of limitations. *Id.* In *Vaughn*, the Tennessee Court of Appeals affirmed the trial court's

decision and held that the plaintiff's failure to provide with the pre-suit notice a HIPAA-compliant authorization required by T.C.A. 29-26-121(a), resulted in the plaintiff's not being provided the benefits of T.C.A. 29-26-121, and in particular, the benefit of the extension of the statute of limitations by 120 days, which resulted in the expiration of the one year statute of limitations prior to the filing of suit. *Id.*, p. 5.

Defendant submits that in the instant case, the statute of limitations also started to run on the date of the treatment in question, which was March 12, 2012, or at the latest on the date of the patient's death, which was March 14, 2012. As stated in plaintiffs' Complaint, the parents were present during the March 12, 2012 events in the hospital that allegedly led to their son's death on March 14, 2012, and on March 12, 2012, were aware of injury to their son and the identities of the healthcare providers who have been sued in this case. *See* Complaint, paragraph 12. Therefore, clearly the one-year statute of limitations started to run by no later than the date of death, March 14, 2012, if not before. Therefore, as in *Vaughn*, the statute of limitations expired no later than one year from the patient's death, which in the instant case was March 14, 2013. Suit was filed in this case on May 8, 2013, fifty-five (55) days after the expiration of the statute of limitations.

## CONCLUSION

In the present case, the plaintiffs have clearly failed to comply with the mandatory requirement of providing a HIPAA compliant medical authorization with their pre-suit notice, as required by Tennessee Code Annotated 29-26-121(a)(2)(E), requiring dismissal of the Complaint for that reason. Furthermore, based on the allegations in the Complaint, the plaintiffs were aware of a claim in this matter by no later than the date of death of their son on March 14, 2012, and based on the plain language of T.C.A. 29-26-121(c), in

accordance with the holding in *Vaughn v. Mountain States Health Alliance, et al.*, 2013 Tenn. App. LEXIS 159 (2013), plaintiffs are not afforded the benefit of the 120 day extension of time since notice was not provided as prescribed in T.C.A. 29-26-121(a). Pursuant to T.C.A. 29-26-116, the one-year statute of limitations expired by no later than on March 14, 2013, and the plaintiffs' Complaint, filed on May 8, 2013, was filed too late. Therefore, for these reasons, defendants respectfully submit that plaintiffs' Complaint must be dismissed and request that the Court grant their motion to dismiss.

Respectfully submitted,

THE HARDISON LAW FIRM, P.C.

s/ David M. Cook
David M. Cook (TN #5362)
Albert G. McLean (TN #5150)
Attorneys for Defendants, Pediatric
Anesthesiologists, P.A. and Babu Rao Paidipalli, M.D.
119 S. Main Street, Suite 800
Memphis, TN 38103-3685
(901) 525-8776
dcook@hard-law.com
amclean@hard-law.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via the Court's electronic filing system upon:

Mark Ledbetter
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103

and

J. Kimbrough Johnson
Marcy Dodds Magee
Attorneys for Defendant, Mark P. Clemons, M.D.
Thomason, Hendrix, Harvey, Johnson & Mitchell, PLLC
2900 One Commerce Street
Memphis, TN 38103


this 12th day of June, 2013.

                                      s/Albert G. McLean
                                      ALBERT G. MCLEAN

# State of Tennessee
## Justice Information Tracking System
## Case History - Public

### Case Summary

**Style**: Doris Hinkle, Executrix of the Estate of Muriel Hinkle, Deceased and Doris Hinkle v. Kindred Hospital and Dr. Tuan Quoc Nguyen

**Case Number**: M2010-02499-SC-R11-CV     **Inter. Case No:** M2010-02499-COA-R3-CV

**Case Type**: Civil

**Original Filing Basis**: TRAP Rule 11 Application for Permission to Appeal

**Local Archive Date**:

**State Archive Date**:

**Destroyed Date**:

**Trial Court Information**

| Trial Court | Trial Court Judge | Trial Court No. | Offense(s) |
|---|---|---|---|
| Davidson County Circuit Court | Judge Thomas W Brothers | 10C2397 | |

### Party and Attorneys

**Party**: Doris I Willis Hinkle, Appellee/Plaintiff

**Attorneys**:
  Bede O. M. Anyanwu

**Party**: Kindred Hospital, Appellant/Defendant

**Attorneys**:
  Carrie C. McCutcheon
  Harry Peoples Ogden
  Kenny L. Saffles

**Party**: Tuan Q. Nguyen, MD, Appellant/Defendant

**Attorneys**:
  Daniel T. Swanson
  Heidi Anne Barcus
  Hillary Browning Jones



EXHIBIT A

**Filing History**

**Event Date:** 10/29/2012

NEW APPEAL - TRAP Rule 11 Application for Permission to Appeal :: Filed :: Date Filed: 10/29/2012 Filed By Appellee/Defendant(s): Kindred Hospital

Application filed on behalf of Kindred Hospital.

**Event Date:** 10/29/2012

Date Filed: 10/29/2012  Bond Activity: Appeal Bond Filed ::

**Event Date:** 10/29/2012

Date Filed: 10/29/2012  Bond Activity: Appeal Bond Filed ::

**Event Date:** 10/29/2012

Date Filed: 10/29/2012  Filing: TRAP Rule 11 - App for Permission to Appeal: Application Filed :: Filed By Appellant/Defendant(s): Tuan Q. Nguyen, MD

Application filed on behalf of Tuan Q. Nguyen, M.D.

**Event Date:** 10/30/2012

Notice Date: 10/30/2012  Notice: TRAP Rule 11 Application Filed Sent ::

The Appellate Court Clerk's Office filed an application for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure on 10-29-12. Pursuant to Rule 11(d) "any other party may file an answer in opposition, with copies in the number required for the application" within 15 days after filing of the application. Please use the new Supreme Court number on all future filings.

**Event Date:** 11/13/2012

Date Filed: 11/13/2012  Filing: Answer to TRAP Rule 11 Application Filed :: Filed By Appellee/Plaintiff(s): Doris I Willis Hinkle

**Event Date:** 1/8/2013

Notice Date: 01/08/2013  Notice: General Delay Notice - No Charge Sent ::

This appeal is still pending before the appellate court. This office will notify you as soon as an opinion is filed.

The applications for permission to appeal filed by Kindred Hospital and Dr. Tuan Quoc Nguyen are being held for the Court's decision in STEVENS V. HICKMAN COMMUNITY HEALTH CARE SERVICES, INC., No. M2012-00582-SC-S09-CV, PERM APP. Granted (Tenn. Oct. 17, 2012).