# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

VS.　　　　　　　　　　　　　　　　　　　　NO.: 2:13-cv-02289-JPM-dkv
　　　　　　　　　　　　　　　　　　　　　　　JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI ; and,
MARK P. CLEMONS,

    Defendants.

## JOINT SCHEDULING ORDER

Pursuant to written notice, counsel for the parties, P. Mark Ledbetter, counsel for Plaintiffs, David M. Cook and Albert G. McLean, counsel for Defendants, Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli, M.D., and J. Kimbrough Johnson and Marcy Dodds Magee, counsel for Defendant, Mark P. Clemons, M.D., conferred on Monday, June 24, 2013, and agreed upon the matters set forth herein.  The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**:  July 8, 2013;

**MOTIONS TO JOIN PARTIES:**  September 9, 2013;

**MOTIONS TO AMEND PLEADINGS:**  October 9, 2013;

**RULE 12 MOTIONS TO DISMISS:**  October 9, 2013;

**COMPLETING ALL FACT DISCOVERY:**  February 9, 2014;

    **(a)**    **REQUESTS FOR PRODUCTION & INTERROGATORIES**: January 9, 2014;

    **(b)**    **DISCOVERY DEPOSITIONS OF FACT WITNESSES:** February 9, 2014;

    **(c)**    **REQUESTS FOR ADMISSIONS:** February 9, 2014;

**EXPERT WITNESS DISCLOSURES: (Rule 26 (a)(2):**

    **(a)**    **DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION:** February 9, 2014;

    **(b)**    **DISCLOSURE OF DEFENDANT'S RULE 26(a)(2) EXPERT INFORMATION:** March 9, 2014;

    **(c)**    **EXPERT WITNESS DEPOSITIONS:** Plaintiff's experts – April 9, 2014; Defendants' experts – May 9, 2014;

    **(d)**    **SUPPLEMENTATION UNDER RULE 26(e)(2):** May 9, 2014;

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/*DAUBERT* MOTIONS:** June 9, 2014;

**FILING DISPOSITIVE MOTIONS:** June 9, 2014;

**EVIDENTIARY DEPOSITIONS:** 30 days before trial;

**OTHER RELEVANT MATTERS:**

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have reached an agreement regarding e-discovery and hereby submit the parties' e-discovery plan for the court's approval which is as follows: the parties intend to produce discovery in paper form and intend to request that discovery be produced in paper or searchable portable documents form (PDF). Transmission of copies of any document production may be by e-mail, CD/DVD disc or similar means.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions of fact witnesses, other than evidentiary depositions of treating health care practitioners, may be scheduled to occur after the discovery deadline. All requests for admissions, or other discovery filings that require a response must be filed sufficiently in advance of the discovery deadline to enable opposing counsel to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection, which is the subject of the motion, if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection shall be waived.

This case is to be set for a jury trial. Based on the pre-trial deadlines set forth above, the parties are in agreement that the case will be ready for trial by August 1, 2014 and request a trial date no earlier than August 1, 2014. The pretrial order date, pretrial conference date, and trial date will be set by the presiding judge. The parties anticipate the trial will last approximately 7 days.

The parties are ordered to engage in ADR between the close of discovery and the dispositive motion deadline. Pursuant to Local Rule 16.2(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

*This order has been entered after consultation with the parties.  Absent good cause shown, the deadlines set by this order will not be modified or extended.*

IT IS SO ORDERED.

    s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE


DATE:   June 24, 2013