IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                              No. 2:13-cv-02289 dkv
                                                      JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

**REPLY OF DEFENDANTS, PEDIATRIC ANESTHESIOLOGISTS, P.A., AND BABU RAO PAIDIPALLI, M.D. TO PLAINTIFFS' RESPONSE AND PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

COME now defendants, Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli, M.D., and reply to Plaintiffs' Response and Memorandum Of Law In Opposition To Defendants' Motion To Dismiss For Failure To State A Claim, as follows:

I.

Defendants respectfully submit that the cases cited in Plaintiffs' Memorandum Of Law, Section I, Numbers 3, 4, 5, 6, and 7, are no longer applicable standards to be applied to a Motion To Dismiss under *Fed. R. Civ. P.* 12(b)(6). The cases cited in Plaintiffs' Memorandum Of Law, Section I, Numbers 3 – 7, pre-date the U. S. Supreme Court case of *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 355 U.S. 41, 165 L.ED.2d 929 (2007) wherein the "no set of facts" language which was often quoted as a standard to be applied in ruling on a Rule 12(b)(6) motion, was

expressly abrogated. *Ibid.*, 355 U.S. 41, 47. The U. S. Supreme Court also stated in *Twombly* that the Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Further, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the Plaintiffs' Complaint and are central to her claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

II.

Plaintiffs' argue that although the medical authorization was incomplete, it was "incumbent upon Defendants to check what records they needed." Plaintiffs' Memorandum Brief, p. 6., lines 4 – 6. However, the letter (notice) from plaintiffs' counsel to defendants that accompanied the medical authorization, does not state that defendants were authorized to alter or complete the authorization. Nor does plaintiffs' letter imply that defendants or defendants' counsel were authorized to make any alterations to the document or to complete the document. Rather the letter simply states "An authorization is enclosed."

Further, it is clear that the authorization signed by plaintiffs does not authorize any person to fill in any blank that may be left in the authorization. Plaintiffs' argument that plaintiffs' counsel's letter should be considered a part of or supplement to the written authorization is not supported by the facts or the law either. Plaintiffs' counsel's letter was not signed by plaintiffs, who are the only persons who could sign a valid HIPAA authorization. 45 C.F.R. 164. 508(c)(vi).

Further, the medical authorization that was signed by plaintiffs was duly acknowledged and signed under seal by a notary public, and defendants submit that any alteration of such a document by defendants or defendants' counsel after delivery to defendants would be invalid

under Tennessee law. In *Mosby v. State of Arkansas,* 36 Tenn. 324 (1857), a bond was signed *under seal* by a J.R. Mosby, obligor, for the benefit of a buyer of a piece of land from the State of Arkansas, obligee, with the amount of the bond left blank because the amount of the land to be bought was not then known, and the proof showed that there was a verbal understanding between J.R. Mosby and the buyer that the blank for the amount of the bond was to be filled in later by the buyer when the amount was determined. Despite proof of this verbal understanding between Mosby and the buyer, the Tennessee Supreme Court held that such instrument was void because it had been signed under seal and had not been re-acknowledged or re-delivered by the obligor after the blank was filled in. Similarly, in the instant case, even if, contrary to the documents comprising the pre-suit notice attached to the Complaint, plaintiffs' counsel had authorized defendants or defendants' counsel to complete the medical authorization form after it had been signed, sealed, and delivered to defendants, any subsequent alteration or completion of the form by defendants or defendants' counsel would be invalid based on the rationale of *Mosby, supra.*

Further, HIPAA regulations specifically provide as follows:

> An authorization is not valid, if the document submitted has any of the following defects:... (ii) The authorization has not been filled out completely with respect to an element described by paragraph (c) of this section, if applicable;"

45 C.F.R. 164.508(b)(2)(ii).

It is also important to consider the serious and significant civil penalties that HIPAA imposes on "covered entities" (such as defendants) who violate HIPAA, which can amount to $50,000.00 per violation, or in excess of $1,500,000.00 for identical violations during a calendar year. See 45 C.F.R. 160.404. Also, it is a criminal offense under 42 U.S.C.1320 d-6 for *any person* to knowingly use or cause to be used, or to obtain in violation of HIPAA regulations,

identifiable health information relating to an individual, which is punishable by imprisonment of up to one year and a fine up to $50,000.00. *See* 42 U.S.C.1320 d-6.

