

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Tennessee

| | |
|---|---|
| DANIEL LOVELACE AND HELEN LOVELACE ) | |
| *Plaintiff* ) | |
| v.  ) | Civil Action No. 2:13-cv-02289 dvk |
| PEDIATRIC ANESTHESIOLOGISTS, P.A., DR. ) | |
| BABU RAO PAIDIPALLI & DR. MARK P. CLEMONS ) | (If the action is pending in another district, state where: |
| *Defendant* ) | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Methodist Healthcare-Memphis Hospitals d/b/a Methodist LeBonheur Children's Hospital c/o Craig Conley, Attorney for Methodist-LeBonheur, 165 Madison Ave., 20th Floor, Memphis, TN 38103

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: all documents and things described in the attached Exhibit "A".

| Place: In lieu of appearance, please mail copies of documents and things to David M. Cook & Albert G. McLean, Attorneys, 119 S. Main, Suit 800, Memphis, TN 38103 | Date and Time: 08/28/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8-8-13

CLERK OF COURT                                       OR        *Albert G. McLean*
_____                                    _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli, M.D.  , who issues or requests this subpoena, are:
David M. Cook and Albert G. McLean, Attorneys, 119 S. Main St., Suite 800, Memphis, TN 38103;
dcook@hard-law.com and amclean@hard-law.com; (901) 525-8776

**EXHIBIT 1**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:13-cv-02289 dvk

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Methodist Lebonheur

was received by me on *(date)* 8-8-13 .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* 8-15-13 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit "A" to Subpoena *Duces Tecum*

(1) All print-outs and all other documents containing any data, vital signs, values, readings, and other information recorded by any monitoring equipment utilized in the care of Brett Lovelace in the Post Anesthesia Care Unit (PACU) at LeBonheur Children's Medical Center, 50 North Dunlap, Memphis, Tennessee 38107, on March 12, 2012;

(2) Any and all medical records, including x-rays and billing records pertaining to Brett S. Lovelace, DOB: 8-21-1999; SS#: 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;

(3) Any and all logs, including print-outs of any computer log, and any paper log, for the Post Anesthesia Care Unit (PACU) at LeBonheur Children's Hospital, for March 12, 2012;

(4) Any and all documents which comprise or are contained in the personnel file of Kelly Kish, former employee; and

(5) Any and all documents evidencing any settlement agreement entered into between Daniel and Helen Lovelace and Methodist Healthcare – Memphis Hospitals and/or Methodist LeBonheur Children's Hospital pertaining to any claim of Daniel and Helen Lovelace, individually, and/or as parents of Brett Lovelace, deceased, and any and all documents evidencing any release of claims against any person, by Daniel and Helen Lovelace, individually, and/or as parents of Brett Lovelace, deceased.

Attached hereto is a copy of the requesting attorney's HIPAA-compliant letter to Daniel and Helen Lovelace, parents and representative of Brett Lovelace, deceased, c/o of their attorney, dated June 28, 2013, to which no objection has been made.



EXHIBIT

EXHIBIT A

# THE HARDISON LAW FIRM, P.C.
LEE A. HARDISON, Jr. (1915-1983)

**ALBERT G. MCLEAN**

Tennessee Supreme Court Rule 31 Listed Mediator

119 South Main Street, Suite 800
Memphis, Tennessee 38103-3685
Telephone (901) 525-8776
Telecopier (901) 525-8790
www.thehardisonlawfirm.com
amclean@hard-law.com

June 28, 2013
VIA U.S. MAIL AND
FACSIMILE TRANSMISSION

Mr. Daniel Lovelace and Mrs. Helen Lovelace
Parents of Brett Lovelace, Deceased
c/o P. Mark Ledbetter, Esq.
Halliburton & Ledbetter
254 Court Avenue
Suite 305
Memphis, TN 38103

Re: **Lovelace v. Paidipalli, *et alia***
U. S. District Court #2:13-cv-02289-JPM-dkv
HLF File No.: 212-18673

Dear Mr. and Mrs. Lovelace:

    This letter is being sent in conformity with 45 C.F.R. 164.500 *et. seq.* including, but not limited to, 45 C.F.R. 164.512. Our firm is representing the defendants, Pediatric Anesthesiologists, P.A., and Babu Rao Paidipalli, M.D., in the above-captioned matter. We will be requesting from Methodist Healthcare – Memphis Hospitals d/b/a Le Bonheur Children's Medical Center the following documents: "(1) the entire records pertaining to the healthcare of Brett S. Lovelace, including, but not limited to, all medical records, psychiatric reports, psychiatric and/or psychological evaluations, histories, notes, consents, charts, photographs, reports, lists, summaries, lab results, autopsy records, correspondence, billing records, any other itemization of medical expenses, receipts, reports, any and all diagnostic/radiographic films and reports of same; (2) all print-outs and all other documents containing any data, vital signs, values, readings, and other information recorded by any monitoring equipment utilized in the care of Brett Lovelace in the Post Anesthesia Care Unit (PACU) at Le Bonheur Children's Medical Center, 50 North Dunlap, Memphis, Tennessee 38103 on March 12, 2012 and (3) any and all logs, including print-outs of any computer log, and any paper log, for the Post Anesthesia Care Unit (PACU) at Le Bonheur Children's Medical Center for March 12, 2012."

    We will be requesting the aforesaid documents pertaining to the care of Brett Lovelace by issuing a subpoena or subpoenas *duces tecum* to Methodist Healthcare – Memphis Hospitals d/b/a Le Bonheur Children's Medical Center and requesting that it permit copying of, or that it provide copies, of such documents to the undersigned, with an affidavit of a custodian of such documents to authenticate such documents. Further, upon receipt of said documents, we will

Page 2
June 28, 2013

provide a copy of said documents to you through your attorneys, and to other counsel in this matter if they should want copies, at no cost except for cost of duplication /copying. We further agree that the aforesaid documents/protected health information will not be utilized for any purpose other than issues related to the above-referenced litigation for which this information is requested. Further, after a reasonable time after the conclusion of this litigation, our copies of said documents will be destroyed.

     If you object to release of the above-referenced documents/protected health information, or the method of obtaining said documents/protected health information, I must ask you, by and through your counsel, to file an objection with the Court in which this action is pending, with a copy to David M. Cook and me, stating any objection you may have. If you (through your attorney) have not responded to David M. Cook and me, or filed an objection with the Court within ten (10) days from the date of this letter, I will assume that you have no objections to our filing and serving such subpoena(s) for the above-referenced documents and requesting copies of such documents with an affidavit of the custodian thereof, and will proceed accordingly. If you have any questions regarding this notice, please contact your attorney, P. Mark Ledbetter.

                 Yours very truly,

                 THE HARDISON LAW FIRM, P.C.

                 ALBERT G. MCLEAN

AGM:sh

cc:   Babu Rao Paidipalli, M.D.
       Pediatric Anesthesiologists, P.A. (c/o Beverly Smith)