UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL LOVELACE and HELEN LOVELACE, individually, and as parents of BRETT LOVELACE, deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:13-cv-02289-JPM-dkv |
| PEDIATRIC ANESTHESIOLOGISTS, P.A., BABU RAO PAIDIPALLI, and MARK P. CLEMONS, | ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| STATE OF TENNESSEE, | ) ) | |
| Defendant-Intervenor. | ) ) | |

**ORDER GRANTING THE STATE OF TENNESSEE'S
MOTION TO INTERVENE AS A MATTER OF RIGHT**

Before the Court is the State of Tennessee's Unopposed Motion to Intervene as a Matter of Right (ECF No. 36), filed August 28, 2013.

On June 12, 2013, Defendants Pediatric Anesthesiologists, P.A., and Babu Rao Paidipali, M.D., filed a Motion to Dismiss for failure to state a claim. (ECF No. 12.) On July 19, 2013, Plaintiffs filed a Response to Defendants' Motion asserting, "Defendants rely upon an unconstitutional statute, viz.,

[Tennessee Code Annotated] [section] 29-26-121, which should be stricken as void." (Pls.' Resp. to Defs.' Mot. to Dismiss ¶ 4, ECF No. 29.) Plaintiffs also argue, "the Tennessee Medical Malpractice Act - in its various parts, and in toto, is unconstitutional." (Pls.' Mem. Br. in Opp'n at 8, ECF No. 30.)

On July 22, 2013, Plaintiffs served notice to the Tennessee Attorney General and Reporter of Plaintiffs' challenge of Tennessee Code Annotated section 29-26-121 and "the Tennessee Health Care Liability Act (formerly known as the 'Medical Malpractice Act'), Tenn. Code Ann. §§ 29-26-101 through 29-26-122." (State of Tenn.'s Mot. to Intervene at 2, ECF No. 36.) On August 28, 2013, the State of Tennessee filed the instant motion. (Id.)

Under Federal Rule of Civil Procedure 24(a)(1), "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." In any action, suit, or proceeding "to which a State . . . is not a party," "wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court . . . shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." 28 U.S.C. § 2403(b). Where the constitutionality of a state statute is in question, Federal

2

Rule of Civil Procedure 5.1(c) provides that "the attorney general may intervene within 60 days after the notice is filed" with the state attorney general.

Plaintiffs challenged the constitutionality of Tennessee statutes and gave timely notice to the Tennessee Attorney General and Reporter, and the State of Tennessee has filed a timely Motion to Intervene.  The Court finds intervention is proper pursuant to Rules 5.1(c) and 24(a)(1).  Accordingly, the State of Tennessee's Motion to Intervene is hereby GRANTED.

**IT IS SO ORDERED** this 29th day of August, 2013.

                                      s/ Jon P. McCalla
                                      UNITED STATES DISTRICT JUDGE