IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

VS.

NO.:  2:13-cv-02289 dkv
JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and,
MARK P. CLEMONS,

    Defendants.

RESPONSE OF DEFENDANTS, PEDIATRIC ANESTHESIOLOGISTS, P.A.,
AND BABU RAO PAIDIPALLI, M.D., TO METHODIST HEALTHCARE – MEMPHIS
HOSPITALS' MOTION TO QUASH DEFENDANTS' SUPBOENA AND
MOTION FOR PROTECTIVE ORDER, AND TO PLAINTIFFS' JOINDER IN
METHODIST HEALTHCARE – MEMPHIS HOSPITALS' MOTION

    COME NOW defendants, Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli, M.D., by and through their counsel of record and submit the following Response to Methodist Healthcare – Memphis Hospitals' Motion To Quash Defendants' Subpoena And Motion For Protective Order, And Plaintiffs' Joinder In Methodist Healthcare – Memphis Hospitals' Motion, and state as follows:

    1.    Methodist Healthcare – Memphis Hospitals' Motion (ECF 33) is not properly grounded in law or fact;

    2.    The documents requested in defendants' subpoena *duces tecum* served on Methodist Healthcare – Memphis Hospitals, a copy of which is attached hereto as Exhibit A, are

relevant to the defenses asserted by defendants in their Answer (ECF 13) filed in this cause and are reasonably calculated to lead to the discovery of admissible evidence in this cause, in accordance with *Fed. R. Civ. P.* 26(b)(1);

3. Contrary to Methodist Healthcare – Memphis Hospitals' Memorandum of Law (ECF 33-1), the information in the documents requested in item number 1 of defendants' subpoena *duces tecum,* is known to be inconsistent with and, in some instances, contrary to the medical records of Methodist Healthcare – Memphis Hospitals (hereinafter "Methodist") for the patient in question, as evidenced by the "Agreed Order" entered by the Tennessee Board of Nursing revoking the license of Kelly Kish (the nurse employed by Methodist who provided care to the patient in question in the PACU), which is a public record filed with the Tennessee Secretary of State, a copy of which is attached hereto as Exhibit B;

4. Methodist does not object to producing the documents and things identified in item number 2 of defendants' subpoena *duces tecum* and therefore should be required to produce all such documents and things forthwith;

5. The documents requested in item number 3 of defendants' subpoena *duces tecum* consist of "any and all logs" for the Post Anesthesia Care Unit at Le Bonheur Children's Hospital for March 12, 2012, which is not a "vague, overly broad or unduly burdensome" request; it is believed that such logs show the identities of all persons who were present in the Post Anesthesia Care Unit on March 12, 2012, the date of the incident in question; furthermore, Methodist's objection based on "attorney – client privilege" and/or "work product doctrine" is without any known basis in fact or law, and Methodist has failed to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing

information itself privileged or protected, will enable the parties to assess the claim", as required by *Fed. R. Civ. P.* 45(d)(2)(A);

6.  The documents requested in item number 4 of defendants' subpoena *duces tecum*, which consist of all documents that comprise the personnel file of Kelly Kish, Methodist's nurse who cared for the patient in question, have not been shown by Methodist to be privileged as required by *Fed. R. Civ. P.* 45(d)(2)(A); furthermore, the Tennessee Patient Safety and Quality Improvement Act, does not on its face apply to a personnel file, *per se*, as the statute in question, T.C.A. 68-11-272, only applies to documents generated by or in connection with activities of a "quality improvement committee", which does not on its face necessarily encompass a personnel file in its entirety;

7.  The documents requested in item number 5 of defendants' subpoena *duces tecum* are the executed settlement agreement and release of claims between plaintiffs and Methodist pertaining to the incident in question, and are discoverable despite any "confidentiality" provisions that may be included therein; defendants have alleged fault by Kelly Kish and Methodist based on the facts stated in the "Agreed Order" entered by the Tennessee Board of Nursing revoking the license of Methodist Healthcare – Memphis Hospitals' nurse, Kelly Kish, and the settlement agreement and release of claims are relevant, and furthermore, are reasonably calculated to lead to the discovery of admissible evidence, with regard to the economic damages recoverable by plaintiffs as limited by T.C.A. 29-26-119, and as to who are included in the release(s) of claims;

8.  To the extent that any documents which are requested in defendants' subpoena *duces tecum* are deemed privileged, confidential, or otherwise subject to a protective order, and to the extent Methodist is found to have sufficiently asserted a claim of privilege or protection

under *Fed. R. Civ. P.* 45(d)(2)(A), the Court should review such documents *in camera* to determine whether or not any such documents are in fact privileged, confidential, or otherwise subject to non-disclosure under applicable law, and/or whether any of the documents requested in defendants' subpoena *duces tecum* should be otherwise protected by the Court by modifying the subpoena or by ordering redaction thereof and/or restriction as to dissemination of such documents beyond the parties and their counsel in this cause; and

9. Defendants rely upon Defendants' Memorandum Of Law In Support Of Defendants' Response To Methodist Healthcare – Memphis Hospitals' Motion To Quash Defendants' Subpoena And Motion For Protective Order, which is filed together with this Response.

WHEREFORE, premises considered, defendants pray that this Court deny Methodist Healthcare – Memphis Hospitals' Motion To Quash And Motion For Protective Order, and Plaintiffs' Joinder of such motion, or in the alternative, that the Court modify the defendants' subpoena, or fashion a protective order to the extent the Court deems a protective order should be entered with regard to any documents found by the Court to be privileged, confidential, or otherwise subject to the protection of the Court.

Respectfully submitted,

THE HARDISON LAW FIRM, P.C.

By: s/David M. Cook
DAVID M. COOK (5362)
ALBERT G. MCLEAN (5150)
Attorney for Defendants,
Pediatric Anesthesiologists, P.A. and
Babu Rao Paidipalli, M.D.
119 S. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 525-8776
dcook@hard-law.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via the Court's electronic filing system upon:

| | |
|---|---|
| Mark Ledbetter, Esq.<br>Halliburton & Ledbetter<br>Attorney for Plaintiffs<br>254 Court Avenue<br>Suite 305<br>Memphis, TN 38103 | J. Kimbrough Johnson, Esq.<br>Marcy Dodds Magee, Esq.<br>Attorneys for Defendant, Mark P.<br>Clemons, M.D.<br>Thomason, Hendrix, Harvey, Johnson &<br>Mitchell, PLLC<br>2900 One Commerce Street<br>Memphis, TN 38103 |
| Craig C. Conley, Esq.<br>Ormonde B. DeAllaume, Esq.<br>Baker, Donelson, Bearman, Caldwell<br>& Berkowitz, P.C.<br>165 Madison Avenue, Suite 2000<br>Memphis, TN 38103 | Mary M. Bers, Esq.<br>Stephanie A. Bergmeyer, Esq<br>Office of the Attorney General and Reporter<br>For the State of Tennessee<br>P.O. Box 20207<br>Nashville, TN 37202-0207 |

this 30th day of August, 2013.

s/David M. Cook
DAVID M. COOK