**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE
WESTERN DIVISION**

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                         No. 2:13-cv-02289-JPM-dkv
                                                                 JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants**,**

And

STATE OF TENNESSEE,

    Defendant-Intervenor.

**PROTECTIVE ORDER TO GOVERN METHODIST HEALTHCARE –
MEMPHIS HOSPITAL'S PRODUCTION OF DOCUMENTS IN ACCORDANCE
WITH THE COURT'S ORDER ENTERED ON OCTOBER 21, 2013**

        As directed by the Court in the Court's "Order Granting In Part And Denying In Part Methodist Healthcare – Memphis Hospitals' Motion To Quash Defendants' Subpoena And Motion For Protective Order, And Plaintiffs' Joinder In Such Motion", entered October 21, 2013, the parties to this action and Methodist Healthcare – Memphis Hospitals (hereinafter "Methodist") by and through their undersigned counsel, have conferred and agreed to the following terms and conditions which govern the production

of the documents ordered to be produced by the Court's Order entered October 21, 2013, as follows:

1. Except with prior written consent of counsel of all parties and Methodist, all documents ordered to be produced shall be disclosed only as follows:

(a) to the parties and counsel of record for the respective parties including their office and clerical staff who are working on this litigation under the supervision of counsel of record;

(b) expert witnesses or consultants engaged by a party to assist in the prosecution or defense of the action;

(c) the Court, the Court's staff, witnesses, and the jury;

(d) the Mediator(s) who mediate this litigation, and

(e) Commercial copy service companies.

2. With regard to Methodist's production of the documents referred to as "Item No. 3" in the Court's October 21, 2013 order ("work schedules, logs, sign-in and sign-out sheets, or other similar documents, whether maintained in hard copy or on a computer that indicate the persons present in the PACU on March 12, 2012, during the time Brett was present"), the names of all patients other than Brett Lovelace shall be redacted from such documents so that the identities of such other patients are protected.

3. All parties and persons to whom any of Methodist's documents are disclosed are authorized only to review such documents in connection with this action and are precluded from disclosing the documents or information contained therein to any person other than the persons described in paragraph 1 above, and from using the

documents and said information for any personal or business purposes. No person receiving or reviewing such documents shall disclose them or their contents to any person other than those authorized by this Order and for the purposes specified in this Order.

4. At the conclusion of this litigation, the documents produced by Methodist shall be returned to Methodist's counsel or destroyed with confirmation of destruction being provided to Methodist's counsel.

5. The provisions of this Order shall survive and remain in full force and effect after the conclusion of this litigation. The Court retains jurisdiction to construe and enforce the provisions of this Order.

IT IS SO ORDERED.

    s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

DATE   November 4, 2013