IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DANIEL LOVELACE AND HELEN LOVELACE<br><br>Plaintiffs,<br><br>vs.<br><br>PEDIATRIC ANESTHESIOLOGISTS, P.A.;<br>DR. BABU RAO PAIDIPALLI &<br>DR. MARK P. CLEMONS<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:13-CV-02289 dkv<br>)<br>)<br>)<br>) |

### METHODIST HEALTHCARE – MEMPHIS HOSPITALS' OBJECTIONS TO MAGISTRATE'S ORDER REGARDING MOTION TO QUASH DEFENDANTS' SUBPOENA AND MOTION FOR PROTECTIVE ORDER

COMES NOW non-party Witness Methodist Healthcare – Memphis Hospitals ("Methodist" or "Witness"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 72(a) files its Objections to the Magistrate's Order Regarding Motion to Quash or Modify the Defendants' Subpoena and Motion for Protective Order. In further support of its Motion, Methodist states as follows:

### BACKGROUND

Methodist filed its Motion to Quash Defendants Pediatric Anesthesiologists, P.A. and Dr. Babu Rao Paidipall's ("Defendants") Subpoena on August 21, 2013, requesting relief from the Court in the form of a protective order preventing Defendants' Subpoena. (D.E. 33). Defendants' Subpoena sought, among other things, the Settlement Agreement entered into between Daniel and Helen Lovelace ("Plaintiffs") and Methodist pertaining to their claims and any documents evidencing the release of claims against any person by Plaintiffs. (D.E. 33-2).

1

On October 21, 2013, the Magistrate entered an Order Granting in Part and Denying in Part Methodist's Motion to Quash, wherein it ordered Methodist to produce the Settlement Agreement. (D.E. 43). Methodist respectfully requests the Court to reconsider the Magistrate's Order as to the Settlement Agreement pursuant to F.R.C.P. 72(a). Methodist submits that the Magistrate did not apply, and Defendants have not met, the heightened relevancy standard for discovery of confidential settlement agreements.

## LAW AND ARGUMENT

Methodist acknowledges the broad scope of discovery pursuant to F.R.C.P. 26 and recognizes that any matter which is relevant in the sense that it may reasonably lead to the discovery of admissible evidence can be discovered, provided that it is not privileged.[1] However, the Court has the authority and broad discretionary power to deny discovery "to protect a party or [non-party] from harassment or oppression that may result even from a facially appropriate discovery request. *Herbert v. Lando*, 441 U.S. 153, 99 S. Ct. 1635 (1979). Furthermore, the Court has discretion to limit or preclude discovery that may meet the general standard of relevance pursuant to F.R.C.P. 26(b)(1) if the discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the burden of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. F.R.C.P. 26(b)(2).

---

[1] Although irrelevance or overbreadth of requests are not specifically listed under Federal Rule of Civil Procedure 45 as a basis for quashing a subpoena, courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics,* 275 F.R.D. 251, 253 (S.D. Ohio 2011).

Methodist submits that while case law cited by Defendants indicates that courts within the Sixth Circuit have compelled disclosure of settlement agreements, there is support for application of a heightened relevancy standard for discovery of confidential settlement agreements, and this standard has not been met by the Defendants. *See Wagner v. Circle W. Mastiffs*, No. 2:08-cv-431, No. 2:09-cv-0172, 2013 U.S. Dist. Lexis 68349, *17 (S.D. Ohio May 14, 2013) (internal citations omitted). In *Wagner*, the Court recognized that some courts have required a party seeking discovery of confidential settlement agreements "to make a particularized showing that the documents relating to settlement agreements are relevant and likely to lead to the discovery of admissible evidence." *Id.* (quoting *Flat Glass Anti-trust Litigation*, 2013 U.S. Dist. Lexis 56086 (W.D. Penn. April 19, 2013). The Court's determination in *Wagner* was based solely on whether the settlement agreement sought was relevant to the remaining issues in litigation involving the remaining co-defendants. *Wagner, 2013 U.S. Dist. 68349* at *14.

Methodist respectfully requests that this Court recognize and apply the heightened standard recognized by *Wagner*. While on its face, Defendants' position regarding the relevance of the Settlement Agreement appears reasonable, the information Defendants claim they are entitled to is not contained in the Settlement Agreement and/or is available from other sources.

In this case, Defendants contend that the amount of the settlement between Plaintiffs and Methodist is relevant to the issue of damages in this case. (D.E. 38, 39). First, Defendants argue that if Methodist wrote off the medical bills related to Brett Lovelace's hospitalization, they are entitled to establish that such costs are not recoverable pursuant to Tenn. Code. Ann. § 29-26-119. This information is not contained in the Settlement Agreement. Rather, whether or not charges were written off would be reflected in the patient's billing records.

M OBD 2443298 v1
2910081-000466 11/04/2013

Second, Defendants argue that the Settlement Amount "might be" considered by a jury to be payment of the decedent's loss of earnings or loss of earning capacity. The Settlement Agreement contains no designation or categorization of amounts paid in settlement of Plaintiffs' potential claims against Methodist. Furthermore, Methodist has never been a party to this or any other lawsuit by Plaintiffs. The claims brought in this action are separate and distinct from any claims Plaintiffs may have had against Methodist, regardless of the fact that the claims are based on the same events. Therefore, Defendants have not and cannot establish the potential for double recovery by Plaintiffs. As the *Wagner* Court noted, the party seeking the discovery must address the issue of set-off with specificity, setting forth facts that would allow the Court to make a determination based on more than speculation. *Wagner*, 2013 U.S. Dist. Lexis 68349 at *23-24. Because the Settlement Agreement contains no categorization of damages, there is no basis beyond speculation for the information sought by Defendants.

## CONCLUSION

Based on the foregoing, Non-Party Witness Methodist Healthcare - Memphis Hospitals respectfully requests the Court to reconsider the Magistrate's Order (D.E. 43) regarding Witness's Motion to Quash.

Respectfully submitted,

s/ Craig C. Conley
Craig C. Conley (# 19341)
Ormonde B. DeAllaume (# 26266)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-2303
cconley@bakerdonelson.com
odeallaume@bakerdonelson.com

4

5

*Attorneys for Non-Party Witness*
*Methodist Healthcare – Memphis Hospitals*

### CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of November, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ Craig C. Conley
Craig C. Conley