IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE
WESTERN DIVISION

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.	No. 2:13-cv-02289-JPM-dkv
    JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants,

And

STATE OF TENNESSEE,

    Defendant-Intervenor.

MOTION OF DEFENDANTS, PEDIATRIC ANESTHESIOLOGISTS, P.A.,
AND BABU RAO PAIDIPALLI, FOR QUALIFIED PROTECTIVE ORDER

Come now the Defendants, Pediatric Anesthesiologists, P.A., and Babu Rao Paidipalli, by and through the undersigned counsel of record, and pursuant to Tenn. Code Ann. § 29-26-121(f), move this Court for the entry of the qualified protective order attached hereto as Exhibit "A." This order allows the defendants, and their attorneys to obtain protected health information regarding the patient, Brett Lovelace, including information otherwise protected from disclosure by the Health Insurance Portability and

Accountability Act of 1996 or "HIPAA" and all other applicable state and federal statutes, rules and regulations, during interviews conducted outside the presence of the plaintiffs and plaintiffs' counsel with the following healthcare providers who treated the patient, Brett Lovelace:

1. Kelly Kish, R.N., Methodist nurse responsible for monitoring the patient in the PACU;
2. Wayne Sutter, EMT, Methodist EMT who observed the patient in the PACU prior to the "Code" event;
3. Elesia Turner, Risk Manager, Methodist Le Bonheur Children's Hospital, believed to have knowledge concerning the monitor printout downloaded from the PACU monitoring equipment;
4. Mark Bugnitz, M.D., patient's treating pediatrician during the admission in question;
5. Elizabeth Hinson, R.N., Methodist nurse believed to have provided care to the patient prior to and during the admission in question;
6. Margaret Yoste, R.N., Methodist nurse believed to have provided care to the patient during the admission in question; and
7. Dr. Mark Clemons, M.D., physician who performed the patient's surgery during the admission in question.

The healthcare providers listed above are thought to possess relevant information as defined by the Tennessee Rules of Civil Procedure. The protected health information disclosed pursuant to the attached qualified protective order shall only be disseminated for the purposes of and during the course of this litigation. The attached order shall in no way restrict the right of the defendants or counsel for the defendants from conducting interviews outside the presence of the plaintiff and the plaintiff's counsel with the defendants' own present or former employees, partners, or owners concerning the present healthcare liability action.

In light of the foregoing and pursuant to Tenn. Code Ann. § 29-26-121(f), defendants are entitled to the entry of a qualified protective order allowing them to

interview, outside the presence of the plaintiffs and the plaintiffs' counsel, the patient's healthcare providers listed above.

        Respectfully submitted,

        THE HARDISON LAW FIRM, P.C.

By:    s/David M. Cook
        DAVID M. COOK (5362)
        ALBERT G. MCLEAN (5150)
        Attorney for Defendants,
        Pediatric Anesthesiologists, P.A. and
        Babu Rao Paidipalli, M.D.
        119 S. Main Street, Suite 800
        Memphis, Tennessee 38103
        (901) 525-8776
        dcook@hard-law.com

## **CERTIFICATE OF CONSULATION**

     Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on December 5, 2013, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, with J. Kimbrough Johnson and Marcy Dodds Magee, counsel for defendant, Mark P. Clemons, and with Stephanie Bergmeyer, counsel for the State of Tennessee, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

        s/David M. Cook
        David M. Cook

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via the Court's electronic filing system upon:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103

J. Kimbrough Johnson, Esq.
Marcy Dodds Magee, Esq.
Attorneys for Defendant, Mark P. Clemons, M.D.
Thomason, Hendrix, Harvey, Johnson & Mitchell, PLLC
2900 One Commerce Street
Memphis, TN 38103

Stephanie A. Bergmeyer, Esq.
Assistant Attorney General
P.O. Box 20207
Nashville, TN 37202-0207

this 6th day of December, 2013.

s/David M. Cook
DAVID M. COOK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE
WESTERN DIVISION

---

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                               No. 2:13-cv-02289-JPM-dkv
                                                                   JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants,

And

STATE OF TENNESSEE,

    Defendant-Intervenor.

---

### [DEFENDANTS' PROPOSED] QUALIFIED PROTECTIVE ORDER

---

This matter came before the Court on the Motion of Defendants, Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli, for Qualified Protective Order, and Defendants' supporting memorandum of facts and law, and the entire record in this cause. It appears to the Court that Defendants' motion is well taken and that Defendants are entitled to the entry of a qualified protective order as stated hereinafter.

Pursuant to Tenn. Code Ann. Section 29-26-121(f), Defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., and their attorneys, may obtain protected


EXHIBIT A

health information regarding Bret Lovelace, including information otherwise protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 or "HIPAA" and all other applicable state and federal statutes, rules and regulations, during interviews conducted outside the presence of the plaintiffs and plaintiffs' counsel with the following healthcare providers:

1. Kelly Kish, R.N., Methodist nurse responsible for monitoring the patient in the PACU;
2. Wayne Sutter, EMT, Methodist EMT who observed the patient in the PACU prior to the "Code" event;
3. Elesia Turner, Risk Manager, Methodist Le Bonheur Children's Hospital, believed to have knowledge concerning the monitor printout downloaded from the PACU monitoring equipment;
4. Mark Bugnitz, M.D., patient's treating pediatrician during the admission in question;
5. Elizabeth Hinson, R.N., Methodist nurse believed to have provided care to the patient prior to and during the admission in question;
6. Margaret Yoste, R.N., Methodist nurse believed to have provided care to the patient during the admission in question; and
7. Dr. Mark Clemons, M.D., physician who performed the patient's surgery during the admission in question.

The Court further orders that the following conditions shall govern any *ex parte* defense counsel/treating physician/caregiver interview, in accordance with Tenn. Code Ann. Section 29-26-121(f)(1)(c):

a. The Protected Health Information disclosed pursuant to this Qualified Protective Order shall only be disseminated and used for the purposes of and during the course of this healthcare liability action, and shall not be disseminated to any person(s) other than the defense attorneys, their staff members, the parties, experts utilized in this case, and trial support vendors utilized in this case.

b. All Protected Health Information obtained during any *ex parte* conference,

2

and all copies of documents containing such information obtained during any such interview shall be returned to the healthcare provider or shall be destroyed at the conclusion of this lawsuit.

  c. Any and all *ex parte* meeting(s) with defense counsel and treating healthcare providers are strictly voluntary on the part of the treating healthcare providers and nothing in this Order is intended to imply that the treating healthcare providers cannot refuse any request for *ex parte* meetings with defense counsel.

  IT IS SO ORDERED.

_____
JUDGE

Date: _____