IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE
WESTERN DIVISION

---

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                                                No. 2:13-cv-02289-JPM-dkv
                                                                                JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants,

And

STATE OF TENNESSEE,

    Defendant-Intervenor.

---

**DEFENDANTS PEDIATRIC ANESTHESIOLOGISTS, P.A. AND BABU RAO PAIDIPALLI'S UNOPPOSED MOTION FOR EXTENSION OF REMAINING DISCOVERY DEADLINES AND MEMORANDUM IN SUPPORT**

---

    COME NOW Defendants, Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli, by and through their counsel of record, and hereby move the court for an order extending the remaining discovery deadlines provided in the Joint Scheduling Order entered June 24, 2013 (ECF 19) by two (2) months, and in support thereof would show as follows:

    1.    This is an unopposed motion to extend the remaining deadlines for completing discovery by two (2) months, which would result in revised discovery

deadlines as shown in the defendants' proposed order, a copy of which is attached hereto as Exhibit 1. Such extensions, if granted, would *not* result in a delay of the trial of this matter which is set for October 20, 2014.

2. In August, 2013, Defendants subpoenaed certain documents from non-party Methodist Hospital, including (1) printouts of the PACU monitoring equipment for the time the patient was treated in the PACU, (2) logs of the PACU that show the persons present in the PACU for the time the patient was being treated in the PACU, (3) the medical records of the patient at Methodist Hospital, (4) the personnel file of Kelly Kish, the Methodist PACU nurse whose duty it was to monitor the patient while in the PACU, and (5) documents pertaining to the settlement and release of claims between Methodist Hospital and the plaintiffs. Methodist objected to producing the documents described in the subpoena, except for item (3), and filed a motion to quash the subpoena (ECF 33), which was joined in by Plaintiffs (ECF 34). After briefs were filed, the Magistrate Judge entered an order on October 21, 2013, requiring Methodist to produce items (1), (2), (3), part of (4), and (5). (ECF 43.) Methodist then filed an Objection to producing item (5) (ECF 46), but produced the other documents the Court ordered be produced on or about November 21, 2013. Methodist's objection to item (5) was heard by the Court telephonically on December 17, 2013, and the Court, by minute entry, ordered that Methodist immediately provide to the Court for *in camera* review, an un-redacted copy of the settlement agreement between Methodist and Plaintiffs, and that Methodist provide to the parties' counsel that day a copy of the settlement agreement redacted only as to the amount of the settlement. (ECF 65.) Methodist produced a redacted copy of the settlement agreement to defendants on December 17, 2013.

2. The parties have been diligently working to take other discovery in this case. The plaintiffs took the deposition of defendant, Dr. Rao Paidipalli, on January 9, 2014. (This deposition had originally been scheduled for December 10, 2013, but was rescheduled by agreement due to an "ice storm" that prevented defendant's counsel from meeting with Dr. Paidipalli in preparation for the deposition as had been scheduled.) The defendants took the depositions of the plaintiffs, Daniel and Helen Lovelace, and plaintiffs' family members, Taylor and Curtis Lovelace, on January 15, 2014. The plaintiffs' deposition of defendant, Dr. Mark Clemons, is scheduled for February 6, 2014. All counsel and all parties in this case have worked together to schedule these depositions for the first mutually available dates, taking into consideration the schedules and caseloads of plaintiffs' and defendants' counsel, the schedules of the parties, and the timing of the discovery of documents from non-party Methodist, as stated above.

3. On December 6, 2013, Defendants filed a motion for a qualified protective order pursuant to T.C.A. 29-26-121(f), to allow Defendants' counsel to speak *ex parte* with certain healthcare providers identified therein. (ECF 59 and 59-1.) After obtaining an extension of time to so do, on January 7, 2014, Plaintiffs filed a Response and Memorandum of Law in opposition to defendants' motion for qualified protective order. (ECF 83 and 84.) On January 15, 2014, Defendants were granted leave to file a reply brief to respond to the new issues raised in plaintiffs' Response, which include a constitutional challenge of T.C.A. 29-26-121(f). (ECF 87.) Defendants plan to depose Kelly Kish, the PACU nurse who defendants contend committed malpractice in her care of the patient, and perhaps other Methodist healthcare providers who provided care to the patient, but would prefer to first talk with such providers to determine their knowledge of

the facts and any opinions they may hold based on their knowledge of the facts, if permitted to do so by the Court.

