IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as
Parents of BRETT LOVELACE, deceased,

       Plaintiffs,

vs.

       NO.:    2:13-cv-02289 dkv
       **JURY TRIAL DEMANDED**

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and,
MARK P. CLEMONS,

       Defendants.

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF

Come the Plaintiffs, Daniel Lovelace and wife, Helen Lovelace, Individually, and as

Parents of Brett Lovelace, deceased, by counsel, Mark Ledbetter, and for their Motion for Partial

Summary Judgment and Brief, state:

      1.      No genuine issue of material fact remains to be litigated in this matter under

Federal Rules of Civil Procedure 56 as to the negligence or fault of Mark P. Clemons under

T.C.A. § 29-26-115(1), (2) and (3).

      2.      Plaintiffs incorporate herein by reference (a) Plaintiffs' First Request for

Admissions Propounded to all Defendants (Defendant Clemons has admitted them due to his

lack of timely responses being served) [Exhibit A]; (b) Plaintiffs' Designation of Expert

Witnesses and Physicians Not Employed as Experts [Exhibit B – served upon Defendants by

Plaintiffs' counsel on April 9, 2014]; (c) Excerpts from: Deposition of Mark P. Clemons;

Deposition of Babu Rao Paidipalli; Deposition of Helen Lovelace; and Deposition of Kelly Kish, R.N. [Exhibit C]; and (d) Plaintiffs' Statement of Undisputed Material Facts [Exhibit D].

## HISTORY

Suit was filed in this case on May 8, 2013 alleging the medical negligence of Mark P. Clemons, M.D., inter alia, as a proximate cause of the injury and death of 12-year old Brett Lovelace under T.C.A. § 29-26-115, inter alia.  Defendant, Mark P. Clemons, filed his Answer to the suit [D.E. 11] on June 3, 2013.  Thereafter, Plaintiffs served upon all Defendants, Plaintiffs' First Request for Admissions Propounded to All Defendants [Exhibit A], filing a simultaneous Notice of Service of said discovery on July 3, 2013 [D.E. 22].

Subsequently, the Plaintiffs' First Request for Admissions Propounded to All Defendants were responded to by Co-Defendants, Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli, addressing only the requests that applied to them; however, Defendant, Mark P. Clemons, failed to, within thirty days after service of the request, serve upon the requesting party a Response, much less serve or file a request for an extension, and obtain one.  Thereafter, on December 20, 2013, Defendant, Mark P. Clemons, served his Responses to Plaintiffs' First Request for Admissions and Objections [Exhibit E], filing a simultaneous Notice of Service of said discovery responses on December 20, 2013 [D.E. 69], which service of a response was five months, 17 days after the date of service of the Plaintiffs' First Request for Admissions Propounded to All Defendants, and four months, 17 days late under Rule 36(a)(3).

## LAW

Federal Rule of Civil Procedure 36(a) states in pertinent part:

2

> A party may serve upon any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request...

The Rule further provides at (2)(3):

> The matter is admitted unless, within thirty days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter . . .

Rule 36 allows litigants to file Request for Admissions covering a broad range of matters and issues, including ultimate facts, as well as applications of law to fact, and opinions. See, e.g., Stubbs v. Comm'r Internal Rev., 797 F.2d 936, 938 (11th Cir. 1986); Campbell v. Spectrum Automations Co., 601 F.2d 246, 253 (6th Cir. 1979). Rule 36(a)(1). The scope and range of Rule 36 permits litigants to winnow down issues before trial and thereby channel their energy and resources toward matters that remain in dispute. Wright, Miller & Marcus, *Federal Practice and Procedure*: Civil Second Section 2254 (1994). Thus, for Rule 36, F.R.C.P., to have any useful benefit or efficacy, litigants must be permitted to rely upon the fact that matters admitted will not later be subject to challenge. American Auto Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1119 (5th Cir. 1991).

