# EXHIBIT E

# Responses to Plaintiffs' First Request for Admissions and Objections

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

VS.

NO.:  2:13-cv-02289 dkv
JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and,
MARK P. CLEMONS,

    Defendants.

## DEFENDANT, MARK P. CLEMONS, RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS PROPOUNDED TO ALL DEFENDANTS

Defendant, Mark P. Clemons, by and through counsel and pursuant to the Federal Rules of Civil Procedure responds to Plaintiffs' First Request for Admissions as follows:

### REQUEST FOR ADMISSIONS TO DR. MARK P. CLEMONS

**REQUEST NO. 1:** Admit that Plaintiffs' decedent, Brett Lovelace, was a healthy active 12 year old boy at the time of his admission to LeBonheur Children's Hospital on March 12, 2012, for a tonsillectomy and adenoidectomy (hereinafter "T&A"), as described in Le Bonheur's Pre-Op Surgical History & Physical (pg. 0007) and Pre-Operative History (pg. 0455), attached hereto as Ex. "A".

**RESPONSE:** Objection. Vague, overly broad, and compound question. Without waiving the above objections, denied as stated.

**REQUEST NO. 2**: Admit that the reason Brett Lovelace was admitted to have a T&A to LeBonheur Children's Hospital, instead of Crittenden Memorial Hospital, West Memphis, Arkansas 72301, because he tossed and turned a lot during sleep, snored, had asthma, was a mouth breather, or was overly tired in the evening, or any of these.

**RESPONSE**: Objection. Compound question. Without waiving the objection, denied as stated.

**REQUEST NO. 3**: Admit that you recommended Le Bonheur Children's Hospital as the place for this surgery because it was believed to be a safer hospital for Brett Lovelace's surgery, considering his history.

**RESPONSE**: Denied as stated.

**REQUEST NO. 4**: Admit that you told the parents following the completion of the T&A that the surgery went well and that Brett was doing fine and they could join him in the Le Bonheur recovery room.

**RESPONSE**: Objection. Compound question. Without waiving the objection, it is admitted that Dr. Clemons would have advised Brett Lovelace's parents that he tolerated the surgical procedure well, and Brett Lovelace had been transferred to the recovery room (LeBonheur PACU) in stable condition.

**REQUEST NO. 5**: Admit that when you last saw Brett Lovelace as he arrived from the surgical suite to the PACU, he was face down on the gurney in a prone position, prior to your leaving Le Bonheur and later being called and informed that he had coded.

**RESPONSE**: Objection. Compound question. Without waiving the objection, it is admitted that Dr. Clemons transferred Brett Lovelace from the operating room to the PACU in stable condition. Once the patient was transferred from the operating room, the LeBonheur PACU

assumed responsibility for his care. Dr. Clemons briefly passed through the recovery room as he was leaving the hospital for his office. By the time Brett Lovelace began developing breathing difficulties, Dr. Clemons had left the hospital. Dr. Clemons was not contacted about any problems or breathing abnormalities until after the code had been called and initiated. To the extent the Request differs with the above Response, the Request is denied as stated. *See also* Response to Interrogatory No. 8.

**REQUEST NO. 6**: Admit that when you spoke to the parents after the surgery when Brett Lovelace was in the PACU, he was face down in a prone position on the gurney, and you questioned his parents about whether the prone position Brett was in, was a normal sleeping position for him, and they said "no".

**RESPONSE**: Objection. Compound question. Without waiving the objection, denied as stated. *See also* Response to Interrogatory No. 8.

**REQUEST NO. 7**: Admit that you gave no orders, caution, warning or instructions to the PACU nurse, Kish, or to any other Le Bonheur hospital personnel, and did not intervene in any way to ensure that Brett's airway was clear when he arrived in the PACU, and did not determine that he was oxygenating and ventilating properly following surgery.

**RESPONSE**: Objection. Compound question. Without waiving the objection, denied as stated. Further without waiving said objection, Dr. Clemons would state that his care and treatment of Brett Lovelace concluded when he transferred the patient to the LeBonheur PACU in stable condition with no breathing abnormalities. Thereafter, it was the responsibility of the Methodist-LeBonheur Hospital personnel to monitor Brett Lovelace in the PACU.

3

**REQUEST NO. 8**: Admit that you failed to ensure that Brett was fully awakened from anesthesia and conscious (AAOX3) prior to leaving the PACU after the surgery, and specifically, after you saw Brett in a prone position on the gurney and discussed the matter with the parents.

