# EXHIBIT F

United States of America v. Twenty-Two Thousand Five Hundred Dollars ($22,500.00), in United States Currency, W.D. TN, April 30, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | )   No. 07-2339-V |
| TWENTY-TWO THOUSAND FIVE HUNDRED DOLLARS ($22,500.00) IN UNITED STATES CURRENCY, | ) |
| Defendant. | ) |

---

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND
ORDER OF FORFEITURE OF DEFENDANT PROPERTY

---

Before the court is the March 24, 2008 motion of the plaintiff, United States of America, seeking judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. The United States argues that there is no genuine issue of material fact that would necessitate a trial. Specifically, the government alleges that the claimants, Dedrick Gill and Tonya Morgan (collectively the "Claimants"), have failed to respond to its requests for admission, and, pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters contained within those requests are deemed admitted. Claimant Morgan has filed a response in opposition to the motion. The parties have consented to a non-jury trial before the undersigned United States Magistrate Judge. For the following reasons, the government's motion for summary

judgment is granted.

## BACKGROUND

This case is a forfeiture action brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture of property identified as proceeds that are traceable to the sale or exchange of a controlled substance in violation of the Controlled Substances Act. (Pl.'s Mem. Supp. 2.) The Claimants answered the complaint with general denials but no affirmative defenses. (*Id.*) Only Claimant Morgan has filed a response to the present motion for summary judgment. On November 21, 2007, the government issued requests for admission to both of the Claimants individually, seeking, among other things, admission or denial that "the [$22,500.00] is traceable to the proceeds of illegal narcotics sales and/or was intended to be used in exchange for a controlled substance and/or was used or intended to be used to facilitate the unlawful sale of narcotics." (*Id.* at 5-6; *see id.*, Exs. B, C.) As of March 24, 2008, neither of the Claimants had responded to the requests for admission. (*Id.* at 4-5.)

## ANALYSIS

A.  Requests for Admission

Rule 36(a) of the Federal Rules of Civil Procedure stipulates that:

> A matter [contained within a request for admission] is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed

2

> to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

FED. R. CIV. P. 36(a)(3). The rule further provides that matters admitted under Rule 36(a) are "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). A court may permit such withdrawal or amendment if two criteria are met: (1) "the presentation of the merits of the action will be subserved thereby" and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997).

In the present case, the Claimants had more than ample time to respond to the government's requests for admission. Their failure to do so results in all of the matters subject to the requests for admission being deemed admitted pursuant to Rule 36. In her response, Claimant Morgan asserts that all of the government's interrogatories and requests for admission have now been answered. (Claimant's Resp. 1.) This assertion does nothing to change the fact that the matter was admitted when the Claimants failed to answer the requests for admission within 30 days of November 21, 2007. Claimant Morgan has made no motion to withdraw or amend her admissions as required by Rule 36(b). Accordingly, the Claimants have admitted all matters covered in the requests for admission.

B.  <u>Summary Judgment</u>

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993); *Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs.*, 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact at issue in the case. *LaPointe,* 8 F.3d at 378. This may be accomplished by pointing out to the court that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In response, the nonmoving party must go beyond the pleadings and present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993); *see also LaPointe*, 8 F.3d at 378. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

4

requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *LaPointe*, 8 F.3d at 378.

In deciding a motion for summary judgment, "this [c]ourt must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251–52). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Patton*, 8 F.3d at 346; *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). However, to defeat a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252; *LaPointe*, 8 F.3d at 378. Finally, a district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Anderson*, 477 U.S. at 255; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

In the present case, the Claimants have admitted all matters in the government's requests for admission by their failure to

timely answer the requests. One of these admissions is that the $22,500.00 at issue is traceable to illegal narcotics sales. 21 U.S.C. § 881(a)(6) provides for the forfeiture of proceeds traceable to an exchange of narcotics. Therefore, the Claimants have admitted that the $22,500.00 in United States Currency is subject to forfeiture. Furthermore, Claimant Morgan in her response to the motion for summary judgment makes only a conclusory assertion that a factual dispute exists and has failed to present any evidence by affidavit or otherwise in support of her conclusory assertion. (Claimant's Resp. 2.) Because of the Claimants' admissions, there is no genuine issue of material fact, and there is no evidence on which a reasonable jury could find in favor of the Claimants. Accordingly, summary judgment for the government is appropriate.

## CONCLUSION

For the reasons stated above, the United States' motion for summary judgment is GRANTED, and summary judgment is entered in favor of the United States and against the Claimants. The defendant property, Twenty-Two Thousand Five Hundred Dollars ($22,500.00) in United States Currency, is and shall be forfeited to the United States to be disposed of in accordance with law.

IT IS SO ORDERED this 30th day of April, 2008.

s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE