IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as
Parents of BRETT LOVELACE, deceased,

    Plaintiffs,

vs.                                                                NO.:  2:13-cv-02289 dkv
                                                                             JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and,
MARK P. CLEMONS,

    Defendants.

## PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Come the Plaintiffs, Daniel Lovelace and wife, Helen Lovelace, Individually, and as Parents of Brett Lovelace, deceased, by counsel, Mark Ledbetter, and for their Statement of Undisputed Material Facts under Rule 56(c) and L.R. 56.1, state:

No genuine issue of material fact remains to be litigated in this matter as to the negligence or fault of Mark P. Clemons under T.C.A. § 29-26-115(1), (2) and (3).

Plaintiffs provide the following Statement of Undisputed Material Facts:

1.      Plaintiffs' decedent, Brett Lovelace, was a healthy active 12 year old boy at the time of his admission to LeBonheur Children's Hospital on March 12, 2012 for a tonsillectomy and adenoidectomy (hereinafter "T&A"), as described in Le Bonheur's Pre-Op Surgical History & Physical (pg. 0007) and Pre-Operative History (pg. 0455), attached hereto as Ex. "A". [Request No. 1 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

2. The reason Brett Lovelace was admitted to have a T&A at LeBonheur Children's Hospital, instead of Crittenden Memorial Hospital, West Memphis, Arkansas 72301, was because he tossed and turned a lot during sleep, snored, had asthma, was a mouth breather, or was overly tired in the evening, or any of these. [Request No. 2 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

3. Dr. Clemons recommended LeBonheur Children's Hospital as the place for this surgery because it was believed to be a safer hospital for Brett Lovelace's surgery, considering his history. [Request No. 3 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

4. Dr. Clemons told the parents following the completion of the T&A that the surgery went well and that Brett was doing fine and they could join him in the LeBonheur recovery room. [Request No. 4 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

5. When Dr. Clemons last saw Brett Lovelace as he arrived from the surgical suite to the PACU, he was face down on the gurney in a prone position, prior to him leaving LeBonheur and later being called and informed that he had coded. [Request No. 5 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

6. When Dr. Clemons spoke to the parents after the surgery when Brett Lovelace was in the PACU, he was face down in a prone position on the gurney, and Dr. Clemons questioned his parents about whether the prone position Brett was in, was a normal sleeping position for him, and they said "no". [Request No. 6 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

7. Dr. Clemons gave no orders, caution, warning or instructions to the PACU nurse, Kish, or to any other LeBonheur hospital personnel, and did not intervene in any way to ensure that Brett's airway was clear when he arrived in the PACU, and did not determine that he was oxygenating and ventilating properly following surgery. [Request No. 7 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

8. Dr. Clemons failed to ensure that Brett was fully awakened from anesthesia and conscious (AAOX3) prior to leaving the PACU after the surgery, and specifically, after he saw Brett in a prone position on the gurney and discussed the matter with the parents. [Request No. 8 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

9. Dr. Clemons did not call for an anesthesiologist to awaken or assess Brett Lovelace in the PACU to ensure that he was fully awakened from anesthesia and alert, after seeing Brett in a prone position and being aware of the patient's high risk of respiratory and airway compromise prior to leaving the hospital on the date of the surgery. [Request No. 9 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

10. Dr. Clemons took no action and failed to intervene to appropriately correct the improper face-down positioning of the patient after the T&A surgery and prior to him leaving the patient in the PACU and departing the hospital. [Request No. 10 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

11. The drawing attached hereto and identified as Ex. "B" [Brett Lovelace's Postoperative Positioning & Mechanism of Asphyxia], is a fair and accurate depiction of Brett Lovelace at the time of his arrival in the PACU at 10:30 a.m. on March 12, 2013, and when Dr. Clemons left him in the PACU. [Request No. 11 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

12. The drawing attached hereto and identified as Ex. "C" [3/12/12 Head CT Findings], is a fair and accurate depiction of Brett Lovelace's brain showing diffuse cerebral edema with loss of sulci and compression of ventricular system after he went into cardiac arrest in the PACU at 11:59 a.m. on March 12, 2013. [Request No. 12 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

13. The drawing attached hereto and identified as Ex. "D" [3/14/12 Head CT Findings – showing brain dead], is a fair and accurate depiction of Brett Lovelace's brain subsequent to 11:59 a.m. on March 12, 2013. [Request No. 13 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

14. The drawing attached hereto and identified as Ex. "E" [Adenoidectomy and Tonsillectomy Surgery], is a fair and accurate depiction or representation of the surgery performed on Brett Lovelace by Dr. Mark P. Clemons at approximately 9:19 a.m. on March 12, 2013 at LeBonheur Children's Hospital. [Request No. 14 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

15. The drawing attached hereto and identified as Ex. "F" [Cerebral Edema and Hypoxia], is a fair and accurate depiction of what happed to Brett Lovelace's brain during the time his airway was blocked and he was unattended in PACU subsequent to his T&A surgery on March 12, 2013 at LeBonheur Children's Hospital. [Request No. 15 – Plaintiffs' First Request for

Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

16.  The drawing attached hereto and identified as Ex. "G" [Normal Brain - Herniations], is a fair and accurate depiction of a normal brain prior to and after an event of the sort that occurred to Brett Lovelace after the T&A surgery of March 12, 2013 at Le Bonheur Children's Hospital. [Request No. 16 – Plaintiffs' First Request for Admissions Propounded to All Defendants] [Attached hereto as Exhibit H – admitted by Defendant].

