IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                    No. 2:13-cv-02289 dkv
                                                               JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

## DEFENDANT, MARK P. CLEMONS, M.D.'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR EXTENSION OF TIME

Comes now the Defendant, Mark P. Clemons, M.D. ("Dr. Clemons"), by and through counsel of record, and respectfully moves this Court for leave to file a response to the Plaintiffs' Motion for Partial Summary Judgment filed against him and for a brief extension beyond the deadline pursuant to Federal Rule of Civil Procedure (6)(b).

On August 8, 2014, Plaintiffs filed three separate Motions via electronic filing. (ECF 124, 126, 127). On August 25, 2014, Dr. Clemons filed a Response in Opposition to Plaintiffs' Motion (filed August 8, 2014) to Exclude Expert Testimony. (ECF 134)

On September 12, 2014, defense counsel received a letter and proposed Order on the Motion for Partial Summary Judgment related to Dr. Clemons. (ECF 136). Defense counsel immediately responded via email to advise that a Response had been filed on August 25, 2014, to the Motion that defense counsel mistakenly thought was the subject of the Order. Thereafter,

defense counsel contacted plaintiffs' counsel via telephone to inquire about the proposed Order and defense counsel learned during the telephone conference the Order related to a Motion for Partial Summary Judgment, which defense counsel had mistakenly not previously seen. (It should be noted that emails were also exchanged wherein Plaintiffs' counsel provided clarification to defense counsel about the subject of the Order.) After having said discussion with plaintiffs' counsel, defense counsel conducted a search of their computers and saw the electronic filing reflecting the Motion for Partial Summary Judgment, along with the two other Motions referenced above, which were filed the same date. No courtesy email correspondence was sent by plaintiffs' counsel, nor was courtesy correspondence sent via U.S. Mail serving the three Motions upon defense counsel, although defendant acknowledges this is not required.

Defense counsel responded timely to the other Motion received on August 8, 2014, and submits to this Court that they would have properly responded in a timely fashion to the Motion for Partial Summary Judgment had they not inadvertently overlooked it.

Federal Rule of Civil Procedure 6, which governs computing and extending time for filings, provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). This provision of the Federal Rules confers discretion to courts to determine whether to extend the time for filings. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 895–96 (1990). Courts applying Rule 6(b) "have generally recognized that 'excusable neglect' may extend to inadvertent delays." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 391–92 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is

not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. When determining whether neglect is excusable, courts consider "the danger of prejudice to the [party moving for summary judgment], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. (*See also* Lewis v. School Dist. #70, 523 F.3d 730, 740 (7th Cir. 2008), wherein the Court found excusable neglect for miscalculating the deadline to file an answer in a case removed from State Court because the mistake was understandable and there was no prejudice to the opposing party.) (*See also* Mammaerts v. Hartford Life and Acc. Ins. Co. 472 F.3d 967, 968 (7th Cir 2007), holding that excusable neglect based on defendant's miscalculation of time to answer was not an abuse of discretion where a delay was short and plaintiff was not prejudiced.)

In the matter at hand, defense counsel submits that the less than one (1) week delay in responding to the Partial Summary Judgment Motion does not prejudice the Plaintiffs, and does not impact the January 20, 2015 trial setting. Further, defense counsel submits that the Defendant is moving for leave to file a Response and brief extension based upon good faith due to mistakenly overlooking this one Motion received August 8, 2014, via electronic filing in conjunction with the other Motions filed that day. Defense counsel would respectfully submit that had the Motion been reviewed, defense counsel would have filed a timely response as they had to the other Motion addressing Dr. Clemons filed that same date.

As such, Defendant would respectfully move this Court for permission pursuant to Federal Rule of Civil Procedure (6)(b) for leave to file a response to Plaintiffs' Motion, a copy of which is attached hereto as **Collective Exhibit A**, and is also being filed with the Court on this same date.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

s/ _____
J. KIMBROUGH JOHNSON (7953)
MARCY D. MAGEE (19360)
MARGARET F. COOPER (26250)
Attorneys for Defendant, Mark Clemons, M.D.
40 South Main Street, 29th Floor
Memphis, TN 38103
(901) 525-8721

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been properly served upon all counsel of record identified below via Notice through the Court's ECF filing system

| | |
|---|---|
| Mr. Mark Ledbetter | Mr. Jerry O. Potter |
| Halliburton & Ledbetter | W. Bradley Gilmer |
| 254 Court Avenue, Suite 305 | Karen S. Koplon |
| Memphis, TN 38103 | The Hardison Law Firm |
| | 119 S. Main Street, Suite 800 |
| | Memphis, TN 38103 |

This ____ day of September 2014.

s/ _____

5644076

4