IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                  No. 2:13-cv-02289 dkv
                                                        JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

**RESPONSE OF DEFENDANT, MARK P. CLEMONS, M.D. TO PLAINTIFFS'
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Comes now the Defendant, Mark P. Clemons, M.D. ("Dr. Clemons"), by and through counsel of record, and responds in opposition to Plaintiffs' Statement of Undisputed Material Facts, and would state until the Court as follows:

Defendant <u>denies</u> Plaintiffs' statement that no genuine issue of material fact remains to be litigated in this matter as to the negligence or fault of Dr. Mark P. Clemons under T.C.A. § 29-26-115(1)(2) and (3). (See **Exhibit A** attached hereto.)

Defendant would further respond to Plaintiffs' Statement of Undisputed Material Facts and state unto the Court as follows:

1.    Denied as stated. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to

Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate, as it was denied. (*See* **Exhibit C** attached hereto).

2. Denied as stated. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate, as it was denied. (*See* **Exhibit C**).

3. Denied as stated. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate, as it was denied. (*See* **Exhibit C**).

4. Denied as stated. It is admitted that Dr. Clemons would have advised Brett Lovelace's parents that he tolerated the surgical procedure well, and Brett Lovelace had been transferred to the recovery room (Le Bonheur PACU) in stable condition. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (*See* **Exhibit C**).

5. Denied as stated. It is admitted that Dr. Clemons transferred Brett Lovelace from the operating room to the Le Bonheur PACU in stable condition. Once the patient was transferred from the operating room, the Le Bonheur PACU assumed responsibility for his care. Dr. Clemons briefly passed through the recovery room as he was leaving the hospital for his office. By the time Brett Lovelace began developing breathing difficulties, Dr. Clemons had left the hospital. Dr. Clemons was not contacted about any problems or breathing abnormalities until after the code had been called and initiated. Plaintiffs incorrectly allege in their Statement of

Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (*See* **Exhibit C**).

6. Denied as stated. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (*See* **Exhibit C**).

7. Denied as stated. Dr. Clemons would state that his care and treatment of Brett Lovelace concluded when he transferred the patient to the Le Bonheur PACU in stable condition with no breathing abnormalities. Thereafter, it was the responsibility of the Methodist Le Bonheur Hospital personnel to monitor Brett Lovelace in the PACU. (**Exhibit C**). Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (*See* **Exhibit C**).

8. Denied as stated. Dr. Clemons would state that his care and treatment of Brett Lovelace concluded when he transferred the patient to the Le Bonheur PACU in stable condition with no breathing abnormalities. Thereafter, it was the responsibility of the Methodist Le Bonheur Hospital personnel to monitor Brett Lovelace in the PACU. (**Exhibit C**). Additionally, Dr. Clemons would state that he lacks knowledge and information to admit or deny the requests related specifically to anesthesia issues as it is outside Dr. Clemons' area of expertise. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (*See* **Exhibit C**).

9. Denied as stated. Dr. Clemons would state that his care and treatment of Brett Lovelace concluded when he transferred the patient to the Le Bonheur PACU in stable condition with no breathing abnormalities. Thereafter, it was the responsibility of the Methodist Le Bonheur Hospital personnel to monitor Brett Lovelace in the PACU. (**Exhibit C**). Additionally, Dr. Clemons would state that he lacks knowledge and information to admit or deny the requests related specifically to anesthesia issues as it is outside Dr. Clemons' area of expertise. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (*See* **Exhibit C**).

10. Denied as stated. Dr. Clemons' care and treatment of this patient concluded when he transferred Brett Lovelace to the Le Bonheur PACU in stable condition with no breathing abnormalities. Thereafter, it was the responsibility of the Methodist Le Bonheur Hospital personnel to monitor Brett Lovelace in the PACU. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (**Exhibit C**).

11. Denied as stated. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (**Exhibit C**).

12. Objection. Dr. Clemons can neither admit nor deny this request as reading and interpreting CT images, including the illustrator's depiction of such images, shown in the exhibit referenced herein are outside of Dr. Clemons' area of expertise. Dr. Clemons would further

object to this purported Request as it is unduly burdensome because it seeks to shift the burden of providing expert opinions to support the Plaintiffs' claim on to Dr. Clemons which is not appropriate. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (**Exhibit C**).

13. Objection. Dr. Clemons can neither admit nor deny this request as reading and interpreting CT images, including the illustrator's depiction of such images, shown in the exhibit referenced herein are outside of Dr. Clemons' area of expertise. Dr. Clemons would further object to this purported Request as it is unduly burdensome because it seeks to shift the burden of providing expert opinions to support the Plaintiffs' claim on to Dr. Clemons which is not appropriate. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (**Exhibit C**).

