IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as
Parents of BRETT LOVELACE, deceased,

     Plaintiffs,

vs.                            NO.:   2:13-cv-02289 dkv
                                 JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and,
MARK P. CLEMONS,

     Defendants.

**PLAINTIFFS', DANIEL LOVELACE and HELEN LOVELACE, INDIVIDUALLY, AND AS PARENTS OF BRETT LOVELACE, DECEASED, RESPONSE TO DEFENDANT, MARK P. CLEMONS, M.D.'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR EXTENSION OF TIME, AND BRIEF**

Come the Plaintiffs, Daniel Lovelace and wife, Helen Lovelace, Individually, and as Parents of Brett Lovelace, deceased, by and through their attorney, Mark Ledbetter, and for their Response to Defendant, Mark P. Clemons, M.D.'s Motion for Leave to File Response to Plaintiffs' Motion for Partial Summary Judgment and for Extension of Time, and Brief, state as follows:

1.     On August 8, 2014, relying upon the Court's deadline of August 9, 2014, Plaintiffs filed three separate motions via electronic filing, which included four document entries [D.E. 124, 125, 126, 127], and which also effected immediate service of process of D.E. 124 and D.E. 125 upon Movant's attorneys of record under Rule 5(b)(1), F.R.C.P., viz., Plaintiffs' Motion for Partial Summary Judgment and Brief [D.E. 124] and Plaintiffs' Statement of

Undisputed Material Facts [D.E. 125]. Thus, electronic service of the documents was effected upon the following attorneys and members of Dr. Clemons' legal team whose email addresses were registered with this Court on August 8, 2014, at 11:21 a.m. and 11:52 a.m., respectively.

    (a)    Marcy Dodd Magee (attorney) at mmagee@lewisthomason.com;

    (b)    Marcy Dodd Magee's assistant at rjansen@lewisthomason.com;

    (c)    Marcy Dodd Magee's assistant at scarr@lewisthomason.com;

    (d)    Margaret Forrest Cooper (attorney) at dmyles@lewisthomason.com;

    (e)    J. Kimbrough Johnson (attorney) at johnsonk@thomasonlaw.com; and

    (f)    J. Kimbrough Johnson's assistant at jberry@lewisthomason.com.

2.    Defendant, Mark P. Clemons, M.D., filed no Response to Plaintiffs' Motion for Partial Summary Judgment and Brief [D.E. 124], nor to Plaintiffs' Statement of Undisputed Material Facts [D.E. 125], which were filed on August 8, 2014, and electronically served on that date upon Movant's six (6) legal team members, which is now undisputed.

3.    The deadline under the Federal Rules of Civil Procedure 56 for Defendant, Mark P. Clemons, M.D., to file a response to a summary judgment motion was twenty-eight (28) days later, viz., September 5, 2015 at or about midnight. Local Rule 56.1(b); Federal Rules of Civil Procedure 5(b)(1) and 6.[1] Thus, as no Response was timely filed by Movant, nor an extension of time to file previously requested and granted, Plaintiffs' counsel submitted an Order to the Court Granting Summary Judgment on September 12, 2014 [D.E. 136], when it was apparent that Movant had not filed a timely response to Plaintiffs' Motion for Partial Summary Judgment and Brief.

---

[1] Federal Rules of Civil Procedure 6(d) [Additional Time After Certain Kinds of Service] does not apply to the issues raised in this Response, as Movant was served by D.E. 124 and D.E. 125 under Rule 5(b)(1) [service upon counsel], instead of service upon a party [Clemons], under Rule 5(b)(2). Thus, Movant is not entitled to add extra days as a reason for any delays.

