IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                                                     No. 2:13-cv-02289 dkv
                                                                        JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

---

DEFENDANT, MARK P. CLEMONS, M.D.'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT, MARK P. CLEMONS, M.D.'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR EXTENSION OF TIME

---

Comes now the Defendant, Mark P. Clemons, M.D. ("Dr. Clemons"), by and through counsel of record, and files this Reply to Plaintiffs' Response to Defendant, Mark P. Clemons, M.D.'s Motion for Leave to File Response to Plaintiffs' Motion for Partial Summary Judgment and For Extension of Time and would state unto the Court as follows:

The Western District has adopted the Guidelines for Professional Courtesy and Conduct. Local Rule 83.4(c) of the United States District Court for the Western District of Tennessee, which discusses admission to practice in the Western District, provides that an applicant to the Court must certify that he or she subjects himself or herself to the Guidelines of Professional Courtesy and Conduct. (*See* Guidelines for Professional Courtesy and Conduct, and United States District Court for the Western District of Tennessee Local Rules.) Local Rule 83.4(g)

1

states that all attorneys practicing in the Western District Court must comply with the Guidelines of Professional Courtesy and Conduct. *Id.* These guidelines provide that "[a] lawyer owes to opposing counsel a duty of courtesy, fairness and cooperation." *Id.* The Guidelines for Professional Courtesy and Conduct further provide as follows:

> "…I.11.  A lawyer should make every reasonable effort to cooperate with opposing counsel. …
>
> II. 1.  A lawyer should respect the scheduling commitments of opposing counsel…
>
> II. 2.  A lawyer should consult opposing counsel in an effort to resolve matters by agreement before filing motions…
>
> II. 12. A lawyer should serve copies of all briefs upon opposing counsel at the time that they are filed with the Court…
>
> II. 13.  A lawyer should not take a default judgment without first giving reasonable notice to opposing counsel…of his intention to do so, and should agree to set aside such a default judgment when reasonable cause exists and…
>
> **II. 14.  A lawyer should grant reasonable extensions of time to opposing counsel where such extensions will not have a material adverse effect on the rights of the client."** *Id.* (Emphasis added).

Although defense counsel takes exception with plaintiffs' statement in his response that six (6) people in defense counsel's office received notification of the plaintiffs' Motion for

Summary Judgment (ECF 140),[1] this is a moot objection as defense counsel has already admitted that after receiving plaintiffs' proposed Order regarding the Motion for Partial Summary Judgment, defense counsel conducted a search of their computers and saw for the first time the electronic filing reflecting the Motion for Partial Summary Judgment, along with the two other motions which were filed the same date. (ECF 137) Defense counsel received via electronic filing three motions on Friday, August 8, 2014, late in the day and inadvertently failed to review/print one of the three. (ECF 137) Defense counsel responded timely to the other motion pertaining to Dr. Clemons received on August 8, 2014, by filing a response on August 25, 2014, despite plaintiffs' statement to the contrary in his Response. (ECF 127, 134, 137 and 140) Plaintiffs' Motion to Exclude Dr. Clemons' Proposed Expert Witness Testimony was filed electronically on Friday, August 8, 2014. (ECF 127) As per Rule 11.2.3 of the Electronic Filing Policies and Procedures of the United States District Court for the Western District of Tennessee provides, "service by electronic means, even though immediate in nature, is treated the same as service by mail, so three (3) days are added to prescribed period to respond." As such, service by electronic means occurred on August 11, 2014, thereby making the response filed on August 25, 2014 (ECF 134) timely.

In his initial Motion for Leave to File a Response, Dr. Mark Clemons' counsel readily admitted that the oversight in printing the Motion filed in conjunction with two other motions the same day, was due to their mistake. Had they seen it, they would have timely responded as they did to the other motion pertaining to Dr. Clemons received at the same time. [ECF 134, 137]. Defense counsel first saw the Motion for Partial Summary Judgment on Friday, September 12, 2014, when it was brought to their attention by a proposed Order submitted by plaintiffs'

---

[1] Two of the six employees are no longer employed at defense counsel's firm, namely Ms. Susan Carr and Ms. Jane Berry. Ms. Maggie Cooper who received notification via her secretary (Ms. Dawn Myles) is not working on this matter.

