## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL LOVELACE and<br>HELEN LOVELACE, Individually, and as<br>Parents of BRETT LOVELACE, deceased | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 2:13-cv-02289-SHL-dkv |
| PEDIATRIC ANESTHESIOLOGISTS, P.A.;<br>BABU RAO PAIDIPALLI; and,<br>MARK P. CLEMONS, | )<br>)<br>) | |
| Defendants.. | | |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND
## DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
## JUDGMENT

Before the Court are Defendants Pediatric Anesthesiologists, PA and Babu Rao Paidipalli's Motion to Dismiss for Failure to State a Claim and Plaintiffs' Motion for Partial Summary Judgment. (See ECF No. 12, 124.) For the reasons stated below, the Motions are DENIED.

## I.    BACKGROUND

The following facts are undisputed unless otherwise noted. On March 12, 2012, Plaintiffs' twelve-year old son, Brett Lovelace, underwent a tonsillectomy and adenoidectomy at LeBonheur Children's Hospital in Memphis, Tennessee. Defendants Defendant Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli administered anesthesia and Defendant Mark Clemons successfully performed the surgery. Following the surgery, Brett Lovelace was transported to the LeBonheur recovery room (also known as the PACU or post-anesthesia care unit). While in the recovery room, Brett Lovelace died from asphyxiation; the death was allegedly the result of Brett Lovelace being placed in a prone position which constricted his airflow. Plaintiffs brought suit against Defendants for medical malpractice and negligent

infliction of emotional distress, alleging that Brett Lovelace's death is the result of Defendants' failure to adhere to recognized professional standards of care.

## II.    ANALYSIS

Defendants Paidipalli and Pediatric Anesthesiologists move to dismiss for failure to state a claim because Plaintiffs did not strictly comply with the notice requirements in Tennessee's medical malpractice statute.  Plaintiffs move for partial summary judgment as to Defendant Clemons because Clemons failed to timely file answers in this case.  For the reasons stated below, both of these motions are DENIED.

### A.    Motion to Dismiss

Under Tennessee law, a plaintiff asserting a claim for medical malpractice "shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before filing the complaint[.]"  Tenn. Code Ann. § 29–26–121.  Pursuant to Tenn. Code Ann. § 29–26–121(a)(2)(E), a plaintiff's pre-suit notice must include a HIPAA compliant medical authorization that permits the healthcare provider receiving the notice to obtain complete medical records from every other provider that is being sent a notice.  Plaintiffs sent an Authorization to Disclose Health Information along with the required notice.  (See ECF No. 1-8 at 10.)  This form was correctly filled out in all ways but one: Plaintiffs failed to mark an option as to the type and amount of information to be disclosed.  Defendants argue that this is not a HIPAA compliant release because it does not include "a description of each purpose of the requested use or disclosure," as required by 45 C.F.R. 164.508(c)(1)(iv).

Defendants argue that the claim should be dismissed because Plaintiffs did not strictly comply with the notice requirements of Tenn. Code Ann. § 29–26–121(a)(2)(E) when they included a non-compliant HIPAA release.  At the time Plaintiffs filed their motion, it was an open question of law as to whether this notice statute required strict or substantial compliance.

2

The Tennessee Supreme Court has since decided that issue, holding that only substantial compliance is required.  See  Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc., 418 S.W.3d 547, 555 (Tenn. 2013).  The Court further held that "a reviewing court should consider the extent and significance of the plaintiff's errors and omissions and whether the defendant was prejudiced by the plaintiff's noncompliance" when determining whether a plaintiff has substantially complied with a statutory requirement,  Id. at 556.

The Court finds that Plaintiffs substantially complied with the notice requirements of Tenn. Code Ann. § 29–26–121.  First, the extent of Plaintiffs' errors is small;  Plaintiffs' release meets five of the six requirements of a HIPAA compliant authorization.[1]  Second, Defendants have not identified any way in which the missing information on the release form prejudiced them.  Finally, Plaintiffs' notification fulfilled the "essence" and "fundamental purpose" of the pre-suit notice requirement: to provide potential defendants pre-suit notice of health care liability claims.  Thurmond v. Mid–Cumberland Infectious Disease Consultants, PLC, —— S.W.3d ——, No. M2012–02270–SC–R11–CV, 2014 WL 1632183 at *6–7 (Tenn. Apr. 24, 2014).  In light of all of these factors, the Court finds that Plaintiffs substantially complied with the notice requirements of Tenn. Code Ann. § 29–26–121, therefore, Defendants' Motion to Dismiss is DENIED.

---

[1] The six requirements are: "(i) A description of the information to be used or disclosed that identifies the information in a specific and meaningful fashion.  (ii) The name or other specific identification of the person(s), or class of persons, authorized to make the requested use or disclosure.  (iii) The name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure.  (iv) A description of each purpose of the requested use or disclosure....  (v) An expiration date or an expiration event that relates to the individual or the purpose of the use or disclosure....  (vi) Signature of the individual and date. If the authorization is signed by a personal representative of the individual, a description of such representative's authority to act for the individual must also be provided." 45 C.F.R. § 164.508(c)(1).

### B.    Summary Judgment

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court's role is not to weigh evidence or assess credibility of witnesses, but simply to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Kroll v. White Lake Ambulance Auth., ⸺ F.3d ⸺, 2014 WL 4067748, at *3 (6th Cir. Aug.19, 2014) (quoting Anderson, 477 U.S. at 251–52).

Plaintiffs argue that the Court should grant summary judgment as to Defendant Clemons because Defendant Clemons filed his answers to discovery late.  Federal Rule of Civil Procedure 36(a)(3) states that matters that are not responded to within thirty days after being served are deemed admitted.  Plaintiff argues that Defendant Clemons' liability should be deemed admitted because he did not respond within thirty days.  However, Federal Rule of Civil Procedure 36(b) allows a party to withdraw an admission, including one made by default.

A district court has discretion to deem an admission withdrawn without filing a motion when the party that made the admission makes statements that are equivalent to a motion to withdraw or amend.  See Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 153 (6th Cir. 1997).  Defendant Clemons filed an answer denying Plaintiffs' claims, effectively withdrawing his earlier admission.  Furthermore, there is a clear dispute of material fact in this case.  Plaintiffs allege that Dr. Clemons was negligent by failing to act when he saw Brett Lovelace in a prone position in which he could not breathe.  Clemons claims that he was not negligent because he

4

never saw Brett Lovelace in a prone position and therefore could not have known he needed help.  This disputed fact is crucial in determining whether Clemons is liable in this case, and it is for a jury and not the Court to determine what actually happened that day.  Therefore, Plaintiffs' Motion for Partial Summary Judgment is DENIED.[2]

III.     CONCLUSION

For the reasons stated above, Defendants Pediatric Anesthesiologists, PA and Babu Rao Paidipalli's Motion to Dismiss for Failure to State a Claim and Plaintiffs' Motion for Partial Summary Judgment.  (See ECF No. 12, 124.) are both DENIED.

**IT IS SO ORDERED,** this 3rd day of November, 2014.

/s/ SHERYL H. LIPMAN
SHERYL H. LIPMAN
UNITED STATES DISTRICT COURT

---

[2] Although Dr. Clemons did clearly contest the issues in this matter, in the future, counsel for Dr. Clemons must abide by the Federal Rules of Civil Procedure by filing the appropriate documents when they are due.  Counsel has failed to do so more than once in this case, which is inexcusable.