IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as )
Parents of BRETT LOVELACE, deceased )
)
    Plaintiffs, )
)
v. )   No. 2:13-cv-02289-SHL-dkv
)
PEDIATRIC ANESTHESIOLOGISTS, P.A.; )
BABU RAO PAIDIPALLI; and, )
MARK P. CLEMONS, )
    Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY AND DENYING PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY**

Before the Court are Plaintiffs' Motion to Exclude Testimony (ECF No. 126) and Defendants Pediatric Anesthesiologists, PA and Babu Rao Paidipalli's Motion to Exclude Testimony (ECF No. 128). Defendant Mark Clemons filed a Motion for Joinder (ECF No. 129) in which he seeks to join Defendants Pediatric Anesthesiologists, PC and Paidpalli's Motion to Exclude Testimony, which the Court construes as Clemons' Motion to Exclude Testimony. For the reasons stated below, the Motions are DENIED as to all witnesses except Dr. Jason Kennedy and Edward Brundick III. The Court will conduct a hearing to determine the admissibility of Dr. Kennedy and Mr. Brundick on December 16, 2014 at 10:00 a.m.

**I.    STANDARD OF REVIEW**

Federal Rule of Evidence 702 governs the admissibility of testimony by expert witnesses:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and

> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"District courts have broad latitude in deciding whether to admit expert testimony under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)." United States v. Stafford, 721 F.3d 380, 393 (6th Cir. 2013), cert. denied, 134 S. Ct. 463 (2013). "An expert's proposed testimony must meet two additional requirements to be admissible: it must be (1) relevant, meaning that the testimony 'will help the trier of fact to understand the evidence or to determine a fact in issue,' and (2) reliable." United States v. Cunningham, 679 F.3d 355, 379-80 (6th Cir. 2012) (quoting Fed. R. Evid. 702(a)) cert. denied, 133 S. Ct. 1584 (2013). "As gatekeeper, the trial court only determines the admissibility of expert evidence; the jury determines its weight. The court's focus is 'solely on principles and methodology, not on the conclusions that they generate.'" Stafford, 721 F.3d at 394 (emphases added) (quoting Daubert, 509 U.S. at 595). The essential role of Daubert is ensuring that the courtroom door remains closed to junk science, and therefore excluding relevant testimony of qualified medical experts in malpractice cases is rarely justified. Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., 388 F.3d 976, 982 (6th Cir. 2004).

## II.   ANALYSIS

Defendants move to exclude the testimony of Plaintiffs' medical expert (Dr. Jason Kennedy) and Plaintiffs' forensic economist (Robert Marsh). Plaintiffs seek to exclude the testimony of Defendants' medical experts (Dr. Timothy Martin, Dr. Ira Landsman, Dwayne Accardo, Diane Dowdy, Dr. Jerome Thompson, and Dr. Jay Werkhaven) as well as Defendants' forensic economist (Edward Brundick III). For the reasons stated below, both of these motions are DENIED as to all witnesses except Dr. Jason Kennedy and Edward Brundick III. The Court

will conduct a hearing to determine the admissibility of the testimony of Dr. Kennedy and Mr. Brundick.

### A.     Defendants' Witnesses

Plaintiffs seek to exclude the testimony of six different defense witnesses who are testifying as medical experts. All of these experts appear qualified to testify in their area of expertise, and Plaintiffs do not challenge these witnesses' credentials. Instead, Plaintiffs seek to exclude testimony because: 1) they claim it is contradicted by other evidence, 2) Plaintiffs disagree with the witnesses' opinions as to the appropriate standard of care, or 3) Plaintiffs object to the witnesses' conclusions of whether certain parties met the standard of care. Plaintiffs' objections do not show that these witnesses' testimony is "junk science" or otherwise inadmissible. If Plaintiffs disagree with the testimony regarding the proper standard of care or the facts of the case relied upon, the appropriate course of action is to rebut this testimony with other witnesses or undermine its credibility on cross-examination, not to exclude it from the jury. Defendants' medical witnesses that were challenged by Plaintiffs are all qualified experts and their proposed testimony is within their fields of expertise, therefore Plaintiffs' Motion to Exclude Testimony is DENIED as to all Defendants' medical experts.

Plaintiffs also seek to exclude the testimony of Defendants' forensic economist, Edward Brundick III. Mr. Brundick seeks to testify about the earning potential and actuarial value of decedent Brett Lovelace's life. To arrive at his damages estimates, Mr. Brundick made several assumptions based on documents indicating conversations Brett had with guidance counselors and his medical history. Plaintiffs argue that Brundick is not qualified to testify on these topics because he does not have the proper expertise in child psychology, career planning, or learning disabilities. It is not clear what the bases of Brundick's assumptions are or what his

qualifications are to make these assumptions, therefore it is improper to rule on the admissibility of Brundick's testimony until the Court can hold a hearing to examine this issue.

### B. Plaintiffs' Witnesses

Defendants seek to exclude two of Plaintiffs' experts. Defendants seek to exclude the testimony of forensic economist Robert Marsh because Marsh's testimony is based on the average figures for a white male and fails to take into account the specific information about decedent's learning disability. Notably, Defendants do not attack the validity of the methodology used, they simply argue that the analysis is not as accurate as they contend it could be. While using a generic figure to determine damages and not adjusting it based on the specifics of the case may undermine the weight of the evidence in the eyes of a jury, it does not make the testimony inadmissible under Daubert, therefore Defendants' Motions are DENIED as to Mr. Marsh.

Defendants also seek to exclude the testimony of Dr. Jason Kennedy. Dr. Kennedy is a board certified anesthesiologist who has performed some work with children in the past. However, Kennedy is not a specialized pediatric anesthesiologist and this case involves pediatric anesthesiology. The record is not clear how significant the differences are between pediatric and adult anesthesiology and whether a non-specialist would be sufficiently familiar with the standard of care in pediatric cases. Therefore, it is improper to rule on the admissibility of Kennedy's testimony until the Court can hold a hearing to examine this issue as well.

### III. CONCLUSION

For the reasons stated above, Defendants' Motions to Exclude Testimony are DENIED as to Robert Marsh and Plaintiffs' Motion to Exclude Testimony is DENIED as to Dr. Timothy Martin, Dr. Ira Landsman, Dwayne Accardo, Diane Dowdy, Dr. Jerome Thompson, and Dr. Jay

Werkhaven.  The Court will hold a hearing to determine whether the expert testimony of Dr. Jason Kennedy and Edward Brundick III are admissible.

    **IT IS SO ORDERED,** this 14th day of November, 2014.

                                                     /s/ SHERYL H. LIPMAN  
                                                   SHERYL H. LIPMAN  
                                                   UNITED STATES DISTRICT COURT