IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as )
Parents of BRETT LOVELACE, deceased )
)
    Plaintiffs, )
)
v. )   No. 2:13-cv-02289-SHL-dkv
)
PEDIATRIC ANESTHESIOLOGISTS, P.A.; )
BABU RAO PAIDIPALLI; and, )
MARK P. CLEMONS, )
    Defendants.

**SECOND ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY AND DENYING PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY**

Before the Court are Plaintiffs' Motion to Exclude Testimony (ECF No. 126) and Defendants Pediatric Anesthesiologists, PA and Babu Rao Paidipalli's Motion to Exclude Testimony (ECF No. 128). Defendant Mark Clemons filed a Motion for Joinder (ECF No. 129) in which he seeks to join Defendants Pediatric Anesthesiologists, PC and Paidpalli's Motion to Exclude Testimony, which the Court construes as Clemons' Motion to Exclude Testimony. The Court previously denied these motions as to all witnesses except Dr. Jason Kennedy and Edward Brundick III. (See ECF No. 145.) The Court conducted a hearing to determine the admissibility of Dr. Kennedy and Mr. Brundick on December 16, 2014 at 10:00 a.m. (ECF No. 149.) For the reasons set forth below, the motions are now DENIED as to all witnesses.

**I.    STANDARD OF REVIEW**

Federal Rule of Evidence 702 governs the admissibility of testimony by expert witnesses:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>     (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>     (b) the testimony is based on sufficient facts or data;

> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"District courts have broad latitude in deciding whether to admit expert testimony under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)." United States v. Stafford, 721 F.3d 380, 393 (6th Cir. 2013), cert. denied, 134 S. Ct. 463 (2013). "An expert's proposed testimony must meet two additional requirements to be admissible: it must be (1) relevant, meaning that the testimony 'will help the trier of fact to understand the evidence or to determine a fact in issue,' and (2) reliable." United States v. Cunningham, 679 F.3d 355, 379-80 (6th Cir. 2012) (quoting Fed. R. Evid. 702(a)) cert. denied, 133 S. Ct. 1584 (2013). "As gatekeeper, the trial court only determines the admissibility of expert evidence; the jury determines its weight. The court's focus is 'solely on principles and methodology, not on the conclusions that they generate.'" Stafford, 721 F.3d at 394 (emphases added) (quoting Daubert, 509 U.S. at 595). The essential role of Daubert is ensuring that the courtroom door remains closed to junk science, and therefore excluding relevant testimony of qualified medical experts in malpractice cases is rarely justified. Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., 388 F.3d 976, 982 (6th Cir. 2004).

**II.   ANALYSIS**

Defendants move to exclude the testimony of Plaintiffs' medical expert (Dr. Jason Kennedy) and Plaintiffs seek to exclude the testimony of Defendants' forensic economist (Edward Brundick III). For the reasons stated below, both of these motions are DENIED.

**A.   Edward Brundick III**

Plaintiffs seek to exclude the testimony of Defendants' forensic economist, Edward Brundick III. Mr. Brundick seeks to testify about the earning potential and actuarial value of

decedent Brett Lovelace's life.  To arrive at his damages estimates, Mr. Brundick made several assumptions based on documented conversations Brett had with guidance counselors and his medical history.  Plaintiffs argue that Brundick is not qualified to testify as to whether Brett would have graduated from high school because he does not have the proper expertise in child psychology, career planning, or learning disabilities.  The Court agrees that Brundick is not qualified to opine as what Brett's educational attainment would have been.  Likewise, Robert Marsh (the Plaintiff's economic expert) is also not qualified to do so.  However, Brundick and Marsh are both qualified to develop and present economic models based on several different possible outcomes.  Therefore, Brundick may testify as to the various potential economic outcomes, but he (and Marsh) may not testify as to what level of education Brett would have achieved.

  **B.** **Dr. Jason Kennedy**

Defendants seek to exclude the testimony of Dr. Jason Kennedy, arguing that Dr. Kennedy is not a specialized pediatric anesthesiologist and does not have adequate recent experience in caring for children, all of which should be required for an expert to be qualified to testify in this matter.  However, the Court finds that Dr. Kennedy's knowledge of the differences between anesthesia in adults versus children, educational background in this area and experience working with children, albeit somewhat limited, qualify him as an expert on the anesthesiology issues in this case.

To begin, this is not a case involving a neonatal, or even a small child.  Brett Lovelace was a large twelve-year-old, approximately 5' 10" and 180 pounds.  While the testimony of both Dr. Kennedy and Dr. Timothy Martin (Defendant's expert witness) was that Brett's organs and systems were not those of an adult, he was certainly not at a child-like developmental stage.  Indeed, Dr. Martin testified that, in terms of administering anesthesia, the primary difference

between an adult and a twelve-year-old child of this size is behavioral, not physical, particularly given Brett's developmental challenges.  Dr. Kennedy's testimony indicated an awareness of and familiarity with these behavioral differences, and a recognition of the need to account for them in care and treatment.  Given Dr. Kennedy's unassailable position as an expert in general anesthesiology, and his knowledge, education, and experience with the unique challenges of anesthesiology where administered to a person of Brett's age and size, the Court finds that Dr. Kennedy is qualified to offer his anesthesiology related opinions here.  Whatever criticism Defendants have of those opinions remain as subjects for cross-examination.

### III.    CONCLUSION

For the reasons stated above, Defendants' and Plaintiffs' Motions to Exclude Testimony are DENIED as to all witnesses.

**IT IS SO ORDERED,** this 19th day of December, 2014.

/s/ SHERYL H. LIPMAN
SHERYL H. LIPMAN
UNITED STATES DISTRICT COURT