## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

      Plaintiffs,

Vs.                                                                 No. 2:13-cv-02289-SHL-dkv
                                                 JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

      Defendants**,**

---

### JOINT MEMORANDUM OF LAW IN SUPPORT OF
### MOTION OF DEFENDANTS TO QUASH SUBPOENA
### TO METHODIST LeBONHEUR HEALTHCARE

---

Come now the Defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, and Mark P. Clemons, by and through the undersigned counsel of record, and file this memorandum of law in support of their motion to quash a subpoena duces tecum requested by Plaintiff and issued by the Clerk of this court on or about December 11, 2014 to Methodist LeBonheur Healthcare ("LeBonheur") to Produce a witness to testify by Deposition on December 30, 2014 at 10:00 am at the office of Plaintiff's Counsel (See "Subpoena" Attached hereto as Exhibit 1"). As grounds, the Defendants will show that the time period for discovery has passed according to the scheduling orders of this court

(See "Joint Scheduling Order (ECF 19)" and "First Amended Scheduling Order (ECF 89)" attached as Exhibits 2 and 3), Plaintiff did not move this Court to reopen discovery or to supplement discovery outside the scheduling order, and this matter is set for trial on January 20, 2015, thereby prejudicing the Defendants with new discovery on the eve of trial.

The Defendants would show that the Plaintiff issued a subpoena duces tecum to LeBonheur to produce a witness on December 30, 2014 at 10:00 am to bring with them and testify concerning:

### *EXHIBIT A*

*Methodist Le Bonheur Healthcare's (1) Rule 0913 (Report of Operation), by whatever name, number or section known, for the date, March 12, 2012, and any other rule or procedure addressing the same subject, which states or provides that an Operation Report shall be dictated following surgery within a stated period of time; also (2) any rules, bylaws, or statements governing anesthesia services rendered or provided at the hospital.*

(See Exhibit 1, Page 3).

The Defendants would show that the time period for discovery has passed. The Joint Scheduling Order entered on June 24, 2013 called for all fact discovery to be concluded by February 9, 2014 (See Exhibit 2). The items requested are factual in nature and thus their discovery is outside the scheduling order. Defendants assume that Plaintiff would also attempt to have his expert witness, Dr. Jason Kennedy, review the requested documents and modify or supplement his opinions. The deadline for supplementation of expert opinions passed on July 9, 2014. (See § (d) Exhibit 3).

Plaintiff made no motion with this Court to reopen discovery nor did he seek the

cooperation of Defendants concerning the subject matter of the subpoena. Apparently, Plaintiff intends to rely upon a strict interpretation of the scheduling deadlines. A transcript of the proceedings is not yet available; however, Defendants would show that on December 18, 2014, the evidentiary deposition of defense expert, Dr. Ian Landsman, was taken wherein Plaintiff objected a multitude of times to testimony that Plaintiff's Counsel considered to be outside the deadlines set forth above, even threatening a motion for sanctions concerning the same. Since the deadlines for discovery have passed and this case is set for trial in less than 30 days, Defendants pray for the Court to quash the subpoena at issue.

Wherefore, premises considered, Defendants pray that the Court quash the subpoena to LeBonheur at issue.

RESPECTFULLY SUBMITTED,

THE HARDISON LAW FIRM


By:    <u>W. Bradley Gilmer</u>
          JERRY O. POTTER (4284)
          W. BRADLEY GILMER (21490)
          KAREN S. KOPLON (16282)
          Attorneys for Defendants, Pediatric
          Anesthesiologists, P.A. and
          Babu Rao Paidipalli, M.D.
          THE HARDISON LAW FIRM, P.C.
          119 S. Main Street, Suite 800
          Memphis, Tennessee 38103
          (901) 525-8776
          jpotter@hard-law.com
          bgilmer@hard-law.com
          kkoplon@hard-law.com


LEWIS THOMASON


By:    <u>s/ Marcy D. Magee</u>
          J. Kimbrough Johnson (7953)
          Marcy D. Magee (19360)
          Natalie M. Bursi (032017)
          40 South Main Street, Suite 2900
          Memphis, TN 38103
          Phone:  (901) 525-8721
          *Attorneys for Defendant, Mark P.*
          *Clemons*

## CERTIFICATE OF CONSULATION

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on December 22, 2014, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

s/W. Bradley Gilmer
W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103

this 23rd day of December, 2014.

s/ W. Bradley Gilmer
W. BRADLEY GILMER