IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DANIEL LOVELACE and<br>HELEN LOVELACE, Individually, and as<br>Parents of BRETT LOVELACE, deceased<br><br>    Plaintiffs,<br><br>v.<br><br>PEDIATRIC ANESTHESIOLOGISTS, P.A.;<br>BABU RAO PAIDIPALLI; and,<br>MARK P. CLEMONS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 2:13-cv-02289-SHL-dkv<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE THE
SCHEDULING ORDER**

Before the Court is Defendants' Joint Motion to Quash Subpoena to Methodist LeBonheur Healthcare (ECF No. 160).  The Court held a telephonic hearing on this motion on December 29, 2014.

While styled as a Motion to Quash, the instant motion is not properly viewed as such. First, Defendants do not have standing to bring a motion to quash a subpoena issued to a non-party because they do not have a personal right or privilege in the documents being sought.  See 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2459 at 435 (3d ed. 2008).  Second, Defendants do not cite any of the reasons to quash (*e.g.*, undue burden, privilege) provided by Federal Rule of Civil Procedure 45(d)(3).  Because the real issue before the Court is whether Plaintiffs should be allowed to re-open fact discovery to seek the subpoenaed documents, the Court construes the instant motion as a Motion to Enforce the Scheduling Order.

Defendants' Motion to Enforce the Scheduling Order is hereby GRANTED.  The Scheduling Order (ECF No. 89) set a deadline of April 9, 2014 for completing all fact discovery, and a July 8, 2014 deadline to provide Supplementation under Rule 26(e)(2).  Plaintiffs may not

reopen fact discovery to gather new evidence without first showing good cause.  While the Court will not quash Plaintiffs' subpoena, Plaintiffs must show the Court why any evidence obtained through this subpoena should be admitted at the January 20, 2015 trial since these documents were obtained well beyond the discovery deadlines designed for the parties to inform each other of the evidence on which they intend to rely.  Plaintiffs have until January 6, 2015 to file a motion to allow them to introduce at trial any evidence obtained through the subpoena to Methodist LeBonheur Hospital.  If Plaintiffs file such a motion, Defendants have until January 9, 2015, to file a response to the motion.

**IT IS SO ORDERED,** this 30th day of December, 2014.

/s/ SHERYL H. LIPMAN
SHERYL H. LIPMAN
UNITED STATES DISTRICT COURT