IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

---

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as
Parents of BRETT LOVELACE, deceased,

    Plaintiffs,

vs.                                                  NO.:  2:13-cv-02289 dkv
                                                                       JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and,
MARK P. CLEMONS,

    Defendants.

---

**PLAINTIFFS' PRELIMINARY OBJECTIONS
TO THE ADMISSIBILITY OF EXHIBITS, DEPOSITION TESTIMONY
AND WITNESS TESTIMONY FILED BY DEFENDANTS PEDIATRIC
ANESTHESIOLOGISTS, P.A. AND BABU RAO PAIDIPALLI**

---

COME now the Plaintiffs, Daniel Lovelace and Helen Lovelace, Individually, and as Parents of Brett Lovelace, deceased, through counsel, and for their Plaintiffs' Preliminary Objections to the Admissibility of Exhibits, Deposition Testimony and Witness Testimony of Defendants Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli, and provide to the Court and counsel:

    A.     **Plaintiffs object to the following Exhibits**:

    1)     Allegations Report from the Tennessee Department of Health Office of Investigations dated March 27, 2012 regarding Kelly Kish's care in the PACU of LeBonheur Children's Hospital on March 12, 2012.

    Objections/Grounds: Hearsay, Rules 404, 405, 406, 407, Rules 801-802, 803, 805 F.R.E.

2)       Affidavit of Denise L. Moran dated September 30, 2013.

Objections/Grounds: Hearsay, Rules 801-802, 803, F.R.E.

3)       Tennessee Board of Nursing Agreed Order dated February 22, 2013 which outlines the State's investigation into Kelly Kish, R.N.'s treatment of Brett Lovelace and the disciplined rendered.

Objections/Grounds: Rules 404, 405, 406, 407, 801-802, 803, and 805 F.R.E.

4)       Medical Records of Methodist Healthcare – Memphis Hospitals d/b/a/ LeBonheur Children's Hospital's pertaining to the treatment. (Bates MLBH 0001 to 0591).

Objections/Grounds:  Lack of authentication, unless complete.  Rule 901, F.R.E.

5)       Methodist LeBonheur PACU monitor strips used in the care of Brett in the PACU on March 12, 2012.

Objections/Grounds: Lack of authentication, unless complete.  Rule 901, F.R.E.

6)       Brett Lovelace's Healthcare records from Dayspring Behavioral Services in Marion Arkansas.  (Bates DBHS 0001-0506).

Objections/Grounds:  Lack of relevance, Rule 401-402, 403, F.R.E.; lack of authentication, Rule 901, F.R.E.

7)       Brett Lovelace's healthcare records from UT Medical Group (Bates UTMG 0001 – 0024).

Objections/Grounds: Lack of relevance; Rule 401-402, 403, F.R.E.

8)       Brett Lovelace's healthcare records from Memphis Neurology (Bates MN 0001-0024).

Objections/Grounds:  Lack of relevance; Rule 401-402, 403, F.R.E.

9) Brett Lovelace's healthcare records from Mid South Pediatrics (Bates MSP 0001-00206).

<u>Objections/Grounds</u>:  Lack of relevance; Rule 401-402, 403, F.R.E.

10) Dr. Mark Clemons' Medical Records.

<u>Objections/Grounds</u>: Lack of authentication, Rule 901, as it needs to be complete with the Operative Report shown to be dictated <u>before</u> surgery, F.R.E.

11) <u>Landsman IS</u>, Wekhaven J: Anesthesia for Pediatric Otorhinolaryngology Surgery.  In Motoyama EK and Davis P Jed. Smith's Anesthesia for Infants and Children. Mosby, New York: pp. 789-822, 2006.

<u>Objections/Grounds</u>: Irrelevant.  Such articles are not extrinsically admissible under Rule 801, F.R.E.

12) <u>Landsman IS</u>: Anesthesia for Pediatric Otorhinolaryngology Surgery.  In Motoyama EK and Davis P Jed. Smith's Anesthesia for Infants and Children.  Mosby, Philadelphia: pp. 786-820, 2011.

<u>Objections/Grounds</u>:  Irrelevant.  Such articles are not extrinsically admissible under Rule 803, F.R.E.  The article has not been shown relevant, Rule 401-402, nor to contain information that has been relied upon by a witness.

13) Chart Illustration of Kelly Kish's Charting of Vital Signs and Aldrete Scores

<u>Objections/Grounds</u>: Lack of foundation/authentication, Rule 901, F.R.E.

