IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                                     No. 2:13-cv-02289 SHL - dkv
                                                                                                   JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

**DEFENDANTS' JOINT MOTION IN LIMINE NO. 2**

Come now the defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, M.D., and Mark P. Clemons, M.D., by and through counsel of record, and move this Court in limine for an order prohibiting Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses from referring to any prior lawsuits involving defendants or their experts. Defendants also move this Court for an Order prohibiting Plaintiffs from calling any plaintiffs or family members identified in Defendants' discovery responses who filed malpractice claims against the Defendants. Calling a plaintiff or a family member from a previous lawsuit is completely inappropriate under the Federal Rules of Evidence and would greatly and unfairly prejudice the Defendants.

Evidence of prior lawsuits should be excluded under Fed. R. Evid. 404(b) which provides in pertinent part:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Fed. R. Evid. 404 (b). Rule 404(b) thus specifically prohibits a party from introducing extrinsic evidence to prove specific instances of conduct of a witness for the purpose of attacking the witness' credibility. Any evidence of prior lawsuits regarding the defendants or their experts should also be excluded under Fed. R. Evid. 608 (b) which provides as follows:

> Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about.

Fed. R. Evid. 608(b)

Moreover, the evidence is not automatically admissible once it has been established that it is relevant for a purpose independent of the forbidden inference of propensity. <u>Donathan v. Orthopaedic & Sports Med. Clinic, PLLC</u>, 2009 U.S. Dist. LEXIS 99557 (E.D. Tenn. Oct. 26, 2009). Before admitting the prior acts into evidence, the district court must apply the balancing test found in Fed. R. Evid. 403 and make two determinations: (1) that the evidence is admissible for a proper purpose and (2) that the probative value of the evidence outweighs its potential prejudicial effects. <u>Id.</u> (*citing* <u>United States v. Vance</u>, 871 F.2d 572, 575 (6th Cir.), *cert denied*, 493 U.S.933 (1989).

Defendants respectfully request that this Court prohibit Plaintiffs' counsel and Plaintiffs' witnesses from referring to any prior lawsuits involving defendants or their experts. Admission of these lawsuits into evidence would be completely inappropriate because it would be offered to show exactly what the Federal Rules seek to prevent: character of a person in order to show action in conformity therewith. This testimony should thus be inadmissible under Fed. R. Evid. 404(b) and 608(b). Furthermore, even if somehow allowed under these two rules, the testimony

2

is irrelevant, suggestive of impropriety, and would be unfairly prejudicial to the jury. Fed. R. Evid. 401-403.

Any mentioning of prior lawsuits would be completely irrelevant to the issues in this case. Evidence is relevant if it (1) has any tendency to make a fact more or less probable than it would be without the evidence and (2) the facts is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. The Defendants' previous lawsuits have no tendency to make it more or less probable that they violated the standard of care during their treatment of Brett Lovelace. Even if this is somehow relevant, the danger of unfair prejudice substantially outweighs any of its probative value because it would suggest to the jury that because Defendants have had lawsuits filed against them in the past that they must be liable in this case.

Defendants also strongly object to the Plaintiffs calling any plaintiffs or family members from previous lawsuits involving Defendants. In their pretrial disclosures, Plaintiffs identify "Plaintiffs or family members identified in Defendants' discovery responses who filed malpractice claims against a Defendants, who have knowledge of prior errors" as witnesses the Plaintiffs may call at trial. Frankly, this identification is absurd for multiple reasons. First, the purpose of calling these witnesses would be for no reason other than to introduce evidence of previous lawsuits which contain absolutely no relevance to the issues in this case. Secondly, Defendants have never admitted fault in any of these previous lawsuits and therefore deny that any "prior errors" occurred. Thirdly, these potential witnesses contain no competent knowledge about whether a deviation did occur during the events of these previous lawsuits and are thus

completely incompetent from testifying that Defendants violated the standard of care at a previous time (which is denied). Finally, the testimony of these prior plaintiffs and family members would do nothing more than confuse the jury, and any probative value would be substantially outweighed by the danger of unfair prejudice and confusion of the issues.

    For the above stated reasons, Defendants respectfully request that the Court grant this motion in limine and prohibit Plaintiffs, Plaintiffs' counsel, or Plaintiffs' witnesses from mentioning or referring to any prior lawsuits involving defendants or their experts. Defendants also request that this Court prohibit Plaintiffs from calling plaintiffs or family members identified in Defendants' discovery responses who filed malpractice claims against any defendants in this case.

By: <u>W. Bradley Gilmer</u>
JERRY O. POTTER (4284)
W. BRADLEY GILMER (21490)
KAREN S. KOPLON (16282)
Attorneys for Defendants, Pediatric
Anesthesiologists, P.A. and
Babu Rao Paidipalli, M.D.
THE HARDISON LAW FIRM, P.C.
119 S. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 525-8776
jpotter@hard-law.com
bgilmer@hard-law.com
kkoplon@hard-law.com

By: <u>s/Marcy D. Magee</u>
J. KIMBROUGH JOHNSON (7953)
MARCY D. MAGEE (19360)
NATALIE M. BURSI (032017)
Attorneys for Defendant, Mark P. Clemons
LEWIS THOMASON
40 South Main Street, Suite 2900
Memphis, TN 38103
Phone: (901) 525-8721
KJohnson@LewisThomason.com
MMagee@LewisThomason.com
NBursi@LewisThomason.com

5

## CERTIFICATE OF CONSULATION

     Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6th, 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

                                      s/W. Bradley Gilmer
                                      W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103


this 6th day of January, 2015.

                                      s/ W. Bradley Gilmer
                                      W. BRADLEY GILMER