IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                        No. 2:13-cv-02289 SHL - dkv
                                                               JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

**DEFENDANTS' JOINT MOTION IN LIMINE NO. 3**

      Come now the defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, M.D., and Mark P. Clemons, M.D., by and through counsel of record, and move this Court in limine for an order prohibiting Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses from adducing testimony or comments with respect to whether the defendants or any of the witnesses called by the defendants are insured by any liability insurance carrier or by State Volunteer Mutual Insurance Company in particular since this evidence is irrelevant and inadmissible under federal law. Rule 411 of the Federal Rules of Evidence excludes evidence that a party is covered by liability insurance:

> Evidence that a person was or was not insured against liability is not admissible upon the issue of whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency ownership, or control, or bias or prejudice of a witness.

Evidence of insurance in this case would also be highly prejudicial and suggest an improper basis for decision herein.  Fed. R. Evid. 402 and 403.

The issue of insurance remains a delicate matter. The Sixth Circuit has held that improperly introducing evidence of liability insurance may be prejudicial error and grounds for a mistrial. City of Cleveland v. Peter Kiewit Sons' Co., 624 F.2d 749, 758 (6th Cir. 1980). A trial lawyer is treading on dangerous ground and always approaches grounds for a mistrial by the mere mention of insurance when same is not at issue. Id. (citing White v. Standard Oil Co., 116 Ohio App. 212, 220 (Court of Appeals for Marion County, 1962). Tennessee courts have acknowledged this danger by prohibiting such evidence in a similar fashion, as most recently noted in the decision of Givens v. Sorrels, 2013 Tenn. App. LEXIS 545 (Tenn. Ct. App. Aug. 21, 2013) (*citing* Heath v. Memphis Radiological Prof'l Corp, 79 S.W.3d 550 (Tenn. Ct. App. 2001)).

Based on the above, Defendants respectfully move this Court in limine for an order prohibiting Plaintiffs' counsel or Plaintiffs' witnesses from adducing testimony or comments with respect to whether the defendants or any of the witnesses called by the defendants are insured by any liability insurance carrier or by State Volunteer Mutual Insurance Company.

            By:    s/ W. Bradley Gilmer
JERRY O. POTTER (4284)
W. BRADLEY GILMER (21490)
KAREN S. KOPLON (16282)
Attorneys for Defendants, Pediatric
Anesthesiologists, P.A. and
Babu Rao Paidipalli, M.D.
THE HARDISON LAW FIRM, P.C.
119 S. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 525-8776
jpotter@hard-law.com
bgilmer@hard-law.com
kkoplon@hard-law.com

            By:    s/Marcy D. Magee
J. KIMBROUGH JOHNSON (7953)
MARCY D. MAGEE (19360)
NATALIE M. BURSI (032017)
Attorneys for Defendant, Mark P. Clemons
LEWIS THOMASON
40 South Main Street, Suite 2900
Memphis, TN 38103
Phone:  (901) 525-8721
KJohnson@LewisThomason.com
MMagee@LewisThomason.com
NBursi@LewisThomason.com

## CERTIFICATE OF CONSULATION

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6th, 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

                                    s/W. Bradley Gilmer
                                    W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103


this 6th day of January, 2015.

                                    s/ W. Bradley Gilmer
                                    W. BRADLEY GILMER