IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                          No. 2:13-cv-02289 SHL - dkv
                                                          JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

**DEFENDANTS' JOINT MOTION IN LIMINE NO. 5**

Come now the defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, M.D., and Mark P. Clemons, M.D., by and through counsel of record, and move this Court in limine for an order excluding any claims for medical expenses at trial.

**UNDISPUTED FACTS**

This lawsuit arises out of care and treatment provided to Daniel Lovelace by the Defendant and allegations of medical malpractice related thereto. In their Complaint, Plaintiffs seek to recover medical expenses.

**LAW AND ARGUMENT**

Under the Erie doctrine, the Court is bound to apply the substantive law of the state of Tennessee as if this action had been brought in a Tennessee state Court. <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64 (1938). Pursuant to Tennessee law, Plaintiff may recover only the

amounts "paid or payable" on behalf of their son by Medicaid as well as any amounts "paid or payable" by Plaintiff.

Specifically, Defendants aver that any claim for medical expenses should be excluded because Plaintiffs' medical expert, Jason Kennedy, M.D., did not testify that any medical expenses were reasonable and necessary as required by Tennessee case law. (See Nash v. Carter, No. 87-192-II, 1987 WL 19312 (Tenn. Ct. App. Nov. 4, 1987); Wheeler v. Cain, 459 S.W.2d 618 (Tenn. Ct. App. 1970), Garner v. Maxwell, 360 S.W.2d 64 (Tenn. Ct. App. 1962)). Defendants further aver that pursuant to Tenn. Code Ann. § 29-26-119, the Court should prohibit Plaintiffs from presenting proof of any economic loss, including medical expenses, unless Plaintiffs establish a foundation that the amounts they are seeking were actual economic losses. Proof of any gross medical bills is irrelevant and would only serve to confuse and mislead a jury and is inadmissible under Tenn. R. Evid. 402 and 403 and should be excluded.

Plaintiffs have the burden of demonstrating what damages, if any, they are entitled to recover under the Medical Malpractice Act. See Tenn. Code Ann. § 29-26-119. In the present matter, Plaintiffs should be limited to introducing evidence of medical expenses and other economic losses that were actually sustained that were paid or payable thus constituting "actual economic loss". Id. To permit the Plaintiffs to seek the entirety of the medical charges or other economic losses without regard for the actual amounts paid or payable or other economic losses that were not actually sustained would potentially award Plaintiffs a windfall double recovery, an outcome clearly prohibited by Tennessee law. See Richardson v. Miller, 44 S.W.3d 1, 32 (Tenn. Ct. App. 2000). Further, such evidence of gross billing or other gross economic losses is inadmissible as it is irrelevant and likely to cause unfair prejudice, confusion of the issues and mislead the jury. See Tenn. R. Evid. 402, 403.

Plaintiffs are only entitled to put on proof of medical bills and other economic losses to the extent of actual loss or harm that "was or will be" suffered. To show harm that "will be" suffered, Plaintiffs must demonstrate the existence of bills payable by them or another collateral source or loss of earnings not replaced by a collateral source. Proof of damages is an essential element of an action under the Medical Malpractice Act, and Plaintiffs therefore have the burden of proof with regard to what damages, if any, are recoverable in this action. In order to meet the burden, Plaintiffs must show specifically what harm was or will be suffered.

In Tennessee, Plaintiffs' recovery in a medical malpractice action is governed by Tenn. Code Ann. § 29-26-119, which states as follows:

> In a malpractice action in which liability is admitted or established, the damages awarded may include (in addition to other elements of damages authorized by law) actual economic losses suffered by the claimant by reason of the personal injury including, but not limited to **cost of reasonable and necessary medical care**, rehabilitation services and custodial care, loss of services and **loss of earned income, but only to the extent that such costs are not paid or payable and such losses are not replaced, or indemnified in whole or in part, by insurance provided by an employer either governmental or private, by social security benefits, service benefit programs, unemployment benefits, or any other source except the assets of the claimant** or of the members of the claimant's immediate family and insurance purchased in whole or in part, privately and individually.

Id. (emphasis added). The statute provides that a medical malpractice claimant may not recover for the expense of medical care if that expense was indemnified in whole or in part by certain third party sources. Richardson v. Miller, 44 S.W.3d 1, 32 (Tenn. Ct. App. 2000). The statute seeks to prohibit injured parties from making a double recovery by reducing a Plaintiff's recovery by the amount of benefits paid by third-party sources. Id.

