IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                          No. 2:13-cv-02289 SHL - dkv
                                                                      JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

**DEFENDANTS' JOINT MOTION IN LIMINE NO. 7**

    Come now the defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, M.D., and Mark P. Clemons, M.D., by and through counsel of record, and move this Court in limine to prohibit Plaintiffs or Plaintiffs' counsel from offering any testimony at trial as to the grief and anguish they suffered following the death of Brett Lovelace. Under the Erie doctrine, the Court is bound to apply the substantive law of the state of Tennessee as if this action had been brought in a Tennessee state Court. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

    Tennessee law provides for the succession of a personal injury action upon the death of an individual as a result of a wrongful act. Tennessee Code Annotated § 20-5-106 provides in pertinent part:

> (a) The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's

> children or next of kin; or to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; or to the person's natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parent or parent and had not been surrendered or abandoned by them pursuant to any court order removing such person from the custody of such parents or parent; otherwise to the person's legally adoptive parents or parent, or to the administrator for the use and benefit of the adoptive parents or parent; the funds recovered in either case to be free from the claims of creditors.

Tenn. Code Ann. § 20-5-106 (a).

With regard to what is recoverable in a wrongful death action, Tennessee Code Annotated § 20-5-113 provides as follows:

> Where a person's death is caused by the wrongful act, fault, or omission of another, and suit is brought for damages, as provided for by §§20-5-106 and 20-5-107, the party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action derives from the death consequent upon the injuries received.

Tenn. Code Ann. § 20-5-113.

In 1999, the Supreme Court of Tennessee addressed the issue of damages in wrongful death actions in <u>Jordan v. Baptist Three Rivers Hospital</u>, 984 S.W.2d 593 (1999).  The Court pointed out that, pursuant to Tennessee's wrongful death statute, survivors of the deceased may recover for their losses suffered as a result of the death and for the damages sustained by the deceased from the time of the injury to the time of the death. <u>Id.</u> at 598.  Specifically in <u>Jordan</u>, the Tennessee Supreme Court revisited the issue of whether consortium-type damages were recoverable under our wrongful death statute. The <u>Jordan</u> court determined that Tennessee Code Annotated section 20-5-113 provided for a cause of action to compensate survivors for incidental damages sustained as a result of the injured party's death. <u>Jordan</u>, 984 S.W.2d at 600. Included in those incidental damages is the pecuniary value of the decedent's life which the court defined as "the expectancy of life, the age, condition of health and strength, capacity for labor and earning

2

money through skill, any art, trade, profession and occupation or business, and personal habits as to sobriety and industry." Id.  Further, the Court determined that the pecuniary value of a human life is also comprised of the value of human companionship. Id.  The Jordan court then refined the term "pecuniary value" to include consortium-type damages, which it determined consisted of "several elements, encompassing not only tangible services provided by a family member, but also intangible benefits each family member receives from the continued existence of other family members. Such benefits include attention, guidance, care, protection, training, companionship, cooperation, affection, love, and in the case of a spouse, sexual relations." Id. at 602. With its holding, the Jordan Court reversed the previous standard and held that Tennessee's wrongful death statutes allowed surviving spouses and children of the deceased to sue for loss of consortium.  Id. at 601.

In 2001, the Court of Appeals of Tennessee for the Western District addressed the issue of filial consortium in Thurmon v. Sellers, 62 S.W.3d 145 (Tenn. Ct. App. 2001), and therein provided additional guidance as to what types of damages are recoverable as part of a claim for loss of consortium. The Court held that Tennessee law did allow for recovery of filial consortium damages in a wrongful death action for the death of a child pursuant to the wrongful death statute and the Tennessee Supreme Court's rationale stated in Jordan.  Id. at 165. However, the Court specifically held in Thurmon that "[r]ecovery is limited to pecuniary losses which are to be reduced by the amount of child-rearing expenses projected to have been incurred by the parents. Recovery *may not be had for the grief and anguish* suffered by the parents as such loss is not monetary in nature." Id. (emphasis added).

Helen and Daniel Lovelace, as the parents of Brett Lovelace, are entitled to bring this wrongful death suit and are entitled to recover damages for loss of consortium from the death of

3

their son, Brett Lovelace for themselves on behalf of Brett Lovelace.  However, Tennessee law precludes those bringing wrongful death suits from recovering compensation for the grief and anguish suffered following the death of their loved one.  Loss of consortium claims simply do not include recovery for grief and anguish, as such losses are not monetary in nature, as stated in Thurmon.  As such, any testimony regarding the grief and anguish experienced by Helen and Daniel Lovelace is irrelevant and inadmissible pursuant to Fed. R. Evid. 401, 402, and 403.  Accordingly, Defendants move this Court for an order granting its Motion *in Limine* to Exclude Testimony Regarding Grief and Anguish.

        By:    s/ W. Bradley Gilmer
JERRY O. POTTER (4284)
W. BRADLEY GILMER (21490)
KAREN S. KOPLON (16282)
Attorneys for Defendants, Pediatric
Anesthesiologists, P.A. and
Babu Rao Paidipalli, M.D.
THE HARDISON LAW FIRM, P.C.
119 S. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 525-8776
jpotter@hard-law.com
bgilmer@hard-law.com
kkoplon@hard-law.com

        By:    s/Marcy D. Magee
J. KIMBROUGH JOHNSON (7953)
MARCY D. MAGEE (19360)
NATALIE M. BURSI (032017)
Attorneys for Defendant, Mark P. Clemons
LEWIS THOMASON
40 South Main Street, Suite 2900
Memphis, TN 38103
Phone:  (901) 525-8721
KJohnson@LewisThomason.com
MMagee@LewisThomason.com
NBursi@LewisThomason.com

## CERTIFICATE OF CONSULATION

  Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6th 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

              s/W. Bradley Gilmer
              W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103


this 6th day of January, 2015.

              s/ W. Bradley Gilmer
              W. BRADLEY GILMER