IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                    No. 2:13-cv-02289 SHL - dkv
                                                           JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

**DEFENDANTS' JOINT MOTION IN LIMINE NO. 12**

Come now the defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, M.D., and Mark P. Clemons, M.D., by and through counsel of record, and move this Court to strike Plaintiffs' claims for negligent infliction of emotional distress. Under the Erie doctrine, the Court is bound to apply the substantive law of the state of Tennessee as if this action had been brought in a Tennessee state court. According to Tennessee law, the Plaintiffs in this case are unable to carry their burden in establishing a claim for negligent infliction of emotional distress due to a lack of expert proof. Additionally, Plaintiffs' claims for negligent infliction of emotional distress are time-barred, as they were filed past the statute of limitations. In support of this motion, Defendants would show the Court as follows:

**LAW AND ARGUMENT**

    **I.**     **Plaintiffs Cannot Carry Their Burden in Establishing a Claim for Negligent Infliction of Emotional Distress Due to a Lack of Expert Proof.**

Claims for negligent infliction of emotional distress ("NIED") are analyzed under a general negligence approach. Camper v. Minor, 915 S.W.2d 437, 446 (Tenn.1996). "[A] plaintiff must present material evidence as to each of the five elements of general negligence – duty, breach of duty, injury or loss, causation in fact, and proximate, or legal, cause . . . ." Id. Emotional harm is sufficient to satisfy the injury requirement. See Flax v. DaimlerChrysler Corp., 272 S.W.3d 521, 530 (Tenn. 2008); Garrison v. Bickford, 377 S.W.3d 659, 670 (Tenn. 2012).

If a plaintiff claims to have suffered NIED due to witnessing the death or injury of a third-party, then the plaintiff's causation argument must show that the defendant's negligent act caused the death or injury of the third-party and the plaintiff's emotional injuries were the "proximate and foreseeable results of [the] defendant's negligence." Eskin v. Bartee, 262 S.W.3d 727, 736 (Tenn. 2008). There are four objective standards that a court will use to analyze whether a plaintiff's emotional injuries were foreseeable: (i) "the plaintiff's physical location at the time of the accident"; (ii) the plaintiff's "awareness of the accident"; (iii) "the apparent seriousness of the victim's injuries"; and (iv) "the closeness of the relationship between the plaintiff and the victim." Id. (citing Ramsey v. Beavers, 931 S.W.2d 527, 531 (Tenn. 1996)).

Although Tennessee courts originally required an NIED claimant to have actually observed the alleged negligent action or omission, the Tennessee Supreme Court created a new standard to control whether a family member who did not observe the alleged negligent act or omission could recover. See Eskin, 262 S.W.3d. at 729-30. This new standard was designed to recognize that an individual may have a cognizable claim for NIED without observing the incident but also eliminate non-meritorious claims. See id. at 739 n.30. An NIED claimant that did not witness the actual injury-producing event must prove the following elements:

> (1) the actual or apparent death or serious physical injury of another caused by the defendant's negligence, (2) the existence of a close and intimate personal relationship between the plaintiff and the deceased or injured person, (3) the plaintiff's observation of the actual or apparent death or serious physical injury at the scene of the accident before the scene has been materially altered, and (4) the resulting serious or severe emotional injury to the plaintiff caused by the observation of the death or injury.

Id. at 739. This new objective standard is not included within the duty analysis. Id. at 739 n.30. Instead, it serves as a gateway test that allows courts to dismiss non-meritorious claims at the prima facie stage. Id. This objective standard "presents a factual issue to be determined by the finder of fact." Id.

The "serious or severe emotional injury" factor is subject to a heightened evidentiary standard if the NIED claim is a standalone claim, i.e., the claimant did not suffer any other injury that is personal to the claimant. See Camper, 915 S.W.2d at 446 (creating the heightened standard for emotional injury); Estate of Amos v. Vanderbilt University, 62 S.W.3d 133, 137 (Tenn. 2001); Flax, 272 S.W.3d at 529-30 (clarifying that Camper's heightened standard applies only to standalone NIED claims). In order to prevail on a standalone NIED claim, a claimant must prove his serious or severe emotional injury by expert medical or scientific proof. Camper, 915 S.W.2d at 446 (citations omitted). Without such expert proof, the claimant may not prevail on his NIED claim. Id. Regardless of whether the serious or emotional injury is being proven as part of the Eskin gateway test for a claimant that did not witness the incident or in the general negligence portion of the case for a claimant that did or did not witness the incident, the heightened standard applies equally to standalone claims. See, e.g., Flax, 272 S.W.3d at 529-30 (stating that the Camper heightened evidentiary standard applies to all standalone claims, and applying it to a lawsuit in which the claimant witnessed the incident).

