IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                    No. 2:13-cv-02289 SHL - dkv
                                        JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

**DEFENDANTS' JOINT MOTION IN LIMINE NO. 13**

    Come now the defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, M.D., and Mark P. Clemons, M.D., by and through counsel of record, and move this Court for an order prohibiting Plaintiffs' counsel and Plaintiffs' expert witnesses from offering "captain of the ship" opinions at trial. Under the Erie doctrine, the Court is bound to apply the substantive law of the state of Tennessee as if this action had been brought in a Tennessee state court. As explained below, Tennessee Courts do not recognize the captain of the ship doctrine; therefore, this Court should prohibit such a theory from being raised at trial.

    Tennessee no longer recognizes the "captain of the ship" theory of liability towards a physician. Parker v. Vanderbilt Univ., 767 S.W.2d 412, 415-16 (Tenn. Ct. App. 1988). The so-called "Captain of the Ship Doctrine" is one legal theory by which vicarious liability has been placed on a physician for the conduct of others. The analogy was first used in the Pennsylvania case of McConnell v. Williams, 361 Pa. 355, 65 A.2d 243 (1949). The McConnell Court noted

that the physician "is in the same complete charge of those who are present and assisting him as is the captain of a ship over all on board." Id. at 246. Such a theory, taken to the extreme, would result in the outrageous liability placed on a physician for negligent acts of every person connected to the care and treatment of the patient. As a result, other states of had difficulty in defining the concept. Parker, at 415.

Tennessee courts immediately became suspicious of the theory when it was first introduced into the state's court system. Prior to the Parker Court's outright rejection of the doctrine, two other opinions from the Court of Appeals refused to adopt the idea because they couldn't even determine its precise meaning. (See Tutton v. Patterson, 1985 Tenn. App. LEXIS 3399 (Tenn. Ct. App., April 22, 1985, *rev'd on other grounds*, 714 S.W.2d 268 (Tenn. 1986); Harrison v. Wilkerson, 405 S.W.2d 649 (Tenn. Ct. app. 1966)).

Tennessee courts finally rejected the theory outright in Parker v. Vanderbilt Univ., 767 S.W.2d 412, 415-16 (Tenn. Ct. App. 1988). In Parker, the Plaintiff filed a lawsuit against multiple defendants alleging that an endotracheal tube had been misplaced into the patients esophagus rather than his trachea thus depriving him of oxygen. Id. at 415. Several of the defendants were only responsible for the alleged misplacement on a theory of vicarious liability. In affirming a grant of summary judgment for the defendant doctors, the Parker Court stated the following:

> We are of the opinion that the use of the term "Captain of the Ship" with respect to the liability of a surgeon for the negligent acts of others in or around the operating room is unnecessarily confusing and should be avoided.

Id. at 415. This abolition of the "Captain of the Ship Doctrine" has since circulated throughout the Tennessee courts. (See Deuel v. The Surgical Clinic, No. M2009-01551-COA-R3-CV, 2010

Tenn. App. LEXIS 520 (Tenn. Ct. App. Aug. 16, 2010)). Tennessee law thus imposes no duty on a physician for the negligent acts of every person connected with the treatment of the patient.

Plaintiffs' counsel and Plaintiffs' witnesses have referenced the captain of the ship theory, or similar reasoning, throughout various portions of discovery. (See Deposition of Kelly Kish, p. 131, ln. 8; Deposition of Jason Kennedy, p. 65, lns. 14-17). As a result, Defendants request that the Court enter an order *in limine* prohibiting Plaintiffs' counsel and Plaintifss' witnesses from basing any opinions of liability on such a theory at trial.

By:   s/ W. Bradley Gilmer_____
JERRY O. POTTER (4284)
W. BRADLEY GILMER (21490)
KAREN S. KOPLON (16282)
Attorneys for Defendants, Pediatric
Anesthesiologists, P.A. and
Babu Rao Paidipalli, M.D.
THE HARDISON LAW FIRM, P.C.
119 S. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 525-8776
jpotter@hard-law.com
bgilmer@hard-law.com
kkoplon@hard-law.com

By:   s/Marcy D. Magee_____
J. KIMBROUGH JOHNSON (7953)
MARCY D. MAGEE (19360)
NATALIE M. BURSI (032017)
Attorneys for Defendant, Mark P. Clemons
LEWIS THOMASON
40 South Main Street, Suite 2900
Memphis, TN 38103
Phone:  (901) 525-8721
KJohnson@LewisThomason.com
MMagee@LewisThomason.com
NBursi@LewisThomason.com

## CERTIFICATE OF CONSULATION

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6th 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

s/W. Bradley Gilmer
W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103


this 6th day of January, 2015.

s/ W. Bradley Gilmer
W. BRADLEY GILMER