IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                      No. 2:13-cv-02289 SHL-dkv
                                                           JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

**DEFENDANTS' JOINT MOTION IN LIMINE NO. 14**

        Come now the defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, M.D., and Mark P. Clemons, M.D., by and through counsel of record, and move this Court for an order prohibiting Plaintiffs from introducing into evidence the fact that Daniel Lovelace and Helen Lovelace have divorced since the events of this lawsuit. Such evidence is irrelevant and would only serve to mislead the jury into believing that such an event is recoverable as a result of Brett Lovelace's death.

        Evidence of the divorce between Helen and Daniel Lovelace is completely irrelevant to the issues in the case at hand. The Federal Rules of Evidence define relevant evidence as having any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. Evidence which is not relevant is inadmissible. Fed. R. Evid. 402. Additionally, relevant evidence may be excluded if its probative value is substantially outweighed by a danger of one or more of the following:

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Evidence of the Lovelaces' divorce which occurred after the death of Brett Lovelace is irrelevant because such a fact is not of consequence in determining this action. The only possible reason this evidence would be presented to the jury would be for the purposes of alleging that Brett's death caused the Lovelaces' divorce. In addition to the fact that no proof has arisen that such a connection exists, Tennessee law does not allow for such a recovery. Therefore, not only is such evidence irrelevant, but any probative value it has would be substantially outweighed by both a danger of unfair prejudice and a danger of misleading the jury into believing that such recovery is permissible under Tennessee law.

Any damages associated with the Lovelaces' divorce are not recoverable under the wrongful death law in Tennessee. Tennessee's wrongful death statute, Tenn. Code Ann. 20-5-113, preserves the right of action which the deceased himself would have had. Jordan v. Baptist Three Rivers Hosp., 984 S.W.2d 593 (Tenn. 1999). The statute also creates a cause of action that compensates survivors for their losses. Id. These survivors may recover damages for their losses suffered as a result of the death as well as damages sustained by the deceased from the time of injury to the time of death. Tenn. Code Ann. 20-5-113 thus creates two distinct classifications for damages: (1) recovery for the injuries sustained by the deceased from the time of injury to the time of death; and (2) recovery of incidental damages suffered by the decedent's next of kin.

Tennessee courts have interpreted Tenn. Code Ann. 20-5-113 to allow for the parents of a deceased child to recover consortium-type damages for the wrongful death of their child.  that the parents of a deceased child may recover consortium-type damages for the wrongful death of their child. Thurmon v. Sellers, 62 S.W.3d 145 (Tenn Ct. App. 2001) (*citing* Jordan, 984 S.W.2d

2

593 (1999). In determining this amount, the trier of fact is to take into account the pecuniary value of the deceased's life which encompasses the value of human companionship. Therefore, in determining such an amount, the courts must consider the **benefits the child bestowed on the family** which must be decided on a case by case basis. Such losses are restricted to pecuniary losses, and parents cannot recover for the sorrow and anguish endured as a result of the child's death. Id. (*citing* Wycko v. Gnodtke, 361 Mich. 331 (Mich. 1960)).

Tennessee law thus limits the Lovelaces' consortium recovery to the pecuniary benefits that Brett bestowed on the family such as companionship, comfort, society, attention, cooperation, affection, care, and love. The law does not provide that the Lovelaces may recover damages by arguing that their divorce was caused by Brett's death. Without that recovery available, any mentioning at trial of the divorce would result in the introduction of completely irrelevant evidence. Furthermore, the evidence would prejudice this defendant and confuse the jury into believing that such recovery is allowed under Tennessee law. As a result, Defendants respectfully move this Court in limine for an order prohibiting Plaintiffs, Plaintiffs' counsel, and any witnesses from mentioning or alluding to the Lovelaces' divorce.

By: <u>s/ W. Bradley Gilmer</u>
JERRY O. POTTER (4284)
W. BRADLEY GILMER (21490)
KAREN S. KOPLON (16282)
Attorneys for Defendants, Pediatric
Anesthesiologists, P.A. and
Babu Rao Paidipalli, M.D.
THE HARDISON LAW FIRM, P.C.
119 S. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 525-8776
jpotter@hard-law.com
bgilmer@hard-law.com
kkoplon@hard-law.com

By: <u>s/Marcy D. Magee</u>
J. KIMBROUGH JOHNSON (7953)
MARCY D. MAGEE (19360)
NATALIE M. BURSI (032017)
Attorneys for Defendant, Mark P. Clemons
LEWIS THOMASON
40 South Main Street, Suite 2900
Memphis, TN 38103
Phone:  (901) 525-8721
KJohnson@LewisThomason.com
MMagee@LewisThomason.com
NBursi@LewisThomason.com

## CERTIFICATE OF CONSULATION

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6th 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

s/W. Bradley Gilmer
W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103

this 6th day of January, 2015.

s/ W. Bradley Gilmer
W. BRADLEY GILMER