IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                    No. 2:13-cv-02289 SHL-dkv
                                      JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

**DEFENDANTS' JOINT MOTION IN LIMINE NO. 15**

    Come now the defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, M.D., and Mark P. Clemons, M.D., by and through counsel of record, and move this Court for an order prohibiting Plaintiffs' counsel from making comments at trial regarding his personal experiences. In support of this motion, Defendants would show that, throughout the late phases of this lawsuit, Plaintiffs' counsel has repeatedly couched his questions and comments in terms of his own personal experiences. For example, during Dr. Landsman's evidentiary deposition, Plaintiffs' counsel made references to his own experiences being in a physician family and treated with Benzedrine for ADHD. These statements are irrelevant, and the Court should exclude them from trial.

    The Federal Rules of Evidence define relevant evidence as having any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evi. 401. Evidence which is not relevant is inadmissible. Fed.

R. Evid. 402. Additionally, relevant evidence may be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Statements made by an attorney regarding his own personal experiences are irrelevant and should therefore be inadmissible at trial. Even if relevant, these statements should be inadmissible due to their probative value being substantially outweighed by the danger of unfair prejudice, confusion of the issues, and a waste of time. Plaintiffs' counsel's own beliefs, experiences, and impressions regarding the issues in this case should not be allowed into evidence. Defendants therefore respectfully request that this Court enter an order prohibiting Plaintiffs' counsel from making his personal experiences known to the jury at trial.

By: s/ W. Bradley Gilmer
JERRY O. POTTER (4284)
W. BRADLEY GILMER (21490)
KAREN S. KOPLON (16282)
Attorneys for Defendants, Pediatric
Anesthesiologists, P.A. and
Babu Rao Paidipalli, M.D.
THE HARDISON LAW FIRM, P.C.
119 S. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 525-8776
jpotter@hard-law.com
bgilmer@hard-law.com
kkoplon@hard-law.com

By: s/Marcy D. Magee
J. KIMBROUGH JOHNSON (7953)
MARCY D. MAGEE (19360)
NATALIE M. BURSI (032017)
Attorneys for Defendant, Mark P. Clemons
LEWIS THOMASON
40 South Main Street, Suite 2900
Memphis, TN 38103

>Phone:  (901) 525-8721
>KJohnson@LewisThomason.com
>MMagee@LewisThomason.com
>NBursi@LewisThomason.com

## CERTIFICATE OF CONSULATION

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6th 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

>s/W. Bradley Gilmer
>W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103


this 6th day of January, 2015.

>s/ W. Bradley Gilmer
>W. BRADLEY GILMER

3