IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

     Plaintiffs,

Vs.                         No. 2:13-cv-02289 SHL-dkv
                                JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

     Defendants.

## DEFENDANTS' JOINT MOTION IN LIMINE NO. 17

Come now the Defendants, Pediatric Anesthesiologists, P.A., Babu Rao Paidipalli, M.D., and Mark P. Clemons, M.D., by and through counsel of record, and move this Court for an order prohibiting Plaintiffs' counsel from referring to any of the circumstances specified in Tenn. Code Ann. § 29-39-102(h) and to prohibit Plaintiffs' counsel from alleging that Tenn. Code Ann. § 29-39-102(h) was violated.  In support of their Motion, Defendants state as follows:

Tenn. Code Ann. § 29-26-102, among other things, sets a cap of $750,000 on the compensation for noneconomic damages suffered by a plaintiff in a lawsuit.  Tenn. Code Ann. § 29-16-102(a)(2).  Section (h) of the statute sets forth situations in which the cap does not apply and provides:

> (h)   The limitation on the amount of noneconomic damages imposed by subdivision (a)(2) and subsections (b)-(e) shall not apply to personal injury and wrongful death actions:

(1)  If the defendant had a specific intent to inflict serious physical injury, and the defendant's intentional conduct did, in fact, injure the plaintiff;

(2)  If the defendant intentionally falsified, destroyed or concealed records containing material evidence with the purpose of wrongfully evading liability in the case at issue; provided, however, that this subsection (h) does not apply to the good faith withholding of records pursuant to privileges and other laws applicable to discovery, nor does it apply to the management of records in the normal course of business or in compliance with the defendant's document retention policy or state or federal regulations;

(3)  If the defendant was under the influence of alcohol, drugs or any other intoxicant or stimulant, resulting the defendant's judgment being substantially impaired, and causing the injuries or death. For purposes of this subsection (h), a defendant shall not be deemed to be under the influence of drugs or any other intoxicant or stimulant, if the defendant was using lawfully prescribed drugs administered in accordance with a prescription or over-the-counter drugs in accordance with the written instructions of the manufacturer; or

(4)  If the defendant's act or omission results in the defendant being convicted of a felony under the laws of this state, another state, or under federal law, and that act or omission caused the damages or injuries.

Tenn. Code Ann. § 29-39-102(h).

In their list of contested issues of fact in the Joint Pretrial Order, Plaintiffs include "[w]hether Defendants, or any of them, destroyed, falsified or concealed records containing evidence with the purpose of evading liability . . . ." Plaintiffs include in their contested issues of law "[w]hether the conduct of Defendants, or any of them, violated T.C.A. § 29-39-102(h)." Plaintiffs did not reference Tenn. Code Ann. 29-39-102 in their Complaint.  (See D.E. #1). Plaintiffs additionally did not allege that Defendants had a specific intent to inflict serious physical injury; that Defendants intentionally falsified, destroyed or concealed records containing

material evidence with the purpose of wrongfully evading liability in the case at issue; or that Defendants were under the influence of alcohol, drugs or any other intoxicant or stimulant. Further, Plaintiffs did not allege, and Defendants have not been convicted of, or even charged with, a felony under the laws of this state, another state, or under federal law for any actions related to this lawsuit.  As such, Plaintiffs should be prohibited from alleging that any of the circumstances specified in Tenn. Code Ann. § 29-39-102(h) are present in this lawsuit and from alleging that Tenn. Code Ann. § 29-39-102(h) was violated.

Respectfully submitted,

By:     s/ W. Bradley Gilmer
        JERRY O. POTTER (4284)
        W. BRADLEY GILMER (21490)
        KAREN S. KOPLON (16282)
        Attorneys for Defendants, Pediatric
        Anesthesiologists, P.A. and
        Babu Rao Paidipalli, M.D.
        THE HARDISON LAW FIRM, P.C.
        119 S. Main Street, Suite 800
        Memphis, Tennessee 38103
        (901) 525-8776
        jpotter@hard-law.com
        bgilmer@hard-law.com
        kkoplon@hard-law.com


By:     s/Marcy D. Magee
        J. Kimbrough Johnson (7953)
        Marcy D. Magee (19360)
        Natalie M. Bursi (032017)
        LEWIS THOMASON
        40 South Main Street, Suite 2900
        Memphis, TN 38103
        Phone:  (901) 525-8721
        *Attorneys for Defendant, Mark P. Clemons*
        KJohnson@LewisThomason.com
        MMagee@LewisThomason.com
        NBursi@LewisThomason.com

3

## CERTIFICATE OF CONSULATION

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6th 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

s/W. Bradley Gilmer
W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103

this 6th day of January, 2015.

s/ W. Bradley Gilmer
W. BRADLEY GILMER