IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                             No. 2:13-cv-02289 SHL - dkv
                                                                      JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

**DEFENDANTS', PEDIATRIC ANESTHESIOLOGISTS, P.A., AND BABU RAO PAIDIPALLI, M.D.'S, MOTION IN LIMINE NO. 1**

Come now the defendants, Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli, M.D., ("these Defendants") by and through counsel of record, and move this Court for an order excluding any testimony or questions eliciting testimony regarding the types of drugs or drug dosages given by these Defendants to Brett Lovelace. Because no expert proof exists that states the types of drugs or drug dosages were a deviation from the standard of care, any such testimony would unfairly prejudice these Defendants, confuse the issues, mislead the jury, cause undue delay, and waste the time of the Court. In support of this motion, defendants would show the Court as follows:

No expert identified by any party in this matter has opined that the type of drug or drug dosage administered to Brett Lovelace was a deviation from the standard of care. Plaintiffs' own

expert, Dr. Jason Kennedy, stated that he did not have any criticisms of the drugs or amount administered. Dr. Kennedy specifically stated as follows:

> **Q: First of all, the initial drug choices: Do you have any criticisms of the drugs themselves or the amount of drugs that were provided?**
>
> **A: No, sir**
>
> **Q: Okay.**
>
> **A: My only concern would be using - - some would argue Fentanyl, because of its respiratory depression effects in a patient with sleep apnea- - many people would argue that you get the child completely awake before you give them any pain medicine because what will happen is that this will depress them, especially someone of his size and weight, and especially giving it not here, but back here [indicating.] Even this 50 mcg could have suppressed his breathing a little bit.**
>
> **Q: Do you believe that that's a deviation from the standard of care?**
>
> **A: I don't think it's a lot of deviation from the standard of care, no.**

(Deposition of Jason D. Kennedy, M.D. pg. 83, ln. 13 through pg. 14, ln. 6).

In a health care liability action, Tennessee law requires a Plaintiff to prove the following through expert proof:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a). A plaintiff may not prevail on its health care liability if he is unable to produce expert testimony that proves these elements. See Shipley v. Williams, 350 S.W.3d 527, 537 (Tenn. 2011) (citing Williams v. Baptist Mem'l Hosp., 193 S.W.3d 545, 553

(Tenn. 2006); Stovall v. Clarke, 113 S.W.3d 715, 723 (Tenn. 2003); Robinson v. LeCorps, 83 S.W.3d 718, 724 (Tenn. 2002)).

Plaintiffs in this case have clearly failed to produce such proof and have actually produced proof explicitly stating that the type and amount of drugs administered do not deviate from the standard of care. No other expert in this matter has stated otherwise. Therefore, any testimony about the type or amount of drugs administered to Brett Lovelace does not have any bearing on whether these Defendants may be liable in this action.

Evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Relevant evidence is generally admissible but is not admissible "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Evidence regarding the type or amount of drugs given to Brett Lovelace are irrelevant to this action and therefore inadmissible. This evidence does not have a tendency to make a fact of consequence in determining the liability of these Defendants more or less probable. Even assuming that this evidence does have a modicum of relevance, it should be deemed inadmissible because it would unfairly prejudice these Defendants, confuse the issues, mislead the jury, cause undue delay, and waste the time of the Court. The type and amount of drugs do not have any bearing on the liability of these Defendants and the discussion of drugs will unfairly prejudice these Defendants by confusing the issues and misleading the jury as to what evidence is relevant to Plaintiffs' evidentiary burden under Tennessee Code Annotated Section 29-26-115. Further,

any time spent on evidence that does not have any bearing on the possible liability of these Defendants would cause undue delay and waste the time of the Court.

Therefore, these Defendants respectfully request that this Court enter an order in limine that prohibits Plaintiffs from testifying, eliciting testimony, or entering any evidence regarding the type of drug or drug dosages given by types of drugs or drug dosages given by these Defendants to Brett Lovelace.

By: _____
JERRY O. POTTER (4284)
W. BRADLEY GILMER (21490)
KAREN S. KOPLON (16282)
Attorneys for Defendants, Pediatric
Anesthesiologists, P.A. and
Babu Rao Paidipalli, M.D.
THE HARDISON LAW FIRM, P.C.
119 S. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 525-8776
jpotter@hard-law.com
bgilmer@hard-law.com
kkoplon@hard-law.com

**CERTIFICATE OF CONSULATION**

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6th, 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

s/W. Bradley Gilmer
W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103


this 6th day of January, 2015.

                                          s/ W. Bradley Gilmer
                                          W. BRADLEY GILMER