## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

      Plaintiffs,

Vs.                                                   No. 2:13-cv-02289 SHL-dkv
                                                      JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

      Defendants.

## DEFENDANTS', PEDIATRIC ANESTHESIOLOGISTS, P.A., AND BABU RAO PAIDIPALLI, M.D.'S, MOTION IN LIMINE NO. 2

Come now the defendants, Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli, M.D., by and through counsel of record, and move this Court for an order prohibiting Plaintiffs' counsel from eliciting testimony from co-defendant Mark P. Clemons, M.D. as to the standard of care for an anesthesiologist at trial. Based upon questioning by Plaintiffs' counsel in Dr. Clemons' deposition, these Defendants anticipate that counsel may attempt to question Dr. Clemons regarding anesthesia practices. These defendants will show that Dr. Clemons does not, and has never, practiced anesthesiology and thus cannot be considered competent to offer opinions as to the standard of care for these defendants. Any such testimony by Dr. Clemons, therefore, would be improper. In support of this motion, these defendants would state as follows:

Sixth Circuit federal courts have separated the admissibility of expert testimony into two classifications: an expert's competency and an expert's qualifications. Bock v. Univ. of Tenn.

Med. Group, Inc., 471 Fed. Appx. 459, 461-462 (6th Cir. Tenn. 2012) (citing Legg v. Chopra, 286 F.3d 286, 291 (6th Cir. 2002)). First, federal courts have found that competency, which is intimately intertwined with state substantive law, is a substantive consideration under Rule 601. Id. at 291. Second, federal courts are to consider the witness's qualification in terms of the procedural gatekeeping consideration under Rule 702 and Daubert.  Therefore, a district court must first determine whether a witness is competent to testify under Tenn. Code Ann. § 29-26-115(b).

Tenn. Code Ann. § 29-26-115(b) sets forth the three requirements for an expert witness to be competent to testify in a medical negligence case. The witness must be (1) licensed to practice in the state or a contiguous bordering state; (2) **a profession or specialty that would make the person's expert testimony relevant to the issues in the case;** and (3) must have practiced this specialty in one of these statues during the year preceding the date that the alleged injury or wrongful act occurred. Shipley v. Williams, 350 S.W.3d 527, 550 (Tenn. 2011).

The statute thus requires that the physician testifying as an expert practice a profession or specialty which would make his or her testimony relevant. Even though specialization is not a prerequisite to the ability of a doctor to offer expert testimony, the purported expert must, nonetheless, practice in an area that would allow him or her to testify expertly concerning the specific issues raised in the lawsuit. Mitchell v. Jackson Clinic, P.A. 420 S.W. 3d. 1, 27 (Tenn. Ct. App. 2013). In Mitchell, the Court of Appeals held that the trial court did not err in finding that plaintiffs' expert witness was not qualified to testify as an expert in the medical malpractice case as there was no evidence to support a finding that the witness had recent expertise in the medical fields at issue, or the standard of care under the relevant guidelines for those field that would aid the trier of fact. Id. at 1. Specifically, the court held the following:

2

Although, as noted above, specialization is not a prerequisite to the ability of a doctor to offer testimony, the purported expert must, nonetheless, have practiced in an area that would allow him or her to testify expertly concerning the specific issues raised in the lawsuit.

Id. at 27

Dr. Clemons is not an anesthesiologist. (See Deposition of Mark Clemons, M.D., p/ 6, ln. 17-18). Despite this fact, Plaintiffs' counsel questioned Dr. Clemons extensively throughout the deposition regarding his knowledge of matters relating to anesthesia. Dr. Clemons is not competent to testify as to the standard of care for anesthesiologist because he is a surgeon. Like the expert in Mitchell, Dr. Clemons has not practiced in an area that would allow him to testify expertly concerning the specific anesthesia issues raised in this lawsuit. As a result, the Court should enter an order in limine excluding any opinions relating to the standard of care of anesthesiologists at trial.

By:     s/ W. Bradley Gilmer
        JERRY O. POTTER (4284)
        W. BRADLEY GILMER (21490)
        KAREN S. KOPLON (16282)
        Attorneys for Defendants, Pediatric
        Anesthesiologists, P.A. and
        Babu Rao Paidipalli, M.D.
        THE HARDISON LAW FIRM, P.C.
        119 S. Main Street, Suite 800
        Memphis, Tennessee 38103
        (901) 525-8776
        jpotter@hard-law.com
        bgilmer@hard-law.com
        kkoplon@hard-law.com

## <u>CERTIFICATE OF CONSULATION</u>

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6th, 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

<u>s/W. Bradley Gilmer</u>
W. BRADLEY GILMER

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103

this 6th day of January, 2015.

<u>s/ W. Bradley Gilmer</u>
W. BRADLEY GILMER

4