IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                        No. 2:13-cv-02289 SHL-dkv
                                                          JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

**DEFENDANTS', PEDIATRIC ANESTHESIOLOGISTS, P.A., AND BABU RAO PAIDIPALLI, M.D.'S, MOTION IN LIMINE NO. 3**

      Come now the defendants, Pediatric Anesthesiologists, P.A. and Babu Rao Paidipalli, M.D., by and through counsel of record, and move this Court for an order excluding any evidence of Board Certification in Pediatric Anesthesiology. Defendants would also move the Court to preclude Plaintiffs from attacking Dr. Paidipalli for attending medical school in India on the grounds that such testimony is inflammatory and prejudicial. In support of this motion, Defendants would state as follows:

      Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Furthermore, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: (1) unfair prejudice; (2) confusing the issues; (3) misleading the jury; (4)

undue delay; (5) wasting time; or (6) needlessly presenting cumulative evidence. Fed. R. Evid. 403

Evidence regarding Board Certification in Pediatric Anesthesiology is completely irrelevant to the facts at issue in this case, and is intentionally misleading and prejudicial, because that particular board certification <u>did not exist</u> in March of 2012 when the incidences in this lawsuit occurred. This lawsuit centers on Brett Lovelace's surgery and recovery at Le Bonheur on March 12, 2012. However, board certification in pediatric anesthesia was not even offered until October of 2013 when the first group of physicians in the country was allowed to take an examination and become board certified in pediatric anesthesia. Therefore, no physician in America was Board Certified in pediatric anesthesia on March 12, 2012.

Allowing into evidence any showing that Dr. Paidipalli was not and/or is not currently board certified in pediatric anesthesiology would also confuse the jury and unfairly prejudice Dr. Paidipalli. Suggesting that Dr. Paidipalli was not Board certified at the time of Brett's care would mislead the jury into thinking that such a certification existed. At the same time, suggesting that Dr. Paidipalli has not gained board certification in pediatric anesthesiology since the certification became available in 2013 would unfairly prejudice him by opening up the question as to why he hasn't certified. That question, in and of itself, is completely irrelevant because this lawsuit centers around the standard of care established on March 12, 2012 when no such certification existed. Therefore, Defendants respectfully request that this Court exclude any evidence as to Board Certification in Pediatric Anesthesiology.

Defendants also move this Court in limine for an order prohibiting Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses from criticizing Dr. Paidipalli's for having attended medical school in his home country, India. Despite not inquiring into Dr. Paidipalli's medical

2

qualifications during Dr. Paidipalli's deposition, Plaintiffs' counsel felt it appropriate to criticize Dr. Paidipalli's medical background during the evidentiary deposition of defense expert Ira Landsman:

> **BY MR. LEDBETTER: Now, as far as your training in anatomy or medicine, have you undertaken any study of the text or quality of educational materials which Dr. Paidipalli had access when he was in medical school?**
>
> **A: No.**
>
> **MR. POTTER: Object to the relevancy.**
>
> **THE WITNESS: No.**
>
> **Q: Is it your assumption that you and he had the same medical training based upon maybe a friend you had who is from India?**
>
> **MR. POTTER: Object. Form**
>
> **BY MR. LEDBETTER: I mean, that's fair to ask. If you don't know the man, are you basing your assumption that you have a common educational core background based on something in your life apart from Dr. Paidipalli?**
>
> **A: Yeah. I - - I'd say that's true.**
>
> **Q: Okay. Now, in medical school, you had - - you had only two years in the classroom, correct, then you went into clinics?**
>
> **A: Correct.**
>
> **Q: And so most folks, that would - - that would entitle you to a master's degree, correct?**
>
> **A: Well I don't understand the question.**
>
> **Q: Okay.**
>
> **A: In medical school, we have two years' classroom and then two years of - - of clinicals. And then you get an M.D. degree.**
>
> **Q: I understand. Well, that'd be like in - - in five years when I'm - - or when I'm 70, I can get somebody to give me a diploma and say all of my years have been spent clinically, right?**

**MR: POTTER: Object - -**

**Mr. LEDBETTER: I'm sorry. I didn't mean to pick on you,.**

**THE WITNESS: That's okay.**

**MR. POTTER: Object to the form of the question. That's totally irrelevant and nonsensical.**

**BY MR. LEDBETTER: After that, you go to a hospital and you do rotations among various specialties, is that correct?**

**A: That is correct.**

**Q: What about Dr. Paidipalli, tell me about what the drill or the routine was in his Indian school.**

**A: I have no idea.**

**MR. POTTER: Object to the form.**

**(Deposition of Ira Landsman, M.D. p. 105, ln. 8 through p. 107, ln. 15).**

This line of questioning is completely irrelevant to the issues in this lawsuit and inappropriate. At no point during the discovery phase of this lawsuit has Plaintiff ever criticized Dr. Paidipalli's medical credentials or qualifications. Plaintiffs' own expert stated in his deposition that he did not have any knowledge of whether Dr. Paidipalli was a sound physician outside of his treatment of Brett Lovelace:

> Q: Do you have any reason to believe that Dr. Paidipalli is not a sound physician?
>
> A: Based upon my review of the anesthetic records, I would question the practices in Brett's specific case. *Outside of that, I have no other knowledge of Dr. Paidpalli's practices.*

Deposition of Jason Kennedy, M.D., page 14, ln. 22 through page 15, ln. 2

Dr. Paidipalli's credentials are not on trial in this lawsuit. No expert has criticized Dr. Paidipalli's qualifications. Testimony regarding Dr. Paidipalli having attended medical school in

4

India, other than as a stated fact on his resume or CV, could serve no other possible purpose than to attempt to appeal to juror prejudice of foreign doctors. Such testimony would only serve to confuse the jury on the issues in this case and unfairly prejudice Dr. Paidipalli. Defendants therefore request an order from the Court prohibiting Plaintiffs, Plaintiffs' counsel, or Plaintiffs' witnesses from criticizing Dr. Paidipalli's qualifications at trial.

By: s/ W. Bradley Gilmer
JERRY O. POTTER (4284)
W. BRADLEY GILMER (21490)
KAREN S. KOPLON (16282)
Attorneys for Defendants, Pediatric
Anesthesiologists, P.A. and
Babu Rao Paidipalli, M.D.
THE HARDISON LAW FIRM, P.C.
119 S. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 525-8776
jpotter@hard-law.com
bgilmer@hard-law.com
kkoplon@hard-law.com

## CERTIFICATE OF CONSULATION

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6th 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

                                                s/W. Bradley Gilmer
                                                W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103


this 6th day of January, 2015.

                                                s/ W. Bradley Gilmer
                                                W. BRADLEY GILMER