Based on all the foregoing authorities, defendant submits that plaintiffs' argument that "it was incumbent upon defendants to check what records they needed" is without basis in fact and law.

With regard to plaintiffs' second argument that no HIPAA authorization was required by defendants to obtain plaintiffs' decedent's medical records, such argument is totally without basis under federal law. Plaintiffs cite 45 C.F.R. 164.506 and 45 C.F.R. 164.512, but neither of these sections authorize the defendants to obtain the plaintiffs' decedent's medical records from the other healthcare provider to whom the pre-suit notice was sent, Dr. Mark Clemons. Pediatric Anesthesiologists, P.A. and Dr. Paidipalli are not participants in an "organized healthcare arrangement" with Dr. Clemons. Certainly, there is nothing in the record that shows the three defendants, Dr. Paidipalli, Pediatric Anesthesiologists, P.A., and Dr. Clemons, to be participants in an organized healthcare arrangement with each other. Accordingly, at the time plaintiffs provided their pre-suit notice to the prospective defendants, Dr. Paidipalli and Pediatric Anesthesiologists, P.A., had no authority whatsoever to obtain the medical records of the deceased patient from Dr. Clemons without a valid HIPAA-compliant medical authorization. 45 C.F.R. 164.500; 164.506; 45 C.F.R. 164.508; 45 C.F.R. 164.510; 45 C.F.R. 164.512. Furthermore, contrary to the assertions by plaintiffs in their memorandum of law, defendants are not permitted under HIPAA regulations to use or disclose medical information under an oral agreement with a patient except for the uses stated in 45 C.F.R. § 164.510, none of which relate to "healthcare operations" or to investigation of claims or legal proceedings.

III.(a)   T.C.A. 29-26-121 is constitutional.

Plaintiffs argue in Section III (a) of their Response that T.C.A. 29-26-121 is unconstitutional under the Fourteenth Amendment to the U. S. Constitution and the Tennessee Constitution, Article XI, Section 8. Such argument flies in the face of Tennessee case law and federal case law to the contrary. In *Harrison v. Schrader*, 569 S.W.2d 822 (Tenn. 1978), the plaintiff asserted that the three year statute of repose in the Medical Malpractice Review Board and Claims Acts of 1975 was unconstitutional under Article I, Section 17 (open courts provision), as well as the equal protection guarantees of both the United States and Tennessee constitutions and Article XI, Section 8 of the Tennessee Constitution (no special class legislation). The Tennessee Supreme Court applied a "reasonable basis test", that is, if some reasonable basis can be found for the classification made by the statute, such statute is not unconstitutional simply because it results in some inequality. *Id.*, pp. 825-826. The Tennessee Supreme Court rejected the plaintiff's arguments and held the Medical Malpractice Review Board and Claims Act to be constitutional.

In *Baker v. Vanderbilt University*, 616 F. Sup. 330, 332 (U. S. District, Middle District of Tennessee 1985), the U. S. District Court, Middle District of Tennessee, *denied* the plaintiff's motion for an order declaring the provisions of T.C.A. 29-26-119, which abrogated the "collateral source rule" in medical malpractice cases, to be unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

In *Sutphin v. Platt*, 720 S.W.2d 455, 458 (Tenn. 1986), the Tennessee Supreme Court *rejected* the plaintiff's argument that the contiguous state requirement for expert witnesses, T.C.A. 29-26-115(b), was unconstitutional under the equal protection and due process clauses of the federal constitution.

In *Burris v. Ikard*, 798 S.W.2d 246 (Tenn. App. 1990), the Tennessee Court of Appeals held T.C.A. 29-26-116, the one year statute of limitations in medical malpractice cases, to be constitutional, applying the "rational basis" or "reasonable basis" test.