    4.    Pursuant to the Joint Scheduling Order, the current deadline for taking all fact witness depositions and for completing all fact discovery is February 9, 2014. (ECF 19.) Defendants' counsel have proposed to counsel for the other parties that the remaining deadlines for fact discovery and expert discovery be extended by two (2) months, to allow sufficient time for all parties to complete fact discovery and expert discovery in an orderly fashion, and counsel for the other parties have stated that they have no opposition to this request. Such extensions of the remaining discovery deadlines would *not* affect the pretrial order date, October 3, 2014, the pretrial conference date, October 10, 2014, or the trial date, October 20, 2014.

    5.    Rule 1 of the Federal Rules of Civil Procedure states that the Federal Rules should be construed to secure the just, speedy and inexpensive determination of every action. Rule 6(b) of the Federal Rules of Civil Procedure provides the means for a party to seek an enlargement of time for deadlines, including discovery deadlines. Defendants therefore request that the remaining discovery deadlines for fact and expert discovery be extended by two (2) months, as shown in the attached proposed order. Defendants submit that extending such deadlines would not result in prejudice to any party and would secure a just resolution of this matter.

WHEREFORE, PREMISES CONSIDERED, Defendants request an extension of the remaining discovery deadlines as set forth in the attached proposed order.

                    Respectfully submitted,

                    THE HARDISON LAW FIRM, P.C.

By:    s/Albert G. McLean
        DAVID M. COOK (5362)
        ALBERT G. MCLEAN (5150)
        Attorney for Defendants,
        Pediatric Anesthesiologists, P.A. and
        Babu Rao Paidipalli, M.D.
        119 S. Main Street, Suite 800
        Memphis, Tennessee 38103
        (901) 525-8776
        amclean@hard-law.com

## CERTIFICATE OF CONSULATION

     Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, with J. Kimbrough Johnson and Marcy Dodds Magee, counsel for defendant, Mark P. Clemons, and with Stephanie Bergmeyer, counsel for the State of Tennessee, via e-mail concerning the contents of this motion, on January 21, 2014, and that there is no opposition to the relief requested in this motion.

                    s/Albert G. McLean
                    Albert G. McLean

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing has been served via the Court's electronic filing system upon:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103

J. Kimbrough Johnson, Esq.
Marcy Dodds Magee, Esq.
Attorneys for Defendant, Mark P. Clemons, M.D.
Thomason, Hendrix, Harvey, Johnson & Mitchell, PLLC
2900 One Commerce Street
Memphis, TN 38103

Stephanie A. Bergmeyer, Esq.
Assistant Attorney General
P.O. Box 20207
Nashville, TN 37202-0207

this 21st day of January, 2014.

                                              s/Albert G. McLean
                                              ALBERT G. MCLEAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

---

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

VS.                                                         NO.: 2:13-cv-02289-JPM-dkv
                                                               JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI ; and,
MARK P. CLEMONS,

    Defendants.

---

### [DEFENDANTS' PROPOSED] ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF DISCOVERY DEADLINES

---

Before the Court is Defendants Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli's unopposed Motion for Extension of the remaining discovery deadlines by two (2) months. As the Motion is unopposed and does not affect the trial date, the Motion is GRANTED.

The Joint Scheduling Order of June 24, 2013 (ECF 19) is therefore amended as follows:

**COMPLETING ALL FACT DISCOVERY:** April 9, 2014;

    (a)    **DISCOVERY DEPOSITIONS OF FACT WITNESSES:** April 9, 2014;

    (b)    **REQUESTS FOR ADMISSIONS:** April 9, 2014;

**EXPERT WITNESS DISCLOSURES: (Rule 26 (a)(2):**

    (a)    **DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION:** April 9, 2014;



(b) **DISCLOSURE OF DEFENDANT'S RULE 26(a)(2) EXPERT INFORMATION:** May 9, 2014;

(c) **EXPERT WITNESS DEPOSITIONS:** Plaintiff's experts – June 9, 2014; Defendants' experts – July 9, 2014;

(d) **SUPPLEMENTATION UNDER RULE 26(e)(2):** July 9, 2014;

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/*DAUBERT* MOTIONS:** August 9, 2014;

**FILING DISPOSITIVE MOTIONS:** August 9, 2014;

This case remains set for a jury trial on October 20, 2014. The pretrial order date remains set for October 3, 2014, and the pretrial conference date remains set October 10, 2014.

All other dates and terms included in the original Joint Scheduling Order of June 24, 2013, shall remain the same. Absent a showing of good cause, the aforementioned dates will not be modified or extended.

IT IS SO ORDERED.

_____
JUDGE

DATE: _____