Federal Rules of Civil Procedure 56(c) specifies that "admissions on file" can be an appropriate basis for granting summary judgment. F.R.C.P. 56(c). Since Rule 36 admissions, *whether express or by default*, are conclusive as to the matters admitted, they cannot be overcome in the summary judgment process by offering contradictory affidavit testimony or other evidence in the summary judgment record. Dukes v. South Carolina Ins. Co., 770 F.2d 545, 548-59 (5th Cir. 1985); United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987). See American Auto Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1119 (5th Cir. 1991) [default

3

admissions cannot be overcome by conflicting trial testimony]. Instead, the proper course for a litigant who wishes to escape the consequences of failing to timely respond to a Rule 36 request for admissions is to move the court to amend or withdraw the default admissions in accordance with the standard outline in Rule 36(b). Defendant Clemons did not avail himself of the procedural mechanism for attempting to avoid the effect of his default; nor did he previously seek an extension of time within which to serve a response. Moreover, Clemons was represented by skilled counsel and persisted in not answering the discovery, including interrogatories.

In Langer v. Monarch Life Insurance Company, 966 F.2d 786, 801 (3rd Cir. 1992), the Court held:

> Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment.
>
> Also, "a party's failure to respond to a Request for Admissions under Federal Rule of Civil Procedure 36 may result in a material fact being deemed admitted and subject the party to an adverse grant of summary judgment." In Re: Savage, 303 BR 766, 772 (Bkrtcy. D.Md. 2003) (citing Carney v. IRS, 258 F.3d 415, 417-18 (5th Cir. 2001). See also, Adventis, Inc. v. Consol. Prop. Holdings, Inc., 124 Fed.Appx. 169, 173 (4th Cir. 1005).

In summary, an unanswered request for admissions is a well-recognized and known basis for summary judgment. Kirkland v. Cooper, 438 F. Supp. 808 (D.C. S.C. 1977); Mahaney v. Doeing, 260 F. Supp. 1006 (E.D.Pa. 1966), Masse v. Animal Repellents, Inc., 236 F. Supp. 69 (E.D. S.C. 1964); Lockwood v. Wolf Corp., 629 F.2d 603 (9th Cir. 1980); Goodman v. Meade Johnson and Co., 534 F.2d 566 (3rd Cir. 1976). The fact that a request for admissions concerned "ultimate facts" on which parties making the request bear the burden of proof is irrelevant and did not except such requests from requirements of rules whereby matters may be deemed admitted in the absence of adequate response. City of Rome v. U.S., 450 F. Supp. 378 (D.D.C. 1978).

4

In a prior decision of the Middle District of Tennessee, it was held that facts contained in Plaintiff's request for admissions submitted in connection with Plaintiff's motion for summary judgment were deemed admitted for purposes of the Motion when Defendant neither responded nor objected to them within the allowed time. Mountcastle v. U.S., 226 F.Supp. 706 (M.D.Tenn. 1963).

Also, in United States of America v. Twenty-Two Thousand Five Hundred  Dollars ($22,500.00), in United States Currency, W.D.TN, April 30, 2008, Diane K. Vescovo, U. S. M. J.), in Cause No. 07-2339-V [Exhibit F], held as follows:

> In the present case, the Claimants had more than ample time to respond to the government's request for admission.  Their failure to do so results in all of the matters subject to the request for admission being deemed admitted pursuant to Rule 36.  In her response, Claimant Morgan asserts that all of the government's interrogatories and request for admissions have now been answered.  This assertion does nothing to change the fact that the matter was admitted when the Claimants failed to answer the request for admission within thirty days of November 21, 2007.  Claimant Morgan has made no motion to withdraw or amend her admissions as required by Rule 36(b).  Accordingly, the Claimants have admitted all matters covered in the request for admission. [Emphasis supplied.]

In granting summary judgment in United States of America v. Twenty-Two Thousand Five Hundred Dollars ($22,500.00), in United States Currency, the Court further noted the role of Rule 36 in summary judgment proceedings to be as follows:

> Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also, LaPointe v. United Auto Workers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). The party that moves for summary judgment has a burden of

showing that there are no genuine issues of material fact at issue in the case. <u>LaPointe</u>, 8 F.3d at 378. This may be accomplished by pointing out to the Court that the non-moving party lacks evidence to support an essential element of its case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Street v. J. C. Bradford and Co.</u>, 886 F.2d 1472, 1479 (6th Cir. 1989). [Emphasis supplied].