**RESPONSE**: Objection. Compound question. Without waiving the objection, denied as stated. Further without waiving said objection, Dr. Clemons would state that his care and treatment of Brett Lovelace concluded when he transferred the patient to the LeBonheur PACU in stable condition with no breathing abnormalities. Thereafter, it was the responsibility of the Methodist-LeBonheur Hospital personnel to monitor Brett Lovelace in the PACU. Additionally, Dr. Clemons would state that he lacks knowledge and information to admit or deny the Request specifically related to anesthesia issues as it is outside Dr. Clemons' area of expertise.

**REQUEST NO. 9**: Admit that you did not call for an anesthesiologist to awaken or assess Brett Lovelace in the PACU to ensure that he was fully awakened from anesthesia and alert, after seeing Brett in a prone position and being aware of the patient's high risk of respiratory and airway compromise prior to leaving the hospital on the date of the surgery.

**RESPONSE**: Objection. Compound question. Without waiving the objection, denied as stated. Further without waiving said objection, Dr. Clemons would state that his care and treatment of Brett Lovelace concluded when he transferred the patient to the LeBonheur PACU in stable condition with no breathing abnormalities. Thereafter, it was the responsibility of the Methodist-LeBonheur Hospital personnel to monitor Brett Lovelace in the PACU. Additionally, Dr. Clemons would state that he lacks knowledge and information to admit or deny the Request specifically related to anesthesia issues as it is outside Dr. Clemons' area of expertise.

**REQUEST NO. 10**: Admit that you took no action and failed to intervene to appropriately correct the improper face-down positioning of the patient after the T&A surgery and prior to your leaving the patient in the PACU and departing the hospital.

**RESPONSE**: Objection. Compound question. Without waiving the objection, denied as stated. Further without waiving said objection, Dr. Clemons would state that his care and treatment of this patient concluded when he transferred Brett Lovelace to the PACU in stable condition with no breathing abnormalities. Thereafter, it was the responsibility of the Methodist-LeBonheur Hospital personnel to monitor Brett Lovelace in the PACU.

**REQUEST NO. 11**: Admit that the drawing attached hereto and identified as Ex. "B" [Brett Lovelace's Postoperative Positioning & Mechanism of Asphyxia], is a fair and accurate depiction of Brett Lovelace at the time of his arrival in the PACU at 10:30 a.m. on March 12, 2013, and when you left him in the PACU.

**RESPONSE**: Objection. Vague, compound question, calls for speculation. Without waiving the objection, denied as stated.

**REQUEST NO. 12**: Admit that the drawing attached hereto and identified as Ex. "C" [3/12/12 Head CT Findings], is a fair and accurate depiction of Brett Lovelace's brain showing diffuse cerebral edema with loss of sulci and compression of ventricular system after he went into cardiac arrest in the PACU at 11:59 a.m. on March 12, 2013.

**RESPONSE**: Objection. Vague, compound question, calls for speculation and is unduly burdensome as it seeks to shift the burden of providing expert opinions to support the plaintiffs' claim, onto Dr. Clemons, which is not an appropriate use of Rule 36. Without waiving the objections, Dr. Clemons can neither admit nor deny this Request as reading and interpreting CT

images, including the illustrator's depiction of such images shown in Exhibit C, are outside Dr. Clemons' area of expertise.

**REQUEST NO. 13**: Admit that the drawing attached hereto and identified as Ex. "D" [3/14/12 Head CT Findings – showing brain dead], is a fair and accurate depiction of Brett Lovelace's brain subsequent to 11:59 a.m. on March 12, 2013.

**RESPONSE**: Objection. Vague, compound question, calls for speculation and is unduly burdensome as it seeks to shift the burden of providing expert opinions to support the plaintiffs' claim, onto Dr. Clemons, which is not an appropriate use of Rule 36. Without waiving the objections, Dr. Clemons lacks knowledge to admit or deny this Request as reading and interpreting CT images, including the illustrator's depiction of the images shown in Exhibit D are outside Dr. Clemons' area of expertise.

**REQUEST NO. 14**: Admit that the drawing attached hereto and identified as Ex. "E" [Adenoidectomy and Tonsillectomy Surgery], is a fair and accurate depiction or representation of the surgery performed on Brett Lovelace by Dr. Mark P. Clemons at approximately 9:19 a.m. on March 12, 2013 at Le Bonheur Children's Hospital.