17.  During post-anesthetic recovery, all children should be administered oxygen supplementation during their transport from the operating room and on arrival at the PACU, until they can maintain satisfactory oxygen saturation in room air or at their base line $FiO_2$. Smith, *Anesthesia for Infants and Children*, 8th Edition, Exhibit 4 to Deposition of Jason Kennedy, M.D. [Attached hereto as Exhibit I].

18.  Dr. Clemons failed to follow the proper standard of care in that he failed to appropriately ensure that Brett had adequate oxygen supplementation in the post-anesthesia care unit (PACU). [See ¶ 5 of Expert Witness Report of Jason D. Kennedy, M.D. (attached hereto as Exhibit J); Kish Dep. 125:8-18; 126:19-23; 136:15-16 (attached hereto as Exhibit K)].

19.  Dr. Clemons failed to reaffirm airway patency and adequacy of breathing in the PACU. [See ¶ 5 of Expert Witness Report of Jason D. Kennedy, M.D., attached hereto as Exhibit J].

20.  Dr. Clemons also failed to maintain airway patency with simple airway maneuvers or oronasopharyngeal airway until the patient was fully awake. [See ¶ 5 of Expert Witness Report of Jason D. Kennedy, M.D. (attached hereto as Exhibit J)].

21. Dr. Clemons failed to follow the applicable standard of care in that he failed to appropriately care for and recognize that Brett was not fully awakened from anesthesia. [See ¶ 7 of Expert Witness Report of Jason D. Kennedy, M.D. (attached hereto as Exhibit J); Helen Lovelace Dep. 41:4-21 (attached hereto as Exhibit L); Paidipalli Dep. 26:16-18; 30:6-11 (attached here to as Exhibit M)].

22. Dr. Clemons also failed to appropriately intervene by his lack of any personal action in the care of Brett or by not calling for an appropriate trained anesthesiologist to ensure that Brett was oxygenating and ventilating appropriately. An ENT surgeon routinely cares for such patients and should have known to intervene at the time Dr. Clemons saw Brett in the PACU. [See ¶ 7 of Expert Witness Report of Jason D. Kennedy, M.D. (Exhibit J); Kish Dep. 123:16-24; 125:8-18; 125:19-23] (attached hereto as Exhibit K).

23. Dr. Clemons, as respect Brett Lovelace's position in the PACU, which he observed, failed to follow the standard of care in his profession and in the locality of this event when he failed to intervene in Brett's poor positioning for a patient who was at high risk of respiratory compromise. By documentation, Clemons observed Brett in the PACU in a knees-to-chest prone position prior to his arrest, and did not act appropriately to correct the situation. [See ¶ 5 of Expert Witness Report of Jason D. Kennedy, M.D. (attached hereto as Exhibit J)].

24. Dr. Clemons did not adequately observe Brett Lovelace in the PACU so as to be able to exercise any judgment whatsoever. The patient was abandoned. The lack of attention, supervision and failure to follow the appropriate standard of care directly caused and contributed to the death of 12-year old Brett Lovelace. [See ¶ 10 and the final paragraph of Expert Witness Report of Jason D. Kennedy, M.D. (attached hereto as Exhibit J)].

25. Brett Lovelace was not supplied with supplemental oxygen during his transfer from the O.R. to the PACU, nor afterwards, until he became anoxic and a "code" was called. [Kish Dep. 125:8-18; 125:19-23; 136:15-16; (attached hereto as Exhibit K)].

26. It was consistent with local practice and customary practice for the Defendant to have a patient like Brett Lovelace receive supplemental oxygen in transit and in the PACU. [Clemons Dep. 25:21-24; 45:15-24; 46:1 (attached hereto as Exhibit N); Kish Dep. 143:20-23 (attached hereto as Exhibit K); Paidipalli Dep. 18:13-23; 19:3-8; 39:5-16 (attached hereto as Exhibit M)].

27. The prone position of Brett Lovelace during his stay in the PACU was not a customary, normal or accepted position for an ENT patient. [Clemons Dep. 44:1-24; 45:1-22 (attached hereto as Exhibit N); Kish Dep. 139:4-18; 140:1-7 (attached hereto as Exhibit K)].

Respectfully submitted,

/s/ Mark Ledbetter
Mark Ledbetter (#17637)
HALLIBURTON & LEDBETTER
Attorney for Plaintiffs
254 Court Avenue - Suite 305
Memphis, TN  38103
(901) 523-8153-phone
(901) 523-8115-fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been properly served upon all counsel of record identified below via the Court's ECF filing system this 8th day of August, 2014:

> J. Kimbrough Johnson/Marcy Dodds Magee/Margaret Cooper
> 2900 One Commerce Square
> 40 S. Main Street
> Memphis, TN 38103
> Attorneys for Mark Clemons
> 901/525-8721-phone
> 901/525-6722-fax
> jjohnson@lewisthomason.com
> mmagee@lewisthomason.com
> mcooper@lewisthomason.com

> Brad Gilmer/Jerry Potter/Karen Koplon/David Cook
> The Hardison Law Firm
> 119 S. Main Street, Suite 800
> Memphis, TN 38103
> Attorneys for Babu R. Paidipalli & Pediatric Anesthesiologists, P.A.
> 901/525-8776 – phone
> 901/525-8790 – fax
> Bgilmer@hard-law.com
> jpotter@hard-law.com
> kkoplon@hard-law.com
> dcook@hard-law.com

/s/ Mark Ledbetter
Mark Ledbetter, Certifying Attorney