14. Denied as stated. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (**Exhibit C**).

15. Objection. This statement is unduly burdensome as it seeks to shift the burden of providing expert opinions to support the Plaintiffs' claim on to Dr. Clemons which is not appropriate. Further, Dr. Clemons can neither admit nor deny this statement as he was not present at the hospital when Brett Lovelace developed breathing difficulties, strict proof being

demanded if the interests of Dr. Clemons will be adversely affected thereby. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (**Exhibit C**).

16. Objection. Dr. Clemons can neither admit nor deny this request as reading and interpreting CT images, including the illustrator's depiction of such images, shown in the exhibit referenced herein are outside of Dr. Clemons' area of expertise. Dr. Clemons would further object to this Request as it is unduly burdensome because it seeks to shift the burden of providing expert opinions to support the Plaintiffs' claim on to Dr. Clemons which is not appropriate. Plaintiffs incorrectly allege in their Statement of Undisputed Material Facts (**Exhibit B**) that this allegation was admitted by Defendant in responses to Plaintiffs' First Requests for Admissions Propounded to All Defendants, however, Plaintiffs are not accurate. (**Exhibit C**).

17. Objection. Improper foundation. Without waiving the objection, denied as stated. It is admitted, as Dr. Clemons so testified in his discovery deposition that "everyone is on supplemental oxygen for a short while in the recovery room when they get there." (**Exhibit D**, Deposition of Dr. Clemons, pp 39-40). Dr. Paidipalli also testified he ordered supplemental oxygen. (**Exhibit E**) The medical records demonstrate the use of supplemental oxygen. (**Exhibit F**)

18. Denied. (**Exhibit D, E, F**)

19. Denied. (*See* **Exhibit C**, *see also* Expert Witness Reports of Dr. Werkhaven and Dr. Thompson, attached hereto as **Exhibit G**).

20. Denied. (*See* **Exhibit C**, *see also* Expert Witness Reports of Dr. Werkhaven and Dr. Thompson, attached hereto as **Exhibit G**).

21. Denied. (*See* **Exhibit C**, *see also* Expert Witness Reports of Dr. Werkhaven and Dr. Thompson, attached hereto as **Exhibit G**; *see also* Deposition of Dr. Clemons, attached hereto as **Exhibit D**).

22. Denied as stated. (*See* **Exhibit C**, *see also* Expert Witness Reports of Dr. Werkhaven and Dr. Thompson, attached hereto as **Exhibit G**; *see also* Deposition of Dr. Clemons, attached hereto as **Exhibit D**).

23. Denied. (*See* **Exhibit C**; *see also* **Exhibit E**; *see also* Expert Witness Reports of Dr. Werkhaven and Dr. Thompson, attached hereto as **Exhibit G**.)

24. Denied as stated. (*See* **Exhibit C**; *see also* **Exhibit E**; *see also* Expert Witness Reports of Dr. Werkhaven and Dr. Thompson, attached hereto as **Exhibit G**; *see also* Deposition of Kelly Kish, R.N., attached hereto as **Exhibit H**; *see also* Deposition of Dr. Kennedy attached hereto as **Exhibit I**.)

25. Objection. Dr. Clemons was not present with the patient at this time as he had already transferred the patient to recovery and Brett Lovelace was under the care and responsibility of the Methodist Le Bonheur recovery room personnel. (**Exhibit C; Exhibit D**). Without waiving the objection, Dr. Paidipalli states in his deposition that he ordered supplemental oxygen. (*See* **Exhibit E**; *see also* **Exhibit F**; *see also* **Exhibit H**).

26. Admitted.

27. Denied as stated. (*See* **Exhibit C**; *see also* **Exhibit E**; *see also* **Exhibit H, p. 53-54**).

7

Respectfully submitted,

**LEWIS THOMASON, P.C.**

s/_____
J. KIMBROUGH JOHNSON (7953)
MARCY D. MAGEE (19360)
MARGARET F. COOPER (26250)
Attorneys for Defendant, Mark Clemons, M.D.
40 South Main Street, 29th Floor
Memphis, TN 38103
(901) 525-8721

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been properly served upon all counsel of record identified below via Notice through the Court's ECF filing system

| | |
|---|---|
| Mr. Mark Ledbetter | Mr. Jerry O. Potter |
| Halliburton & Ledbetter | W. Bradley Gilmer |
| 254 Court Avenue, Suite 305 | Karen S. Koplon |
| Memphis, TN 38103 | The Hardison Law Firm |
| | 119 S. Main Street, Suite 800 |
| | Memphis, TN 38103 |

This ____ day of September 2014.

s/_____

5644075