4.      For context, Movant's counsel has previously failed to file in this case, or filed pleadings after their deadlines, under Federal Rules of Civil Procedure 5(b)(1), 6 and 36, as demonstrated by the following docket entries, pleadings and exchanges between counsel:

(a)      No timely "Certificate of Good Faith" was filed by Movant [D.E. 118];

(b)      No Response to Plaintiffs' Motion to Strike the [Certificate of Good Faith of Defendant Mark P. Clemons, M.D.] under T.C.A. § 29-26-122(b) and (c), and Brief [D.E. 103] was timely filed by Movant [D.E. 118]; thus, a default was entered [D.E. 118];

(c)      No Response to Plaintiffs' First Request for Admissions Propounded to All Defendants, which were served on Movant on July 3, 2013, was timely filed [D.E. 22]. [Dep. Kish, May 15, 2014, 5:23-24; 6:1-24; 7:1-18] [Exhibit "A"].  [There was no waiver of the thirty (30) day response time under Federal Rules of Civil Procedure 36 by Plaintiffs, or other defaults of Movant, as was discussed between the parties on May 15, 2014].  Thus, Movant defaulted on Plaintiffs' First Request for Admissions Propounded to All Defendants as discussed at length elsewhere.  [D.E. 124, 125].  [See Exhibit "B"];

(d)      Movant's Motion to Join Defendants', Pediatric Anesthesiologists, P.A., and Babu Rao Paidipalli, M.D.'s Motion to Exclude Opinions of Plaintiff's Designated Expert Witnesses Jason Kennedy, M.D. and Robert E. Marsh Under F.R.E. 702/*Daubert* and Memorandum of Law in Support of Motion [D.E. 129] was filed after the Defendants' deadline for *Daubert* motions to exclude trial experts, which deadline was August 9, 2014.  Clemons' Motion [D.E. 129] was filed August 12, 2014 [D.E. 129], three (3) days past the deadline; and

(e)      No timely Response to Plaintiffs' Motion in Limine to Exclude Defendant Clemons', Proposed Expert Witness Testimony of Jerome Thompson, M.D., Jay Werkhaven, M.D., Dianne Dowdy, R.N. and Edward L. Brundick, III  [D.E. 127] was filed.  [Note: the

3

deadline for Movant's Response to D.E. 127 was August 22, 2014; Movant responded on <u>August 25, 2014</u>! [D.E. 134].   Federal Rules of Civil Procedure 5(b)(1), 6(a)(1); see fn.1, *supra*. [Movant incorrectly asserts in its Motion for Extension of Time [D.E. 137] that it responded timely to D.E. 127].

5.      Thus, from the foregoing, it is apparent that Movant, Clemons, has not been diligent on numerous occasions in this matter, and was not diligent with respect to responding to Plaintiffs' Motion for Partial Summary Judgment and Brief [D.E. 124], and Plaintiffs' Statement of Undisputed Material Facts [D.E. 125].

6.      Movant's recitation of Federal Rules of Civil Procedure 6 ignores the underlying facts and applicable law.  When six (6) members of Movant's law firm and staff simultaneously receive two (2) summary judgment pleadings [D.E. 124 and D.E. 125], with numerous exhibits, as here, comprising a total of twelve (12) NEF's [notices of electronic filings], and have not only on one occasion but on six, failed to act or respond in a timely fashion, the plea of "inadvertent delay" or "excusable neglect" is a stretch. "Frequent or customary delay" seems more apt. See, <u>e.g.</u>, <u>Yeschick v. Mineta</u>, 675 F.3d 622, 629, 630 (6th Cir. 2012) [No relief should be granted for "excusable neglect" where neglect of counsel is in not checking the docket, <u>especially where electronic service was shown</u>]; <u>Kuhn v. Sulzer Orthopedics, Inc.</u>, 498 F.3d 365, 370, 371, 372 (6th Cir. 2007) [Failure to monitor ECF filings is not a valid excuse for failing to respond or file documents in a timely manner]; <u>Wheat v. Rieser</u>, 452 B.R. 627, 635, 636, 637 (S.D. Ohio 2011) [Counsel's inaction in failing to monitor the docket is not a valid excuse for relief from a default]; <u>Brittingham v. Wells Fargo Bank</u>, 543 Fed. Appx. 372, 374 (5th Cir. 2013)  [Counsel's "calendar error" does not constitute "excusable neglect" warranting relief];  <u>Van Gorden v. Sharinn & Lipshie</u>, 933 F. Supp. 2d 261, 263 (E.D. N.Y. 2014)  [Attorney error, mistake or