3

counsel. (ECF 136, 137) When defense counsel immediately responded via email to advise that a response had been filed timely, defense counsel was under the impression that plaintiffs' counsel was referring to the Motion to Exclude Dr. Clemons' Experts. (ECF 137, 140) During the course of that conversation between plaintiffs' counsel and defense counsel on September 12, 2014, and via email exchange thereafter, it was determined that counsel for Dr. Clemons had inadvertently overlooked one of three motions filed electronically on Friday, August 8, 2014. Defense counsel has repeatedly admitted to this oversight on their part both in the telephone call on September 12, 2014, and via email correspondence exchanged September 12, 2014 through September 15, 2014. (attached in its entirety as Exhibit A, as plaintiffs' counsel did not include the entire string of emails to his Response Brief, ECF 140). No courtesy correspondence was sent to defense counsel via email or U.S. Mail copying them with the three Motions filed on August 8, 2014, despite repeated requests made by defense counsel for courtesy copies of everything filed. After filing his Motion for Leave to File Response on September 15, 2014, Dr. Clemons filed his Response to Plaintiffs' Motion for Partial Summary Judgment, along with his Response to Plaintiffs' Statement of Undisputed Facts. (ECF 137, 138 and 139) The less than one week delay in responding to the Partial Summary Judgment Motion does not prejudice the plaintiffs and does not impact the January 20, 2015 trial setting.

The basis for plaintiffs' Motion for Partial Summary Judgment is the timing of when Dr. Clemons responded to plaintiffs' discovery. (ECF 138) Discovery was propounded by all parties in this matter, which was extensive and voluminous in nature. Correspondence was exchanged between both parties requesting extensions to discovery, and in an effort to be cooperative, all parties agreed thereto, consistent with the recommendations set forth in the Guidelines of Professional Courtesy and Conduct. Because these extensions were reached by agreement, there

4

were never any motions to compel responses filed by either party, nor any motions to deem requests admitted before all discovery responses were filed. (ECF 40, 41, 47, 69, 86)  As demonstrated by the Response of Dr. Clemons to plaintiffs' Motion for Partial Summary Judgment (ECF 138), there are numerous factual discrepancies in this matter which must be decided by a jury.  Most importantly, there is a dispute as to who was responsible for monitoring the patient in the Recovery Room.  As previously set forth in various pleadings filed with this Court, plaintiffs reached a confidential settlement agreement with Methodist LeBonheur pre-suit based upon the egregious care rendered by the Recovery Room nurse, Kelly Kish, R.N., which included fraudulent documentation of the child's vital signs, as well as playing on Facebook and other social media websites while she was supposed to be monitoring the child one-on-one. (ECF 138)  The nurse's license was later voluntarily revoked as a result of her actions. (Attached as Exhibit B)

      Federal Rule of Civil Procedure 29 provides that parties may stipulate to an extension of time for responses to discovery assuming it will not interfere with the scheduling order or trial. Herein, neither the scheduling order, nor the trial date of January 20, 2015, was affected by the timing of Dr. Clemons' discovery responses and both parties had agreed to provide additional time to each other to respond to discovery because of time constraints related to other matters. Responses to requests for admissions were filed by Dr. Clemons without objection. (ECF 69) Dr. Clemons' discovery responses, coupled with other discovery responses of Dr. Clemons, depositions taken herein (including the deposition of Kelly Kish, R.N.), along with the expert disclosures of Dr. Clemons, clearly demonstrate a genuine factual dispute exists in this matter for a jury to decide and the parties should proceed toward trial. (ECF 138)

As such, defendant would again respectfully move this Court for permission pursuant to Federal Rule of Civil Procedure (6)(b) for leave to file their Response to plaintiffs' Motion as they filed the Motion in good faith as a result of mistakenly overlooking one of three motions received on Friday, August 8, 2014, via electronic filing, with no courtesy copies served upon counsel. Defense counsel respectfully submits that had the Motion been reviewed, they would have filed a timely response as they did with the other motion pertaining to Dr. Clemons filed that same day. (ECF 134, 137) [2]

Respectfully submitted,

**LEWIS THOMASON, P.C.**

s/ Marcy D. Magee
J. KIMBROUGH JOHNSON (7953)
MARCY D. MAGEE (19360)
Attorneys for Defendant, Mark Clemons, M.D.
40 South Main Street, 29th Floor
Memphis, TN 38103
(901) 525-8721

---

[2] A proposed order granting Dr. Mark Clemons' Motion for Leave to File Response to Plaintiffs' Motion for Partial Summary Judgment an Extension of Time was forwarded to This Honorable Court on September 16, 2014 and is also attached hereto as Exhibit C.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been properly served upon all counsel of record identified below via Notice through the Court's ECF filing system:

Mr. Mark Ledbetter
Halliburton & Ledbetter
254 Court Avenue, Suite 305
Memphis, TN 38103

Mr. Jerry O. Potter
W. Bradley Gilmer
Karen S. Koplon
The Hardison Law Firm
119 S. Main Street, Suite 800
Memphis, TN 38103

This ____ day of September 2014.

s/ Marcy D. Magee

5661722