14) Illustration of Brett's positioning.

<u>Objections/Grounds</u>: Lack of evidentiary support/foundation/authentication.  Rule 901, F.R.E.; lack of relevance, Rules 401-402; prejudicial, Rule 401, F.R.E.

15) Defendant reserved the right to utilize selected photographs (provided by Plaintiffs' counsel during discovery) of Brett Lovelace taken at LeBonheur prior to and immediately following the March 12, 2012 operation subject to the Court's ruling on anticipated motions in limine and objections made to these numerous photographs.

Objections/Grounds: Photographs by Plaintiff are not properly objectionable by Defendants, as they simply show patient at LeBonheur at relevant times. Rules 401-402, F.R.E.

16) Redacted Personnel File of Kelly Kish from Methodist LeBonheur.

Objections/Grounds: Hearsay, Rules 801-802; lack of relevance; lack of authentication, Rule 901; Rules 401-403, F.R.E.

17) Staffing logs from Methodist LeBonheur PACU.

Objections/Grounds: Foundation, Rule 901; hearsay, 801-802; lack of relevance, Rules 401-403, F.R.E.

18) Any exhibits to any depositions taken in this cause.

Objections/Grounds: Any exhibits dealing with Plaintiffs' settlement, release, Nurse Kish's nursing board activity or patient billing information were not authenticated or identified by the witness. [Helen/Daniel Lovelace]. For example, Exhibits 1-4 to Helen Lovelace Deposition were not relevant nor were they authenticated; specifically, the release, settlement or discharge of a third-party is not admissible. [Exhibit 3 – Helen Lovelace]; [T.C.A. § 29-26-119; Varner v. Perryman, 969 S.W.2d 410 (Tenn. Ct. App. 1996); Cullum v. Baptist Health Systems, Inc., 2011 WL 553768 (Tenn. Ct. App. 2011); and Deuel v. The Surgical Clinic, PLLC, 2010 WL 3237297 (Tenn. Ct. App. 2010)].

19) Exhibits 1-4 to the deposition of Helen Lovelace.

Objection/Grounds:

*Exhibit 1* is simply a deposition Notice and is not relevant evidence;

*Exhibit 2* is hearsay [Rules 801-802] and is a Tennessee Board of Nursing Agreed Order involving a non-party;

*Exhibit 3* is a Confidential Release and Settlement Agreement that is inadmissible as a fact or in detail. [T.C.A. § 29-26-119; Varner v. Perryman, 969 S.W.2d 410 (Tenn. Ct. App. 1996); Cullum v. Baptist Health Systems, Inc., 2011 WL 553768 (Tenn. Ct. App. 2011); and Deuel v. The Surgical Clinic, PLLC, 2010 WL 3237297 (Tenn. Ct. App. 2010)]; and

*Exhibit 4* was not properly identified or authenticated as a correct or accurate medical bill in this case.  [Rules 401-402, 801-802, 901, F.R.E.].

B.     **Plaintiffs object to the following deposition testimony**:

1)     Deposition of Helen Lovelace

Objectionable Portions:

*Page 56:7-14; 56:24; Page 57:1-25; Page 58:1-24; Page 59:1-24; Page 60: 1-20; Page 60:21-24; Page 61:1-4; Page 62:18-24.*   [Objectionable inquiry concerning settlement with third party; such is improper as has been previously been stated in pleadings] [Plaintiffs' Response to Defendants, Pediatric Anesthesiologists, P.A., and Babu Rao Paidipalli, M.D.'s Motion to Exclude Opinions of Plaintiffs' Designated Expert Witnesses, Jason Kennedy, M.D. and Robert E. Marsh under F.R.E. 702/*Daubert* and Memorandum of Law in Support of Motion, ¶ 1 states "…second, any such prior settlement is not admissible, nor is it a credit to be used against any verdict against Movant, nor is it a proper discussion here under Tennessee law. T.C.A. § 29-26-119; Varner v. Perryman, 969 S.W.2d 410 (Tenn. Ct. App. 1996); Cullum v. Baptist Health Systems, Inc., 2011 WL 553768 (Tenn. Ct. App. 2011); and Deuel v. The Surgical Clinic, PLLC, 2010 WL 3237297 (Tenn. Ct. App. 2010)].