Tenn. Code Ann. § 29-26-119, in part, provides that a Plaintiff may recover actual economic damages for medical care, rehabilitation services, and loss of earned income "only to the extent that such costs are not paid or payable" and not replaced or indemnified by insurance

3

provided by an employer, social security benefits, service benefit programs, unemployment benefits, or any other source. See Tenn. Code Ann. § 29-26-119. Tennessee courts have upheld the plain meaning of the statute. See Nance v. Westside Hospital, 750 S.W.2d 740 (Tenn. 1988); Hughlett v. Shelby Co. Health Care Corp., 940 S.W.2d 571 (Tenn. Ct. App. 1996).

In Nance v. Westside Hospital, the Supreme Court of Tennessee held that collateral source benefits are not included within the scope of the "any other source" reduced damages provisions of Tenn. Code Ann. § 29-26-119. Nance, 750 S.W.2d at 743. In reaching this conclusion the court required that the benefits be "paid or payable" to prevent double recovery and to remove from the statute any collateral source that has subrogation rights. *Id.*

In Hughlett v. Shelby County Healthcare, the Court of Appeals of Tennessee, Western Section addressed a specific issue, more closely related to the case presently before this court:

> [W]hether a Plaintiff in a medical malpractice action may recover from a Defendant health care provider the amount of Plaintiff's medical expenses paid by the Tennessee Medicaid program which is part of the federal social security program.

Hughlett, 940 S.W.2d 571, 572 (Tenn. Ct. App. 1996). The court opined that the Nance decision was dispositive and stated its inability to find a meaningful distinction between the nature of benefits in Nance and those in Hughlett. Hughlett, 940 S.W.2d at 574. Relying on Nance, the court held that:

> [W]here there is a right of subrogation, or a legal obligation on the part of the tort victim to repay the collateral source, the victim's losses have not been "replaced or indemnified," and, therefore, the benefits **SO PAID** are recoverable by the Plaintiff.

Id. (emphasis added).

In October 2010, issues nearly identical to those addressed in Defendant's motion were raised and addressed in the case of Nalawagan v. Dang, 2010 U.S. Dist. LEXIS 114576 (W.D. Tenn. Oct. 27, 2010). In Nalawagan, the United States District Court for the Western District of

4

Tennessee, Western Division addressed the identical issue of "whether a Plaintiff may recover billed amounts exceeding Medicaid payments already made, over and above the amounts 'paid or payable' under Tennessee law." Nalawagan, 2010 U.S. Dist. LEXIS 114576, at *6–7.  The District Court's analysis predicts how Tennessee courts would construe the Tennessee Medical Malpractice Act, Tenn. Code Ann. § 29-26-119.

In Nalawagan, the Court had before it the Defendant's Motion in Limine to Limit Evidence of Damages filed on October 12, 2010.  Id. at *1.  The Defendant alleged that the proof at trial would show that the medical expenses incurred by the Plaintiffs' son were paid by Medicaid, and that none of the medical expenses were paid out of pocket.  The Defendant argued that the medical malpractice statute prevented the Plaintiffs from recovering any expenses which Medicaid had already paid on her son's behalf.  Id. at *2.  The Defendant also argued that to the extent the Plaintiffs incurred out of pocket expenses, the Plaintiff should only be permitted to seek recovery of amounts actually paid, and not the amounts billed by the medical providers.  Id.

The District Court held that the Tennessee Court of Appeals' decision in Hughlett v. Shelby County Healthcare Corp., 940 S.W. 2d 951 (Tenn. Ct. App. 1996)(citing Nance v. Westside Hosp., 750 S.W. 2d 740 (Tenn. 1988)), supported its holding that the Plaintiff was permitted to seek recovery of medical expenses already "paid or payable" by Medicaid on behalf of her son.  Id. at *6.  The District Court denied the Defendant's motion as to that issue.  The Plaintiff may be permitted to seek recovery of the amounts actually paid by Medicare and Cigna.  This is contingent upon the Plaintiff meeting many burdens of proof at trial, which are imposed by Tennessee statutory law and Tennessee case law.

The Nalawagan Court also held "that pursuant to Tennessee law, Plaintiff may not recover the amounts actually billed by her son's medical providers over and above the amounts 'paid or payable.'" Id. at *6. In its analysis, the District Court determined that,

> [u]nder Tennessee law, the Court's role in construing a statute is to ascertain and give effect to the legislative intent without unduly restricting or expanding the statute's coverage beyond its intended scope. In fulfilling this role, the Court must presume that every word in the statute has meaning and purpose and should be given full effect if the obvious intention of the Tennessee General Assembly is not violated by so doing. When the language of the statute is clear, the Court should apply its plain meaning, without complicating the task.