The Tennessee Supreme Court held that NIED claims filed in a wrongful death action *are* subject to this heightened Camper standard. See Flax v. DaimlerChrysler Corp, 272 S.W.3d 521,

3

525-31 (Tenn. 2008). Wrongful death actions belong to the decedent. Ki v. State, 78 S.W.3d 876, 880 (Tenn. 2002). Therefore, a survivor's NIED claim is a standalone claim that requires expert medical or scientific proof. Flax, 272 S.W.3d at 531. "Nothing in [the] opinion in Amos was intended to allow plaintiffs to avoid the heightened proof requirements of Camper by bringing a separate wrongful death suit on behalf of a decedent." Flax, 272 S.W.3d at 531. An NIED claimant whose allegations are connected to a wrongful death suit, or any suit in which the NIED claim is the only allegation personal to the claimant, must show that he suffered serious or severe emotional injury and *must demonstrate this injury through expert medical or scientific proof*. See id.

In Flax, a mother witnessed the death of her child in a car accident. Id. The mother filed a wrongful death suit against the car manufacturer in the name of her deceased child and included a personal claim for NIED. Id. at 526. However, the mother failed to offer any expert proof regarding her emotional injury. Id. at 531. The court held that she failed to meet the Camper requirements and, thus, could not recover for NIED. Id. The court recognized: "That the plaintiffs in this case brought a wrongful death suit is not sufficient to exempt the NIED claim from the requirements set forth in Camper and Ramsey because the filing of a wrongful death suit does nothing to demonstrate the reliability of an NIED claim." Id. at 530.

The Flax Court specifically noted that even though a mother witnessing the death of a child would seem to obviously indicate that the mother suffered severe or serious emotional injury, "the Camper requirements [were constructed] precisely because emotional injuries are uniquely subjective." Id. at 531; see also Camper, 915 S.W.2d at 446 (citations omitted) (stating that serious or severe emotional injury "occurs where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of

4

the case"). A plaintiff is required to meet the evidentiary burden. To hold otherwise would subvert Camper's principles and create "ad hoc decisions that originally made negligent infliction of emotional distress case law unpredictable and incoherent." Id.

Thus, it is clear that Tennessee law requires an individual with a standalone NIED claim based to comply with the Camper heightened evidentiary standard. Regardless of whether this heightened evidentiary standard is applied to the Eskin gateway test or the general negligence analysis, the claimant must prove his serious or severe emotional injury by expert proof. In the absence of expert proof, the standalone NIED claimant may not prevail on his NIED claims.

Plaintiffs in this case have identified no expert proof regarding their NIED claims and the deadline for such identification has long passed. (See Plaintiffs' Designation of Expert Witnesses and Physicians Not Employed as Experts). This lack of expert proof is contrary to their statement found in Paragraph 12 of their Complaint which states: "Said claims are supported by expert medical or psychological proof and treatment rendered to the Plaintiffs on account of the harms and conduct alleged herein against Defendants." (See Complaint ¶ 12). Because Plaintiffs have not identified any expert scientific or medical proof to prove that Plaintiffs suffered serious or severe emotional harm, Plaintiffs are prevented from prevailing on their individual NIED claims.

**II.     Plaintiffs' Claims for Negligent Infliction of Emotional Distress Were Filed Past the Statute of Limitations and Are Therefore Time-Barred.**

Plaintiffs' claims for negligent infliction of emotional distress are subject to dismissal because they were filed outside of the one-year statute of limitations applicable to claims for NIED and are therefore time-barred. Tenn. Code Ann. § 29-26-116 provides that "[t]he statute of limitations in health care liability actions shall be one (1) year as set forth in § 28-3-104." Claims for negligent infliction of emotional distress are also subject to the one-year statute of limitations found in Tenn. Code Ann. § 28-3-104. See Jackson v. CVS Corp., No. M2009-

02220-COA-R3-CV, 2010 Tenn. App. LEXIS 548, at *11–12 (Tenn. Ct. App. Aug. 26, 2010). A plaintiff filing a health care liability claim who complies with the notice provisions of Tenn. Code Ann. § 29-26-121, however, receives a 120-day extension of the applicable statute of limitations to their health care liability claim. Tenn. Code Ann. § 29-26-121(c). Section 121(c) provides, in pertinent part: "When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider." Id.