In *Newton v. Cox*, 878 S.W.2d 105, 109 -111 (Tenn. 1994), the Tennessee Supreme Court held that T.C.A. 29-26-120, which limited the amount that could be charged under a contingency fee contract for handling a medical malpractice claim to 33-1/3%, is constitutional.

In *Jackson v. HCA Health Services of Tennessee*, 383 S.W.3d 497 (Tenn. App. 2012), *perm. app. denied*, 2012 Tenn. LEXIS 585, the plaintiff asserted that T.C.A. 29-26-122, the companion statute to T.C.A. 29-26-121, was unconstitutional under the Tennessee Constitution, Article I, Section 17 (open courts provision), the equal protection clauses of the Tennessee and U. S. Constitutions, the substantive and procedural due process guarantees under Article I, Section 8 of the Tennessee Constitution and the U. S. Constitution, and the separation of powers doctrine. The Court of Appeals rejected all of plaintiff's arguments and held that T.C.A. 29-26-122 is constitutional. *Jackson*, 383 S.W.3d, 502 – 507.

Most recently, in *Webb v. Roberson*, 2013 Tenn. App. LEXIS 261, *perm. app. pending*, the Tennessee Court of Appeals upheld the constitutionality of the statute in question, T.C.A. 29-26-121, and *rejected* plaintiffs' arguments that it (1) violated the separation of powers doctrine, (2) was preempted by HIPAA, and (3) violated the Equal Protection and Due Process provisions of the Tennessee and United States Constitutions.

### III.(b)

Plaintiffs argue in Section III(b) of their Response that T.C.A. 29-26-121 is an unconstitutional infringement upon the rule making authority of the Court, including Tennessee Rules of Civil Procedure 3. T.C.A. 29-26-121 does *not* conflict with Tennessee Rule of Civil

Procedure 3 and therefore does not run afoul of the Tennessee Constitution, Article II, Sections 1 and 2, and the separation of powers doctrine. Rule 3 of the Tennessee Rules of Civil Procedure states as follows:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether the process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of the statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. Proc. 3.

In two recent cases, *Webb v. Roberson*, *supra*, and *Williams v. SMZ Specialists, P.C.*, 2013 Tenn. App. LEXIS 267, *perm. app. pending*, the Tennessee Court of Appeals *rejected* the plaintiffs' arguments that T.C.A. 29-26-121 violated the separation of powers clauses of the Tennessee Constitution, and in both cases held that T.C.A. 29-26-121 is constitutional.

Also, in *Jackson v. HCA Health Services of Tennessee, Inc., supra,*, the Tennessee Court of Appeals *rejected* the plaintiff's argument that T.C.A. 29-26-122, which requires a plaintiff to conduct a due diligence investigation prior to filing a complaint for medical negligence and to provide a certificate of good faith upon filing of the complaint, is in conflict with Tennessee Rule of Civil Procedure 3, and the Court of Appeals held that T.C.A. 29-26-122 is constitutional. *Jackson*, 383 S.W.3d, 505 – 507. The Tennessee Supreme Court denied the plaintiff's application for permission to appeal, at 2012 Tenn. LEXIS 585.

Plaintiff cites two cases from other states, Washington and Arkansas, in which the constitutions of those states were found to be violated by the requirement of a pre-suit notice, based on the separation of powers doctrines in those states. Those cases are distinguishable from

the instant cast, as they involve different statutory language and different state court law precedent on the separation of powers doctrine.

IV.

Contrary to plaintiffs' assertions in Section IV of plaintiffs' Response, T.C.A. 29-26-121 does not conflict with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and therefore is not pre-empted under the Supremacy clause of the U. S. Constitution. T.C.A. 29-26-121 is *not* contrary to HIPAA regulations. T.C.A. 29-26-121 requires a "HIPAA compliant medical authorization" to be provided by a prospective plaintiff before filing suit. Thus, HIPAA requirements are incorporated into T.C.A. 29-26-121 and there is absolutely no requirement or provision in T.C.A. 29-26-121 which is contrary to HIPAA regulations or which allow a prospective defendant to obtain a prospective plaintiff's medical records other than as permitted by HIPAA.