The Court went on to say that the non-moving party must go beyond the pleadings and present significant probative evidence to demonstrate that there is more than some metaphysical doubt as to material facts, citing <u>Moore v. Phillip Morris Cos.</u>, 8 F.3d 335, 340 (6th Cir. 1993), and <u>United States of America v. Twenty-Two Thousand Five Hundred Dollars ($22,500.00)]</u>, <u>supra</u>. Judge Vescovo noted that all facts and inferences were to be drawn in a light most favorable to the non-moving party; in sum, the Court found that the Claimants admitted all matters in the government's request for admission by a failure to answer the request, and that there was no genuine issue of fact remaining. Accordingly, summary judgment was entered for the plaintiff. Such is the case here, and, for the same reason, summary judgment should be entered finding that, under T.C.A. § 29-26-115(1), (2) and (3), no genuine issue of material fact remains to be litigated as to Mark Clemons' fault.

## **ARGUMENT**

### **SUMMARY JUDGMENT STANDARD MET**

It is well established that a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the Affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c). <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). The burden is on the moving party to establish the absence of genuine issues of material fact and "a

complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 323; Teamsters Joint Council, No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991) ["where the records taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."]

Where, as here, the Movants meet their burden, the non-moving party must provide the Court with specific facts demonstrating a genuine issue for trial in order to survive summary judgment. Celotex, 477 U.S. at 323. Here the record establishes that Defendant, Mark P. Clemons, failed to act in the interest and for the safety of his patient, Brett Lovelace, so as to prevent the ultimate harm that occurred to him. His conduct and actions described in the undisputed facts, supra, establish several deviations from the standard of care in this case. Plaintiffs' Expert Witness Report of Jason D. Kennedy, M.D., ¶'s 2, 4, 5, 7, 8, 10 fn.1, 2 [attached in Exhibit B]; Plaintiffs' Statement of Undisputed Material Facts, Nos. 1-27 [Exhibit D].

The cause of death of Brett Lovelace was asphyxia due to the treatment rendered by Defendant. Plaintiffs' Statement of Undisputed Material Facts, Nos. 1-27 [Exhibit D]; Plaintiffs' Expert Witness Report of Frank J. Peretti, pp. 1 - 8, Death Certificate, etc. [attached in Exhibit B]; and Plaintiffs' Expert Witness Report of Jason D. Kennedy, M.D. [attached in Exhibit B].

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court enter a Partial Summary Judgment in favor of the Plaintiffs and against Defendant, Mark P. Clemons, in this matter finding that he was negligent in causing the injury and consequent death of Brett Lovelace under T.C.A. § 29-26-115(1), (2) and (3), on March 12-14, 2012 at Le Bonheur Children's

Hospital; for any and all other proper relief to which Plaintiffs may be entitled herein, including

costs.

Respectfully submitted,

/s/ Mark Ledbetter
Mark Ledbetter (#17637)
HALLIBURTON & LEDBETTER
254 Court Avenue - Suite 305
Memphis, TN 38103
(901) 523-8153-phone
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been properly served upon all counsel of record identified below via the Court's ECF filing system this 8th day of August, 2014:

J. Kimbrough Johnson/Marcy Dodds Magee/Margaret Cooper
2900 One Commerce Square
40 S. Main Street
Memphis, TN 38103
Attorneys for Mark Clemons
901/525-8721-phone
jjohnson@lewisthomason.com
mmagee@lewisthomason.com
mcooper@lewisthomason.com

Brad Gilmer/Jerry Potter/Karen Koplon/David Cook
The Hardison Law Firm
119 S. Main Street, Suite 800
Memphis, TN 38103
Attorneys for Babu R. Paidipalli & Pediatric Anesthesiologists, P.A.
901/525-8776 – phone
Bgilmer@hard-law.com
jpotter@ hard-law.com
kkoplon@hard-law.com
dcook@hard-law.com

/s/ Mark Ledbetter
Mark Ledbetter, Certifying Attorney

8