**RESPONSE**: Denied as stated.

**REQUEST NO. 15**: Admit that the drawing attached hereto and identified as Ex. "F" [Cerebral Edema and Hypoxia], is a fair and accurate depiction of what happed to Brett Lovelace's brain during the time his airway was blocked and he was unattended in PACU subsequent to his T&A surgery on March 12, 2013 at Le Bonheur Children's Hospital.

**RESPONSE**: Objection. Vague, compound question, calls for speculation and is unduly burdensome as it seeks to shift the burden of providing expert opinions to support the plaintiffs' claim, onto Dr. Clemons, which is not an appropriate use of Rule 36. Without waiving

6

the objections, Dr. Clemons can neither admit nor deny this Request as he was not present at the hospital when Brett Lovelace developed breathing difficulties, strict proof being demanded if the interests of Dr. Clemons will be adversely affected thereby.

**REQUEST NO. 16**: Admit that the drawing attached hereto and identified as Ex. "G" [Normal Brain - Herniations], is a fair and accurate depiction of a normal brain prior to and after an event of the sort that occurred to Brett Lovelace after the T&A surgery of March 12, 2013 at Le Bonheur Children's Hospital.

**RESPONSE:** Objection. Vague, compound question, calls for speculation and is unduly burdensome as it seeks to shift the burden of providing expert opinions to support the plaintiffs' claim, onto Dr. Clemons, which is not an appropriate use of Rule 36. Without waiving the objections, Dr. Clemons lacks knowledge to admit or deny this Request as it is outside his area of expertise.

**REQUEST NO. 17**: Admit that the drawing attached hereto and identified as Ex. "H" [Timeline of Care], which was created from the actual Le Bonheur Hospital medical records, is a fair and accurate chronology of the medical care rendered to Brett Lovelace on March 12, 2013 at Le Bonheur Children's Hospital.

**RESPONSE:** Objection. Unduly burdensome as it seeks to shift the burden of sifting through discovery onto Dr. Clemons, which is not an appropriate use of Rule 36. Further, the Request is compound. Without waiving the above objections, this Request is denied as the "timeline of care" attached to Plaintiffs' Request is based, at least in part, on entries in the medical records believed to be false (entered by Kelly Kish). Additionally, the timeline is based in part on information provided by Plaintiffs which is not included in the pertinent medical records. The timeline also contains editorial comments in bold print for emphasis, which are argumentative.

## REQUEST FOR ADMISSIONS TO BABU RAO PAIDIPALLI

**REQUEST NO. 1:** Admit that Plaintiff's decedent, Brett Lovelace, was a healthy active 12 year old boy at the time of his admission to LeBonheur Children's Hospital on March 12, 2012, for a tonsillectomy and adenoidectomy (hereinafter "T&A"), as described in Le Bonheur's Pre-Op Surgical History & Physical (pg. 0007) and Pre-Operative History (pg. 0455), attached hereto as Ex. "A".

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 2:** Admit that you failed to personally ensure that Brett Lovelace was appropriately, safely and timely monitored and assessed in the PACU prior to leaving the patient after surgery, or afterwards.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 3:** Admit that the patient, Brett Lovelace, was not fully awake and breathing normally at the time you transferred his care to the PACU nurse, and left the PACU.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 4:** Admit that the patient, Brett Lovelace, was lying in a prone position face-down, knees to chest and breathing abnormally at the time he was transferred to the PACU nurse, Kish.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 5:** Admit that you never personally assessed the patient, Brett Lovelace, at any time subsequent to the T&A surgery during the time when he was in the PACU.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 6:** Admit that you only assessed the patient's condition after the initiation of the code, which was more than an hour subsequent to the completion of his T&A surgery.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 7:** Admit that you completely relied upon hospital personnel or others (CRNA) to assess and care for your patient, Brett Lovelace, following surgery and during the time that he was in the PACU.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 8:** Admit that you failed to determine and ensure that Brett Lovelace had fully emerged from, was conscious and recovered appropriately from the anesthetic that you gave him prior to the removal of his endotracheal tube.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 9:** Admit that Brett Lovelace's tidal volumes prior to extubation were a mere 145- 180 cc's, which is a very small tidal volume for an 81 kg child, and that this tidal volume

documented with hypercarbia makes it unlikely that Brett was ventilating adequately at the time of extubation.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 10**: Admit that Brett's high end tidal $CO_2$ level of 56 torr, as recorded on the anesthetic record, support the assertion that appropriate assessment and attention would have prevented Brett's subsequent hypoxemia and acidosis.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 11**: Admit that you failed to ensure adequate ventilatory support in a patient who was obese, with an admission history of sleep apnea.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 12**: Admit that based upon the recordings of the initial arterial blood gas (ABG) the patient had hypercarbia resulting in a prolonged period of hypoventilation consistent with a patient who was extubated in a non-fully awakened state and without appropriate assurance he was maintaining an adequate respiratory rate and tidal volumes.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 13**: Admit that you failed to ensure that Brett Lovelace had adequate oxygen supplementation in the post anesthesia care unit (PACU).