4

mishandling of his caseload does not suffice as a ground for relief]; Jarvis v. Parker, 2014 WL 346077 D.D.C. 2014); Nansamba v. North Shore Medical Center, Inc., 727 F.3d 33 (1st Cir. 2013) [Counsel's lack of diligence in failing to open an e-mail attachment, does not warrant relief]; McMillian v. Dist. of Columbia, 233 F.R.D. 179, 181, 182 (D.D.C. 2005) [The classic "my dog ate my homework" line is not a proper excuse for failure to respond to a motion]; Fox v. Am. Airlines, Inc., 295 F. Supp. 2d 56, 59 (D.D.C. 2003), aff'd Fox v. Am. Airlines, Inc., 389 F.3d 1291, 1294 (D.C. Cir. 2004) ["A claim of non-receipt of an ECF filing is simply an updated version of "my dog ate my homework"]; Federated Towing & Recovery, LLC v. Praetorian Ins. Co., 283 F.R.D. 644 (D.N.M. 2012) [Statements made in a brief by counsel are not evidence.]; Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403 (4th Cir. 2010) [Failure to retrieve and act upon an e-mail notice of a federal court is not excusable neglect]; Lobrow v. Village of Port Barrington, Ill., 406 Fed. Appx. 60 (7th Cir. 2010) [A lawyer's inattentiveness to litigation is generally not excusable, and, thus, is not a basis for relief from a final judgment].

7.     When the Movant saw that an Order Granting Plaintiffs' Motion for Partial Summary Judgment was being sought, an email was immediately sent by Movant's counsel to Plaintiffs' counsel insisting that a Response had, in fact, been electronically filed and served by mail by Movant upon Plaintiffs' counsel.  The words of Movant's counsel in her email state ". . . we absolutely filed a timely response."  [Exhibit "C"].  Untrue.  [Movant later agreed that said email was untrue.]

8.     The cases cited by Defendant in Clemons' Motion for Leave to File Response to Plaintiffs' Motion for Partial Summary Judgment and for Extension of Time [D.E. 137] do not, on the facts of this case, warrant the relief sought by Movant.

9.     No sufficient basis for granting any relief to the Movant in this case is demonstrated, as the (a) history of Movant's prior departures from the Federal Rules of Civil Procedure and the Local Rules on numerous occasions, (b) the misstatement to Plaintiffs' counsel that a Response had been timely filed and served in this case, wherein Movant falsely asserted that counsel had, in fact, responded, and (c) the abundant case law in the Sixth Circuit to the contrary, make this issue rather self-evident that no excusable neglect or other proper reason, has been established.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Daniel Lovelace and wife, Helen Lovelace, Individually, and as Parents of Brett Lovelace, as Respondents, pray that the Court grant Plaintiffs' Motion for Partial Summary Judgment, denying any further relief to the Movant.

Respectfully submitted,

**HALLIBURTON & LEDBETTER**

/s/ Mark Ledbetter
Mark Ledbetter (#17637)
Attorney for Plaintiffs
254 Court Avenue - Suite 305
Memphis, TN  38103
(901) 523-8153-phone
(901) 523-8115-fax

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been properly served upon all counsel of record identified below via the Court's ECF filing system

J. Kimbrough Johnson/Marcy Dodds Magee/Margaret Cooper
2900 One Commerce Square
40 S. Main Street
Memphis, TN  38103
Attorneys for Mark Clemons
901/525-8721-phone
901/525-6722-fax
jjohnson@lewisthomason.com
mmagee@lewisthomason.com
mcooper@lewisthomason.com


Brad Gilmer/Jerry Potter/Karen Poplon/David Cook
The Hardison Law Firm
119 S. Main Street, Suite 800
Memphis, TN  38103
Attorneys for Babu R. Paidipalli & Pediatric Anesthesiologists, P.A.
901/525-8776 – phone
901/525-8790 – fax
Bgilmer@hard-law.com
jpotter@hard-law.com
kkoplon@hard-law.com
dcook@hard-law.com


This 20th day of September, 2014.

/s/ Mark Ledbetter_____
Mark Ledbetter,  Certifying Attorney

7