*Page 63:1-24; Page 98:11-24; Page 99:1-18; Page 100:1-24; Page 101:1-24; Page 102:1-17.* [This inquiry has to do with life insurance, Blue Cross, and how the bills were paid, which are not relevant, Rule 401-402, would be prejudicial, Rule 403, and offered solely to show irrelevant collateral source information.]

*Page 70:3-24; Page 71:1-24; Page 72:1-24; Page 73:6-24; Page 74:1-24; Page 75:1-16; Page 76:6-14; 96:16-24; 97:1-24; 98:1-10.* [Objection/Grounds: Questions asked about Nurse Kelly Kish involvement with the Nursing Board is highly improper, hearsay and prejudicial as well as confusing; Rules 401, 402, 403; foundation lacking, 901; hearsay, 801-802, F.RE..]

*Page 76:24; 77:1-24; 87:11-19; 102:18-24; 103:1-24.* [Objectionable inquiry concerning settlement with third party; such is improper as has previously been stated in pleadings] [T.C.A. § 29-26-119; <u>Varner v. Perryman</u>, 969 S.W.2d 410 (Tenn. Ct. App. 1996); <u>Cullum v. Baptist Health Systems, Inc.</u>, 2011 WL 553768 (Tenn. Ct. App. 2011); and <u>Deuel v. The Surgical Clinic, PLLC</u>, 2010 WL 3237297 (Tenn. Ct. App. 2010)].

    2)    <u>Deposition of Daniel Lovelace</u>

<u>Objectionable Portions</u>:

*Page 8:21-24; Page 9:1-4.*   [In these questions, Defendants suggest that Daniel Lovelace has been living off a settlement received over his son's death, from some other party.  This is an improper line of inquiry.  Rule 401-402, 403, F.R.E.

*Page 33:4-7; Page 45:6-18.* [Medical Bills - discount; absence of balance]; irrelevant, lack of foundation, Rules 401-402, 403; 801-802, 901, F.R.E.

*Page 33:14-18.* [Nurse Kish and the licensing board]; lack of foundation, Rule 901; hearsay, Rules 801-902; irrelevant, Rules 401-403, F.R.E.

*Page 36:8-14.* [Amount of income for 2013 of Daniel Lovelace]; irrelevant, Rules 401-403, F.R.E.  No claim is made by Mr. Lovelace for lost earnings.

*Page 36:15-24; Page 37:1-19.* [Questions asked about third party settlement are irrelevant, prejudicial and improper] [T.C.A. § 29-26-119; <u>Varner v. Perryman</u>, 969 S.W.2d 410 (Tenn. Ct. App. 1996); <u>Cullum v. Baptist Health Systems, Inc.</u>, 2011 WL 553768 (Tenn. Ct. App. 2011); and <u>Deuel v. The Surgical Clinic, PLLC</u>, 2010 WL 3237297 (Tenn. Ct. App. 2010)].

*Page 44:5-10* [Questions asked about Nurse Kish and the Nursing Board]; lack of foundation, Rule 901; hearsay, Rules 801-902; lack of relevance, Rules 401-403, F.R.E.

  3) <u>Evidentiary Deposition of Dr. Ira Landsman for trial use</u>:

<u>Objectionable Portions</u> -  Dr. Ira Landsman's evidence deposition transcript, not yet received, includes "reasons" and "bases" for his proferred expert opinions <u>which were not included in his expert witness report</u>;  such reports are to be complete under Rule 26; his was not; objections were timely made in his deposition to same.  Significantly, Plaintiffs previously moved *in limine* to exclude Dr. Landsman's expert witness testimony, as his expert disclosure report was *lacking in*

7

*bases and reasons,* as is required by Rules 26(a)(2)(B), F.R.C.P.  As stated, Dr. Landsman's deposition has not been transcribed and a copy provided to counsel.  However, the reason for excluding a number of questions and answers in his deposition, accounting for a significant portion of his deposition testimony, is Dr. Landsman's reliance upon CRNA Grace Freeman's hypothetical future testimony.  Landsman made no mention of Freeman in his expert disclosure, much less provided detailed information that he relied upon from her as a reason or basis of his report.  Dr. Landsman's failure to fully disclose any and all reasons and bases for his opinions renders his entire testimony excludable under Rules 37(c)(1), as it is late; Rules 26(2) (b)(i) and (ii), of the Federal Rules of Civil Procedure, require that reasons and bases be disclosed in his report or supplemented, which Landsman did not do, despite a *Daubert* challenge to his report!  At the least, any testimony that includes reference to the hypothetical or future testimony of CRNA Grace Freeman, should be stricken.  In fairness, he should be excluded from testifying.