Id. at *6–7.

The Nalawagan Court held that the Tennessee Medical Malpractice Act is sufficiently clear such that it limits a Plaintiff's damages to costs actually "paid or payable." Id. at *8. Based on the plain meaning of the statute, the Nalawagan Court held that "**medical expenses are limited to expenses already paid or such expenses yet to be paid, and not simply the amounts billed.**" Id. (emphasis added). Therefore, the Nalawagan Court granted the Defendant's motion to deny recovery for amounts billed but not actually paid or payable by the Plaintiffs. Id. at *8-9.

In this case, Defendant seeks an order denying the introduction into evidence the gross amounts billed and any other economic loss unless Plaintiffs lay a foundation that they were actually paid or payable. Whether the Tennessee Medical Malpractice Act permits Plaintiffs to recover the amount billed and written off is the precise issue addressed in Nalawagan. Tennessee law clearly limits a Plaintiff's recovery to actual economic damages for medical care, rehabilitation services, and loss of earnings if the care and services are **paid for or remain payable** and the care and services are not replaced or indemnified by insurance provided by an employer, social security benefits, service benefit programs, unemployment benefits, or any

other source. See Tenn. Code Ann. § 29-26-119.  The statute serves to reduce a Defendant's liability by limiting recovery to "actual economic losses suffered." The requirement that the Plaintiff suffers actual economic loss is an abrogation of common law regarding collateral source payments. The statute expressly provides that the Plaintiff's recovery be limited to "…actual economic losses suffered by the claimant by reason of the personal injury…" Tenn. Code Ann. § 29-26-119. Sums written off by a provider for which the Plaintiffs bear no obligation to repay may appear as a loss on paper but is not an "actual" loss as required by the statute and such expenses may therefore not be recovered by the Plaintiffs.

The evidence of gross medical charges and lost earnings that were billed is irrelevant. In Tennessee, evidence which is irrelevant is not admissible. Tenn. R. Evid. 402.  As Tenn. Code Ann. § 29-26-119 only permits Plaintiffs to recover those medical expenses which are paid or payable, and evidence of medical charges billed is irrelevant and should be deemed irrelevant. *Id*. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of **unfair prejudice, confusion of the issues, or misleading the jury…"** Tenn. R. Evid. 403 (emphasis added). Thus, even if evidence of Plaintiffs' gross medical charges were generally deemed relevant, it should be excluded as it is likely to prejudice the Defendant, confuse the issues at trial and mislead the jury. Id.  Clearly, under the Tennessee Rules of Evidence, introduction of Plaintiffs' gross medical charges is irrelevant and is likely to cause unfair prejudice, confusion of the issues and mislead the jury. Therefore, pursuant to Tenn. R. Evid. 402 and 403, evidence of Plaintiffs' gross medical charges is inadmissible and should be excluded at trial.

## CONCLUSION

Plaintiffs' medical expert, Jason Kennedy, M.D., did not testify that any medical expenses were reasonable and necessary as required by Tennessee case law.  Additionally, pursuant to Tenn. Code Ann. § 29-26-119, Plaintiffs are only entitled to recovery of medical expenses which were paid or payable by Plaintiffs.  Proof of any other medical expenses is irrelevant and would only serve to confuse and mislead a jury and is inadmissible under Tenn. R. Evid. 402 and 403 and should be excluded.  As such, any proof regarding Plaintiffs' medical charges is inadmissible and should be excluded.

By: s/ W. Bradley Gilmer
JERRY O. POTTER (4284)
W. BRADLEY GILMER (21490)
KAREN S. KOPLON (16282)
Attorneys for Defendants, Pediatric
Anesthesiologists, P.A. and
Babu Rao Paidipalli, M.D.
THE HARDISON LAW FIRM, P.C.
119 S. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 525-8776
jpotter@hard-law.com
bgilmer@hard-law.com
kkoplon@hard-law.com


By: s/Marcy D. Magee
J. KIMBROUGH JOHNSON (7953)
MARCY D. MAGEE (19360)
NATALIE M. BURSI (032017)
Attorneys for Defendant, Mark P. Clemons
LEWIS THOMASON
40 South Main Street, Suite 2900
Memphis, TN 38103
Phone: (901) 525-8721
KJohnson@LewisThomason.com
MMagee@LewisThomason.com
NBursi@LewisThomason.com

9

## CERTIFICATE OF CONSULATION

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6th 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

s/W. Bradley Gilmer
W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103


this 6th day of January, 2015.

s/ W. Bradley Gilmer
W. BRADLEY GILMER