While Plaintiffs' health care liability claim is undeniably governed by and subject to the mandatory requirements and limitations of Tenn. Code Ann. § 29-26-101, et seq., they attempt to maintain individual claims for negligent infliction of emotional distress in the same action. (D.E. #1 ¶ 12). However, because Plaintiffs' original Complaint was filed more than one (1) year after their alleged negligent infliction of emotional distress cause of action accrued, their negligent infliction of emotional distress claims against Defendants violate the applicable statute of limitations and should be dismissed. Tenn. Code Ann. § 29-26-121 only applies to health care liability actions; it does not apply to claims for negligent infliction of emotional distress. (See Flax v. DaimlerChrysler Corp., 272 S.W.3d 521 (Tenn. 2008) (defining a mother's claim for negligent infliction of emotional distress as a "stand alone" claim in spite of the fact that she simultaneously brought a wrongful death claim on behalf of her son); see also Tenn. Code Ann. § 29-26-121(a)(1) ("Any person, or that person's authorized agent, **asserting a potential claim for health care liability** shall give written notice of the potential claim to each health care provider . . . ." (emphasis added))).

6

Plaintiffs clearly contemplated that their claim for negligent infliction of emotional distress was separate and distinct from their health care liability claim. Plaintiffs appreciated and admitted this distinction in the very title they gave their Complaint -- "Complaint for Personal Injuries, Wrongful Death, Medical Negligence [Health Care Liability Action] and Negligent Infliction of Emotional Distress (NIED)." (D.E. #1). As a separate claim, Plaintiffs' claim for negligent infliction of emotional distress was not governed by the statutory provisions governing health care liability, including either the statute of limitations set forth in Tenn. Code Ann. § 29-26-116 or the potential 120-day extension thereof set forth in Tenn. Code Ann. § 29-26-121.

Defendants' treatment of Brett Lovelace occurred on March 12, 2012, and Brett Lovelace died on March 14, 2012. "Once an injury occurs, a cause of action accrues to the person injured, and . . . the time for filing a lawsuit to redress that injury starts running right then." Cherry v. Williams, 36 S.W.3d 78, 83 (Tenn. Ct. App. 2000). On or around February 13, 2013, Plaintiffs mailed letters to Defendants pursuant to Tenn. Code Ann. § 29-26-121 notifying them of a potential claim for health care liability. Plaintiffs subsequently filed this lawsuit on May 8, 2013, relying on the extension of time found in Tenn. Code Ann. § 29-26-121. (See D.E. #1). The latest date Plaintiffs potentially could have filed their lawsuit was March 14, 2013. Plaintiffs, however, did not file this action until May 8, 2013, which is past the expiration of the statute of limitations for a claim for negligent infliction of emotional distress. Therefore, the Plaintiffs' claims for negligent infliction of emotional distress are timed-barred and should be dismissed.

## **CONCLUSION**

Therefore, Defendants respectfully request that this Court strike Plaintiffs' claims for negligent infliction of emotional distress. According to Tennessee law, the Plaintiffs in this case are unable to carry their burden in establishing a claim for negligent infliction of emotional

distress due to a lack of expert proof. Further, Plaintiffs claims are time-barred, as they were filed outside the statute of limitations for negligent infliction of emotional distress claims.

By:  s/W. Bradley Gilmer

JERRY O. POTTER (4284)
W. BRADLEY GILMER (21490)
KAREN S. KOPLON (16282)
Attorneys for Defendants, Pediatric
Anesthesiologists, P.A. and
Babu Rao Paidipalli, M.D.
THE HARDISON LAW FIRM, P.C.
119 S. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 525-8776
jpotter@hard-law.com
bgilmer@hard-law.com
kkoplon@hard-law.com

By:  s/Marcy D. Magee
J. KIMBROUGH JOHNSON (7953)
MARCY D. MAGEE (19360)
NATALIE M. BURSI (032017)
Attorneys for Defendant, Mark P. Clemons
LEWIS THOMASON
40 South Main Street, Suite 2900
Memphis, TN 38103
Phone:  (901) 525-8721
KJohnson@LewisThomason.com
MMagee@LewisThomason.com
NBursi@LewisThomason.com

8

## CERTIFICATE OF CONSULATION

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6th 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

                                                       s/W. Bradley Gilmer
                                                       W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103

this 6th day of January, 2015.

                                                       s/ W. Bradley Gilmer
                                                       W. BRADLEY GILMER