The flaw in plaintiff's argument is that a prospective plaintiff under T.C.A. 29-26-121, is not forced to allow disclosure of the plaintiff's medical records. The plaintiff *consents* to the disclosure when the plaintiff chooses to proceed with a medical malpractice claim and provides the pre-suit notice and a signed HIPAA compliant authorization.

Plaintiffs cite *Alsip v. Johnson City Medical Center, et al.*, 205 Tenn. App. LEXIS 385 (2005), which held that the filing of a lawsuit does not constitute a waiver by the plaintiff of the covenant of confidentiality. *Alsip* is not on point. The issue is not whether the plaintiffs waived the "covenant of confidentiality" by filing suit. The issue is whether the Tennessee statute, T.C.A. 29-26-121, conflicts with HIPAA. It does not. Regarding the issue of preemption, applicable HIPAA regulations state as follows:

> A standard, requirement, or implementation specification adopted under this subchapter that is *contrary to a provision of state law* preempts the provision of state law.

8

45 CFR Section 160.203. (Emphasis supplied.)

*Contrary*, when used to compare a provision of state law to a standard, requirement, or implementation specification adopted under this subchapter, means:

(1) A covered entity would find it impossible to comply with both the state and federal requirements or,

(2) The provision of state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of part C of title XI of the Act or section 264 of Pub. L. 104-91, as applicable [HIPAA statutes].

45 CFR Section 160.203.

(a) Standard: *Uses and disclosures required by law. A covered entity may* use or *disclose protected health information to the extent that such* use or *disclosure is required by law and the* use or *disclosure complies with and is limited to the relevant requirements of such law.*

Section 164.512(a)(1). (Emphasis supplied.)

T.C.A. 29-26-121 and HIPAA regulations are compatible and consistent with each other. A covered entity would have no difficulty in complying with both T.C.A. 29-26-121 and HIPAA regulations, and T.C.A. 29-26-121 does not stand as an obstacle to the purposes and objectives of HIPAA statutes and regulations, since T.C.A. 29-26-121 promotes the purposes and objectives of HIPAA by requiring a "HIPAA compliant medical authorization" as one of the pre-suit notice requirements.

## V. CONCLUSION

Based on the all of the foregoing points and authorities, defendants respectfully submit that (1) plaintiffs have failed to comply with T.C.A. 29-26-121; (2) plaintiffs have not shown facts sufficient to establish "extraordinary cause" that would excuse such noncompliance; (3) plaintiffs' failure to comply with T.C.A. 29-26-121 results in plaintiffs not being afforded the

120 day extension of the statute of limitations and therefore, plaintiffs' claim is barred by the applicable one-year statute of limitations, T.C.A. 29-26-116; and (4) the requirements of T.C.A. 29-26-121 are constitutional. Accordingly, plaintiffs' Complaint in this cause must be dismissed.

>
> Respectfully submitted,
>
> THE HARDISON LAW FIRM, P.C.
>
> By:  s/ David M. Cook
> DAVID M. COOK (5362)
> ALBERT G. MCLEAN (5150)
> Attorney for Defendants,
> Pediatric Anesthesiologists, P.A. and
> Babu Rao Paidipalli, M.D.
> 119 S. Main Street, Suite 800
> Memphis, Tennessee 38103
> (901) 525-8776
> dcook@hard-law.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via the Court's electronic filing system and/or by U. S. mail, postage prepaid, upon:

| | |
|---|---|
| Mark Ledbetter, Esq.<br>Halliburton & Ledbetter<br>Attorney for Plaintiffs<br>254 Court Avenue<br>Suite 305<br>Memphis, TN 38103 | J. Kimbrough Johnson, Esq.<br>Marcy Dodds Magee, Esq.<br>Attorneys for Defendant, Mark P. Clemons, M.D.<br>Thomason, Hendrix, Harvey, Johnson & Mitchell, PLLC<br>2900 One Commerce Street<br>Memphis, TN 38103 |

Robert E. Cooper, Jr., Esq.
Attorney General for the State of Tennessee
425 5th Avenue North
Nashville, TN 37243

this 2nd day of August, 2013.

>
> s/David M. Cook
> DAVID M. COOK