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 14**: Admit that you failed to determine, require and ensure that Brett was appropriately monitored in the PACU.

**RESPONSE**: No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 15**: Admit that a patient in prone, or knee-chest position, is difficult to monitor and ensure that they have adequate oxygenation.

**RESPONSE**: No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 16**: Admit that, as an anesthesiologist, your care and treatment of the patient does not end with the completion of the surgery proper, but continues until the patient is fully awakened and breathing normally.

**RESPONSE**: No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 17**: Admit that the standard of care for this patient, viz., to fully awaken him in the PACU, was not followed and that, as a result thereof, Brett Lovelace, a 12 year old boy, died.

**RESPONSE**: No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 18**: Admit that the drawing attached hereto and identified as Ex. "B" [Brett Lovelace's Postoperative Positioning & Mechanism of Asphyxia], is a fair and accurate depiction of Brett Lovelace at the time of his arrival in the PACU at 10:30 a.m. on March 12, 2013.

**RESPONSE**: No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 19**: Admit that the drawing attached hereto and identified as Ex. "C" [3/12/12 Head CT Findings], is a fair and accurate depiction of Brett Lovelace's brain showing diffuse cerebral edema with loss of sulci and compression of ventricular system after he went into cardiac arrest in the PACU at 11:59 a.m. on March 12, 2013.

**RESPONSE**: No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 20**: Admit that the drawing attached hereto and identified as Ex. "D" [3/14/12 Head CT Findings – showing brain dead], is a fair and accurate depiction of Brett Lovelace's brain subsequent to the occurrence of his cardiac event at 11:59 a.m. on March 12, 2013.

**RESPONSE**: No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 21**: Admit that the drawing attached hereto and identified as Ex. "E" [Adenoidectomy and Tonsillectomy Surgery], is a fair and accurate depiction of the surgery performed on Brett Lovelace by Dr. Mark P. Clemons at approximately 9:19 a.m. on March 12, 2013 at Le Bonheur Children's Hospital.

**RESPONSE**: No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 22**: Admit that the drawing attached hereto and identified as Ex. "F" [Cerebral Edema and Hypoxia], is a fair and accurate depiction of what happed to Brett Lovelace's brain during the time that his airway was blocked and he was in respiratory distress and unattended in the PACU subsequent to his T&A surgery on March 12, 2013 at Le Bonheur Children's Hospital.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 23:** Admit that the drawing attached hereto and identified as Ex. "G" [Normal Brain - Herniations], is a fair and accurate depiction of a normal brain prior to and after an event of the sort that occurred to Brett Lovelace after the T&A surgery of March 12, 2013 at Le Bonheur Children's Hospital.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

**REQUEST NO. 24:** Admit that the drawing attached hereto and identified as Ex. "H" [Timeline of Care], which was created from the actual Le Bonheur Hospital medical records, is a fair and accurate chronology of the medical care rendered to Brett Lovelace on March 12, 2013 at Le Bonheur Children's Hospital.

**RESPONSE:** No response is required of this Defendant, Dr. Clemons, as this Request is directed only to Dr. Paidipalli.

Respectfully submitted,

THOMASON HENDRIX HARVEY
JOHNSON & MITCHELL, PLLC

/s/ Marcy D. Magee
J. KIMBROUGH JOHNSON (7953)
MARCY D. MAGEE (19360)
Attorneys for Defendant, Mark Clemons, M.D.
40 South Main Street, 29th Floor
Memphis, TN 38103
(901) 525-8721

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been properly served upon all counsel of record identified below via Notice through the Court's ECF filing system

PERSONAL & CONFIDENTIAL

Mr. Mark Ledbetter
Halliburton & Ledbetter
254 Court Avenue, Suite 305
Memphis, TN 38103

Mr. David Cook
Mr. Albert McLean
The Hardison Law Firm
119 S. Main St., Suite 800
Memphis, TN 38103

This __20th__ day of December, 2013.

/s/ *Marcy D. Magee*
Marcy D. Magee

4844-5319-8613, v. 1