      C.      **Plaintiffs object to the Witness Testimony of the following**:

      1.      Timothy Martin, M.D.  See Plaintiffs' Partial Motion <u>in</u> <u>Limine</u> to Exclude Defendants', Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A. Proposed Expert Witness Testimony of Timothy W. Martin, M.D., Ira Landsman, M.D., Dwayne Accardo, Diane Dowdy and Edward L. Brundick, III, at Trial and Brief. [D.E. 126].  The witness has not supplemented his expert proof.

      2.      Ira Landsman, M.D.  See Plaintiffs' Partial Motion <u>in</u> <u>Limine</u> to Exclude Defendants', Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A. Proposed Expert Witness Testimony of Timothy W. Martin, M.D., Ira Landsman, M.D., Dwayne Accardo, Diane Dowdy

and Edward L. Brundick, III, at Trial and Brief. [D.E. 126].  The witness has not supplemented his expert proof.

   3.  Dwayne Accardo, CRNA.  See Plaintiffs' Partial Motion in Limine to Exclude Defendants', Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A. Proposed Expert Witness Testimony of Timothy W. Martin, M.D., Ira Landsman, M.D., Dwayne Accardo, Diane Dowdy and Edward L. Brundick, III, at Trial and Brief.  [D.E. 126].  The witness has not supplemented his expert proof.

   4.  Diane Dowdy, R.N.  See Plaintiffs' Partial Motion in Limine to Exclude Defendants', Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A. Proposed Expert Witness Testimony of Timothy W. Martin, M.D., Ira Landsman, M.D., Dwayne Accardo, Diane Dowdy and Edward L. Brundick, III, at Trial and Brief.  [D.E. 126].  The witness has not supplemented her expert proof.

   5.  Edward L. Brundick, III.  See Plaintiffs' Partial Motion in Limine to Exclude Defendants', Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A. Proposed Expert Witness Testimony of Timothy W. Martin, M.D., Ira Landsman, M.D., Dwayne Accardo, Diane Dowdy and Edward L. Brundick, III, at Trial and Brief.  [D.E. 126].  The witness has not supplemented his expert proof.

   6.  Jerome Thompson, M.D.  Plaintiffs' Partial Motion in Limine to Exclude Defendant, Mark P. Clemons', Proposed Expert Witness Testimony of Jerome Thompson, M.D., Jay Werkhaven, M.D., Dianne Dowdy, R.N. and Edward L. Brundick, III at Trial and Brief. [D.E. 127].  The witness has not supplemented his expert proof.

   7.  Jay Werkhaven, M.D.  Plaintiffs' Partial Motion in Limine to Exclude Defendant, Mark P. Clemons', Proposed Expert Witness Testimony of Jerome Thompson, M.D., Jay

Werkhaven, M.D., Dianne Dowdy, R.N. and Edward L. Brundick, III at Trial and Brief. [D.E. 127]. The witness has not supplemented his expert proof.

      8.     Joel A. Saltzman, M.D. This individual was never disclosed as a witness with knowledge of the case.

Respectfully submitted,

**HALLIBURTON & LEDBETTER**

/s/ Mark Ledbetter_____
Mark Ledbetter (#17637)
Attorney for Plaintiffs
254 Court Avenue - Suite 305
Memphis, TN  38103
(901) 523-8153-phone
(901) 523-8115-fax
Mark794@aol.com

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing has been properly served upon all counsel of record identified below via the Court's ECF filing system

J. Kimbrough Johnson/Marcy Dodds Magee/Margaret Cooper
2900 One Commerce Square
40 S. Main Street
Memphis, TN  38103
Attorneys for Mark Clemons
901/525-8721-phone
901/525-6722-fax
jjohnson@lewisthomason.com
mmagee@lewisthomason.com
mcooper@lewisthomason.com


Brad Gilmer/Jerry Potter/Karen Poplon/David Cook
The Hardison Law Firm
119 S. Main Street, Suite 800
Memphis, TN  38103
Attorneys for Babu R. Paidipalli & Pediatric Anesthesiologists, P.A.
901/525-8776 – phone
901/525-8790 – fax
Bgilmer@hard-law.com
jpotter@hard-law.com
kkoplon@hard-law.com
dcook@hard-law.com

  This 2nd day of January, 2015.

                /s/ Mark Ledbetter
                Mark Ledbetter,  Certifying Attorney