# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

      Plaintiffs,

Vs.                               No. 2:13-cv-02289 SHL - dkv
                                       JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

      Defendants.

## DEFENDANTS' JOINT PROPOSED JURY INSTRUCTIONS

Come now the Defendants and propose that the following jury instructions be submitted to the jury at the trial of this cause[1]:

---

[1] Under the Erie doctrine, the Court is bound to apply the substantive law of the state of Tennessee as if this action had been brought in a Tennessee state court.

**T.P.I – CIVIL 1.02**

**AFTER VOIR DIRE AND BEFORE TRIAL**

Before the trial begins, I am going to give you some instructions to help you understand how the case will proceed, what your duties will be, and how you should conduct yourselves during the trial.

When I have completed these instructions, the attorneys will make their opening statements. These statements will be brief outlines of what the attorneys expect the evidence to be.

After the opening statements, you will hear the evidence. The evidence generally consists of the numbered exhibits and the testimony of witnesses. The plaintiff will present evidence first. The defendant then will be given the opportunity to present evidence. Normally, the plaintiff will present all of the plaintiff's evidence before the other parties present any evidence. Exceptions are sometimes made, however, usually to accommodate a witness.

The witnesses will testify in response to questions from the attorneys. Witnesses are first asked questions by the party who calls the witness to testify and then others are permitted to cross-examine the witnesses. Although evidence is presented by asking questions, the questions themselves are not evidence. An insinuation contained in a question is not evidence. You should consider a question only as it gives meaning to a witness's answer.

Evidence may be presented by deposition. A deposition is testimony taken under oath before the trial and preserved in writing [or on videotape]. In Tennessee, a doctor of medicine often gives testimony by deposition. You are to consider deposition testimony as if the witness appeared in court.

During the trial, objections may be made to evidence or trial procedures.   I may sustain objections to questions asked without permitting a witness to answer, or I may instruct you to disregard an answer that has been given.  In deciding this case, you may not draw any inference from an unanswered question, and you may not consider testimony that you are instructed to disregard.

Any arguments about objections or motions are usually required to be made by the attorneys out of the hearing of the jury.   Information may be excluded because it is not legally admissible.  Excluded information cannot be considered in reaching your decision.  A ruling that is made on an objection or motion will be based solely upon the law.  You must not infer from a ruling that I hold any view or opinion for or against any party in this lawsuit.

When all of the evidence has been presented to you, the attorneys will make their closing arguments.  The attorneys will point out to you what they contend the evidence has shown, what inferences you should draw from the evidence, and what conclusions you should reach as your verdict.  The plaintiff will make the first argument and will be followed by the defendant.  The plaintiff may then respond to the defendant's argument.

Unless you are otherwise instructed, statements made by the attorneys are not evidence. Those statements are made only to help you understand the evidence and apply the law to the evidence in the case.  You should ignore any statement that is not supported by the evidence.

After the arguments are made, I will instruct you on the rules of law that apply to the case.  It is your function as jurors to determine what the facts are and to apply the rules of law that I give you to the facts that you have found.  You will determine the facts from all the evidence.  You are the sole and exclusive judges of the facts. On the other hand, you are required

to accept the rules of law that I give you whether you agree with them or not.

As the sole judges of the facts, you must determine which of the witnesses' testimony you accept, what weight you attach to it, and what inferences you will draw from it.   The law does not, however, require you to accept all of the evidence.   In deciding what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and determine the weight you will give to that testimony.   You must decide which witnesses you believe and how important you think their testimony is.   You are not required to accept or reject everything a witness says.   You are free to believe all, none, or part of any person's testimony.

In deciding which testimony you believe, you should rely on your own common sense and everyday experience.   There is no fixed set of rules to use in deciding whether you believe a witness, but it may help you to think about the following questions:

1.   Was the witness able to see, hear, or be aware of the things about which the witness testified?

2.   How well was the witness able to recall and describe those things?

3.   How long was the witness watching or listening?

4.   Was the witness distracted in any way?

5.   Did the witness have a good memory?

6.   How did the witness look and act while testifying?

7.   Was the witness making an honest effort to tell the truth, or did the witness evade questions?

8.  Did the witness have any interest in the outcome of the case?

9.  Did the witness have any motive, bias, or prejudice that would influence the witness=s testimony?

10. How reasonable was the witness= testimony when you consider all of the evidence in the case?

11. Was the testimony contradicted by what that witness has said or done at another time, by the testimony of other witnesses, or by other evidence?

*[In appropriate cases the trial judge may want to give a summary of the applicable law.]*

There are several rules concerning your conduct during the trial and during recesses that you should keep in mind.

First, do not conduct your own private investigation into this case, although you may be tempted to do so.  For example, do not visit the scene of an incident, read any textbooks or articles concerning any issue in this case, or consult any other source of information.  If you were to do that, you would be getting information that is not evidence.  You must decide this case only on the evidence and law presented to you during the trial.  Any juror who receives any information about this case other than that presented at trial must notify the court immediately.

Second, do not discuss the case either among yourselves or with anyone else during the trial.  You must keep an open mind until you have heard all the evidence, the attorneys= closing arguments and my final instructions concerning the law.  Any discussions before the conclusion of the case would be premature and improper.

Third, do not permit any other person to discuss the case in your presence.  If anyone does attempt to do so, report this fact to the Court immediately without discussing the incident with any of the other jurors .

Fourth, do not speak to any of the attorneys, parties or witnesses in this case, even for the limited purpose of saying good morning.  They are also instructed not to talk to you.  In no other way can all the parties feel assured of your absolute impartiality.

## T.P.I.—CIVIL 1.03
## USE OF JUROR NOTES

You are permitted to takes notes during the trial.  You may take notes of the verbal testimony from witnesses, including witnesses presented by deposition or videotape.

You may not take notes during the opening statements or closing arguments or take notes of objections made to the evidence.

You may not take notes during breaks or recesses.  Notes may be made only in open court while the witnesses are testifying.

Your notes should not contain personal reactions or comments, but rather should be limited to a brief, factual summary of testimony that you think is important.

Please do not let your note-taking distract you and cause you to miss what the witness said or how the witness said it.  Remember that some testimony may not appear to be important to you at the time.  That same testimony, however, may become important later in the trial.

Your notes are not evidence.  You should not view your notes as authoritative records or consider them as a transcript of the testimony.  Your notes may be incomplete or contain errors and are not an exact account of what was said by a witness.

**T.P.I.—CIVIL 1.04**

**CORPORATION NOT TO BE PREJUDICED**

The fact that a corporation is a party must not influence you in your deliberations or in your verdict. Corporations and persons are equal in the eyes of the law. Both are entitled to the same fair and impartial treatment and to justice by the same legal standards.

**T.P.I. – CIVIL 2.01**

**EVIDENCE**

You are to decide this case only from the evidence which was presented at this trial. The evidence consists of:

1. The sworn testimony of the witnesses who have testified, both in person and by deposition;

2. The exhibits that were received and marked as evidence; and

3. Any facts to which all the lawyers have agreed or stipulated.

4. Any other matters that I have instructed you to consider as evidence.

**T.P.I. – CIVIL 2.02**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two kinds of evidence; direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of a witness about what the witness personally observed.

Circumstantial evidence is indirect evidence that gives you clues about what happened.  Circumstantial evidence is proof of a fact, or a group of facts, that causes you to conclude that another fact exists.  It is for you to decide whether a fact has been proved by circumstantial evidence.  If you base your decision upon circumstantial evidence, you must be convinced that the conclusion you reach is more probable than any other explanation.

For example, if a witness testified that the witness saw it raining outside, that would be direct evidence that it was raining.  If a witness testified that the witness saw someone enter a room wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

In making your decision, you must consider all the evidence in light of reason, experience and common sense.

**T.P.I.- CIVIL 2.03**

**WEIGHING CONFLICTING TESTIMONY**

Although you must consider all the evidence, you are not required to accept all of the evidence as true or accurate.

You should not decide an issue by the simple process of counting the number of witnesses who have testified on each side.  You must consider all the evidence in the case.  You may decide that the testimony of fewer witnesses on one side is more convincing than the testimony of more witnesses on the other side.

**T.P.I. – CIVIL 2.06**

**DEPOSITION TESTIMONY**

Certain testimony has been presented by deposition.   A deposition is testimony taken under oath before the trial and preserved in writing or on video.   You are to consider that testimony as if it had been given in court.

## T.P.I.—CIVIL 2.09

## STIPULATION

A stipulation is an agreement. The parties have stipulated that certain matters of fact are true. They are bound by this agreement, and in your consideration of the evidence you are to treat these facts as proven.

**T.P.I. – CIVIL 2.20**

**CREDIBILITY OF WITNESS**

You are the sole and exclusive judges of the credibility or believability of the witnesses who have testified in this case.  You must decide which witnesses you believe and how important you think their testimony is.  You are not required to accept or reject everything a witness says.  You are free to believe all, none, or part of any person's testimony.

In deciding which testimony you believe, you should rely on your own common sense and everyday experience.  There is no fixed set of rules to use in deciding whether you believe a witness, but it may help you to think about the following questions:

1.  Was the witness able to see, hear, or be aware of the things about which the witness testified?

2.  How well was the witness able to recall and describe those things?

3.  How long was the witness watching or listening?

4.  Was the witness distracted in any way?

5.  Did the witness have a good memory?

6.  How did the witness look and act while testifying?

7.  Was the witness making an honest effort to tell the truth, or did the witness evade questions?

8.  Did the witness have any interest in the outcome of the case?

9.  Did the witness have any motive, bias or prejudice that would influence the witness' testimony?

10.  How reasonable was the witness' testimony when you consider all of the evidence in the case?

14

11. Was the witness' testimony contradicted by what that witness has said or done at another time, by the testimony of other witnesses, or by other evidence?

12. Has there been evidence regarding the witness' intelligence, respectability, or reputation for truthfulness?

13. Has the witness' testimony been influenced by any promises, threats, or suggestions?

14. Did the witness admit that any part of the witness' testimony was not true?

**T.P.I.—CIVIL  2.21**

**DISCREPANCIES IN TESTIMONY**

There may be discrepancies or differences within a witness' testimony or between the testimony of different witnesses. This does not necessarily mean that a witness should be disbelieved. Sometimes when two people observe an event they will see or hear it differently. Sometimes a witness may have an innocent lapse of memory. Witnesses may testify honestly but simply may be wrong about what they thought they saw or remembered. You should consider whether a discrepancy relates to an important fact or only to an unimportant detail.

**T.P.I.—CIVIL 2.22**

**WITNESS WILLFULLY FALSE**

You may conclude that a witness deliberately lied about a fact that is important to your decision in the case. If so, you may reject everything that witness said. On the other hand, if you decide that the witness lied about some things but told the truth about others, you may accept the part you decide is true and you may reject the rest.

**T.P.I – CIVIL 2.30**

**EXPERT TESTIMONY – DETERMINATION OF WEIGHT**

Usually witnesses are not permitted to testify as to opinions or conclusions. However, a witness who has scientific, technical, or other specialized knowledge, skill, experience, training, or education may be permitted to give testimony in the form of an opinion. Those witnesses are often referred to as "expert witnesses."

You should determine the weight that should be given to each expert's opinion (and resolve conflicts in the testimony of different expert witnesses). You should consider:

1. The education, qualifications, and experience of the witness(es); and

2. The credibility of the witness(es) and

3. The facts relied upon by the witness(es) to support the opinion; and

4. The reasoning used by witness(es) to arrive at the opinion.

You should consider each expert opinion and give it the weight, if any, that you think it deserves. You are not required to accept the opinion of any expert.

**T.P.I. - CIVIL 2.31**

**HYPOTHETICAL QUESTIONS**

An expert witness was asked to assume that certain facts were true and to give an opinion based upon that assumption.  This is called a hypothetical question.  You must determine if any fact assumed by the witness has not been established by the evidence and the effect of that omission, if any, upon the value of the opinion.

## SPECIAL INSTRUCTION # 1*

## BURDEN OF PROOF – PREPONDERANCE OF EVIDENCE

In this action, the plaintiff has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following issues:

(1)     The recognized standard of acceptable professional practice in the profession and the specialty thereof that defendant practiced, in the community in which they practiced or in a similar community, at the time the alleged injury or wrongful actions occurred;

(2)     that the defendant acted with less than, or failed to act with, ordinary and reasonable care in accordance with such standard; and

(3)     that as a proximate result of the defendant's negligent acts or omissions, plaintiff suffered injuries which would not have otherwise occurred.

The Plaintiff is required to prove all of these elements through expert medical proof.  In a malpractice action such as this, the plaintiff has the burden of proving by a preponderance of the evidence, the negligence of the defendants.

The term "preponderance of the evidence" means that amount of evidence that causes you to conclude that an allegation is probably true.  To prove an allegation by a preponderance of the evidence, a party must convince you that the allegation is more likely true than not true. If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence and the party having the burden of proving that issue has failed.

You must consider all of the evidence on each issue.

*** (T.P.I. 2.40 modified pursuant to Tenn. Code Ann. § 29-26-115)**

20

**SPECIAL JURY INSTRUCTION NO. 2**

**CAUSATION IN HEALTH CARE LIABILITY CASES**

A Plaintiff in Tennessee must prove that the physician's act or omission more likely than not was the cause in fact of the harm. Lindsey v. Miami Development Corp., 689 S.W.2d 556, 861-62 (Tenn. 1985); White v. Methodist Hosp. South, 844 S.W.2d 642, 648-49 (Tenn. App. 1992). Thus, proof of causation equating to a "possibility," a "might have," "may have," "could have," is not sufficient, as a matter of law, to establish the required nexus between the plaintiff's injury and the defendant's tortious conduct by a preponderance of the evidence in a medical malpractice case. Id.

**T.P.I – CIVIL 3.24**

**SUPERSEDING CAUSE**

A cause of an injury is not a legal cause when there is a superseding cause. For a cause to be a superseding cause, all of the following elements must be present:

1. The harmful effects of the superseding cause must have occurred after the original negligence;

2. The superseding cause must not have been brought about by the original negligence;

3. The superseding cause must actively work to bring about a result which would not have followed from the original negligence; and

4. The superseding cause must not have been reasonably foreseeable by the original negligent party.

**T.P.I – CIVIL 3.50 [MODIFIED]**

**COMPARATIVE FAULT, THEORY AND EFFECT**

In deciding this case you must determine the fault, if any, of each of the defendants and Kelly Kish. If you find more than one of them at fault, you will then compare their fault. To do this, you will need to know the definition of fault.

A party is at fault if you find that the party was negligent and that the negligence was a cause in fact and legal cause of the injury or damage for which a claim is made.

Fault has two parts: negligence and causation. Negligence is established if the individual acted with less than, or failed to act with, ordinary and reasonable care in accordance with the recognized standard of acceptable professional practice in the profession and the specialty thereof that individual practiced, in the community in which they practiced or in a similar community, at the time the alleged injury or wrongful actions occurred. The mere happening of an injury or accident does not, in and of itself, prove negligence. A person may assume that every other person will use reasonable care unless the circumstances indicate the contrary to a reasonably careful person.

The second part of fault is causation. Causation has two components: (a) causation in fact and (b) legal cause.

A cause in fact of the plaintiff's injury is a cause which directly contributed to the plaintiff's injury and without which the plaintiff's injury would not have occurred. To be a cause in fact, it is not necessary that a negligent act or omission be the sole cause of plaintiff's injury, only that it be a cause.

Once you have determined that a party's negligence was a cause in fact of plaintiff's injury, the next question you must decide is whether the party's negligence was also a legal cause of the plaintiff's injury.

Two requirements must be met to determine whether a party's negligent act(s) or omission(s) was (were) a legal cause of the injury or damage.

1. The conduct must have been a substantial factor in bringing about the harm being complained of; and

2. The harm giving rise to the action could have been reasonably foreseen or anticipated by a person of ordinary intelligence and prudence.

To be a legal cause of an injury there is no requirement that the cause be the only cause, the last act, or the one nearest to the injury, so long as it is a substantial factor in producing the injury or damage.

The foreseeability requirement does not require the person guilty of negligence to foresee the exact manner in which the injury takes place or the exact person who would be injured. It is enough that the person guilty of negligence could foresee, or through the use of reasonable care, should have foreseen the general manner in which the injury or damage occurred.

A single injury can be caused by the negligent acts or omissions of one or more persons.

If you find that a party was negligent and that the negligence was a cause in fact and also a legal cause of the injury or damages for which a claim was made, you have found that party to be at fault. The plaintiff has the burden to prove the defendants' fault. If the plaintiff fails to do so, you should find no fault on the part of the defendant. Likewise, the defendant has the burden to prove the fault of anyone whom they allege to have been at fault. If the defendant fails to do

so, you should find no fault on the part of that individual. If you find more than one person to be at fault, you must then determine the percentage of fault chargeable to each of them.

You must also determine the total amount of damages sustained by any party claiming damages. You must do so without reducing those damages by any percentage of fault you may have charged to that party. I will instruct you on the law of damages in a few minutes.

It is my responsibility under the law to reduce the amount of damages you assess against any party by the percentage of fault, if any, that you assign to that party.

**T.P.I – CIVIL 3.51**

**COMPARATIVE FAULT, BASIS OF COMPARISON**

You have been instructed that if you find more than one party at fault, you must apportion the fault of each party.

In this case you may consider the fault of Babu Rao Paidipalli, M.D, Pediatric Anesthesiologists P.A., Mark Clemons, M.D., and Kelly Kish.

In making the apportionment of percentage of fault, you should keep in mind that the percentage of fault chargeable to a person is not to be measured solely by the number of particulars in which a person is found to have been at fault.

Nor does the fact that both parties are claiming the same act of negligence against each other necessarily mean that both must be equally at fault.

You should weigh the respective contributions of the persons, considering the conduct of each as a whole, determine whether one made a large contribution than the other(s), and if so, to what extent it exceeds that of the other(s).

**T.P.I – CIVIL 3.52**

**ADDITIONAL FACTORS FOR COMPARING FAULT**

The percentage of fault assigned to any person depends upon all of the circumstances of the case. The conduct of each person may make that person more or less at fault, depending upon all of the circumstances. In order to assist you in making this decision, you may consider the following factor(s) and you may also consider any other factors that you find to be important under the facts and circumstances. But the determination of fault on the part of any person and the determination of the relative percentages of fault, if any, are matters for you alone to decide.

1. Whose conduct more directly caused the injury to the plaintiff;

2. How reasonable was the person's conduct in confronting a risk, for example, did the person know of the risk or should the person have known of it;

3. Did the person fail to reasonably use an existing opportunity to avoid an injury to another;

4. Was there a sudden emergency requiring a hast decision;

5. What was the significance of what the person was attempting to accomplish by the conduct [such as an attempt to save another's life].]

**T.P.I. – CIVIL 3.53**

**WHERE CLAIMS ARE MADE AGAINST ONE NOT JOINED AS A PARTY**

In this case, Defendants claim that Kelly Kish was at fault and have the burden of proving her fault.

Even though Ms. Kish is not named as a party in this action and has not offered evidence, other than her own testimony, it is necessary that you determine whether Kelly Kish was at fault and determine the percentage of fault, if any, chargeable to her.

**T.P.I – CIVIL 3.55 (MODIFIED)**

**COMPARATIVE FAULT PRINCIPAL – AGENT DIRECTED IMPUTATIONS**

It has been stipulated that Dr. Paidipalli was the agent of Pediatric Anesthesiologists, P.A. Therefore, Dr. Paidipalli and Pediatric Anesthesiologists, P.A. should be considered as one in assigning fault and you should not separately assign fault to Pediatric Anesthesiologists, P.A. for any fault you may find on his part.

It has also been stipulated that Grace Freeman Sells was the agent of Pediatric Anesthesiologists, P.A. Ms. Sells is not a separately named defendant, so she and Pediatric Anesthesiologists, P.A. should be considered as one and you may assign fault to Pediatric Anesthesiologists, P.A. for any fault you may find on her part.

Therefore, if you find Dr. Paidipalli not to be at fault, but find Grace Freeman Sells to have been at fault, you should assign fault to Pediatric Anesthesiologists, P.A. for her fault.

If you find that both Dr. Paidipalli and Grace Freeman Sells were not at fault, you may not assign any fault to Pediatric Anesthesiologists, P.A.

**T.P.I – CIVIL 3.58**

**EXPLANATION OF VERDICT**

The percentage figure for each party may range from zero (0) to one hundred (100) percent. When the percentages of fault of all parties [being compared] are added together, the total must equal [0% or] 100%. The total percentage cannot be more or less than [0% or] 100%.

The parties to whom you may assign fault are:

1. Kelly Kish

2. Babu Rao Paidipalli, M.D.

3. Pediatric Anesthesiologists, P.A.

4. Mark P. Clemons, M.D.

**T.P.I. - CIVIL 6.01**

**PROFESSIONAL FAULT**

A person who undertakes to perform professional services for another must use reasonable care to avoid causing injury to that person. The knowledge and care required of the professional is the same as other reputable professionals practicing in the same or a similar community and under similar circumstances. A professional not only must have that degree of learning and skill ordinarily possessed by other reputable professionals but also must use the care and skill ordinarily used in like cases. In applying that skill and learning, a professional is required to use reasonable diligence and best judgment in an effort to accomplish the purpose of the employment.

A failure to have and use such knowledge and skill is negligence.

**T.P.I. - CIVIL 6.05 and 6.18 [MODIFIED]**

**STANDARD OF PROFESSIONAL CARE
DETERMINED BY EXPERT TESTIMONY**

It is your obligation to determine the recognized standard of acceptable professional practice in defendants' profession for this or a similar community.   To determine the standard of professional learning, skill and care that was required of the defendants, Mark Clemons, M.D. and Dr. Babu Rao Paidipalli you must consider only the opinion of the doctors, including Dr. Paidipalli and Dr. Clemons, who have testified as expert witnesses as to that standard.

To determine the standard of professional learning, skill and care that was required of the of the certified registered nurse anesthetist employee of Pediatric Anesthesiologists, P.A., Grace Freeman Sells, you must consider only the opinion of the doctors and other experts, including Dr. Paidipalli, who have testified as expert witnesses as to that standard.

To determine the standard of professional learning, skill and care that was required of the of the recovery room nurse, Kelly Kish, you must consider only the opinion of the doctors and other experts, who have testified as expert witnesses as to that standard.

You must consider the opinion of each expert witness and the reasons given for the opinion, as well as the qualifications of each witness.  Give each opinion the weight you believe it should have.

**T.P.I. - CIVIL 6.10**

**DUTY OF PHYSICIAN**

A physician who undertakes to perform professional services for a patient must use reasonable care to avoid causing injury to the patient.   The knowledge and care required of the physician is the same as that of other reputable physicians practicing in the same or a similar community and under similar circumstances.   A physician not only must have that degree of leaning and skill ordinarily possessed by other reputable physicians but also must use the care and skill ordinarily used in like cases.   In applying that skill and learning, a physician is required to use reasonable diligence and best judgment in an effort to accomplish the purpose of the employment.

A failure to have and use such knowledge and skill is negligence.

**SPECIAL JURY INSTRUCTION NO. 3**

**CAPTAIN OF THE SHIP DOCTRINE**

One legal theory by which liability has been placed on a physician in other states is the so-called "Captain of the Ship Doctrine." Taken to the extreme, this logic would impose absolute liability on a physician for the negligent acts of every person connected with the treatment of the patient. The Tennessee Supreme Court abolished the "Captain of Ship Doctrine" in this state. It has no bearing on the duty a physician has to his or her patient. As a result, you should not hold the physician responsible for the negligent acts of every person connected with the treatment of this patient.  Parker v. Vanderbilt Univ., 767 S.W.2d 412, 415-16 (Tenn. Ct. App. 1988).

**T.P.I. - CIVIL 6.11**

**DUTY OF SPECIALIST**

The skill, knowledge and care required of a physician who practices a particular specialty is the same as that of other reputable physicians who specialize in the same field and practice in the same or a similar community and under similar circumstances

**T.P.I. - CIVIL 6.12**

**PERFECTION NOT REQUIRED**

By undertaking treatment a physician does not guarantee a good result.   A physician is not negligent merely because of an unsuccessful result or any error in judgment.   An injury alone does not raise a presumption of the physician's negligence.   It is negligence, however, if the error of judgment or lack of success is due to a failure to have and use the required knowledge, care and skill as defined in these instructions.

**T.P.I.- CIVIL 6.14**

**ALTERNATIVE METHODS**

When there is more than one accepted method of diagnosis or treatment, and no one of them is used exclusively and uniformly by all physicians of good standing, a physician is not negligent for selecting an accepted method of diagnosis or treatment that later turns out to be unsuccessful.  This is true even if the method is one not favored by certain other physicians.

**SPECIAL JURY INSTRUCTION NO. 4**

**NO PRESUMPTION OF NEGLIGENCE**

In a medical malpractice action, there shall be no presumption of negligence on the part

of the defendant. TCA 29-26-115 (c ).

## SPECIAL JURY INSTRUCTION NO. 5

## HINDSIGHT NOT ALLOWED

In malpractice cases, the standard of care against which the actions of the defendants are measured is the recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time alleged injury or wrongful action occurred.  The defendant must be judged on foresight rather than hindsight in determining the failure to meet the standard of care.  This means you must only consider what the defendant knew or thought at the time of the alleged injury rather than what was discovered following the injury or what an expert might testify as to what should have been done based upon knowledge obtained after the alleged injury.  Dillard v. MeHarry Medical College, 2002 WL 1465957 (Tenn. Ct. App. 2002)

## SPECIAL INSTRUCTION NO. 6

## PERSONAL PRACTICE NOT THE STANDARD OF CARE

The testimony of a physician as to what he would do or his opinion of what should have been done does not constitute the statutory standard of medical practice. The term "recognized standard" means a standard recognized and accepted generally by the profession and not merely the particular standard of a single practitioner or group. You should therefore not give weight to any expert's testimony as to what he or she would have done under similar circumstances because such testimony does not adequately establish the standard of care for physicians in this community. T.P.I. 6.18; <u>Lewis v. Hill</u>, 770 S.W.2d 751, 754 (Tenn. Ct. App. 1988).

**T.P.I – CIVIL 14.30**

**WRONGFUL DEATH**

In this case, suit has been brought for damages alleging the death of Brett Lovelace was caused by the fault of the Defendants and Kelly Kish. If you decide to award damages, there are two classes of damages you may consider:

First, those damages sustained immediately by the injured party including compensation for the following:

1. The mental and physical suffering actually endured by the injured party between the injury and death;

2. Medical expenses necessitated by the injury, including expenditures for doctors, nurses, hospital care, medicine and drugs. *(subject to Motion in Limine)

3. Reasonable funeral expenses.

You may not speculate as to whether conscious pain and suffering actually did exist between the injury and death. If, however, you find that there was such pain and suffering prior to death, you must award damages for it.

The second class of damages that may be awarded is the present cash value of the pecuniary value of the life of the deceased. In determining this value, you should take into consideration the following factors:

1. The age of the deceased

2. The condition of health of the deceased

3. The life expectancy of the deceased;

41

4. The strength and capacity of the deceased for work and for earning money through skill in any art, trade, profession, occupation, or business;

5. The personal habits of the deceased as to sobriety and industry.

6. The reasonable value of the loss of consortium suffered by the parents of the deceased.

"Consortium" is a legal term consisting of several elements. It includes both tangible services provided by a family member, as well as intangible benefits each family member receives from the continued existence of the other family members. Such intangible benefits include love, affection, attention, education, guidance, care, protection, training, companionship and cooperation that the children would reasonably be certain to have received during the life of the deceased.

In determining whether to award damages for loss of consortium for the death of a child, you should consider the age of the deceased and Helen and Daniel Lovelace, closeness of their relationship, dependence [by the parents upon the child] and any other factors that reflect upon the relationship between the deceased and Helen and Daniel Lovelace.

In weighing these factors, you should consider the fact that expectancy of life is, at most, a probability based upon experience and statistics. You should be mindful of the possibility that the earnings of an individual are not always uniform over a period of time. You should consider not only the most optimistic expectations of the future, but also the most pessimistic, and all of the uncertainties between the extremes.

Finally, when determining the amount of damages based upon life expectancy-you should deduct the present cash value of the deceased's living expenses had the deceased lived. These living expenses are those that under the deceased's standard of living would have been

reasonably necessary to keep the deceased in such a condition of health and well-being as to maintain the capacity to earn money.

**T.P.I - CIVIL 14.31**

**PRESENT CASH VALUE – WRONGFUL DEATH**

I have used the expression "present cash value" in these instructions concerning damages for certain losses that may be awarded in this case.

In determining the pecuniary value of the life of Brett Lovelace, you must adjust the award to allow for the reasonable earning power of money and the impact of inflation.

"Present cash value" means the sum of money needed now, which when added to what that sum that  may reasonably be expected to earn in the future when invested, would equal the amount of damages at the time in the future when the earnings would have been received, living expenses incurred, and the loss of consortium experienced. You should also consider the impact of inflation, its impact on wages and its impact on purchasing power in determining the present cash value of future damages.

44

**T.P.I –  CIVIL 14.50**

**DETERMINING FUTURE DAMAGES WITHOUT SPECULATION**

If you are to determine a party's damages, you must compensate that party for loss or harm that is reasonably certain to be suffered in the future as a result of the injury in question. You may not include speculative damages, which is compensation for future loss or harm that, although possible, is conjectural or not reasonably certain.

**T.P.I – CIVIL 14.54**

**MEANING OF PRESENT CASH VALUE**

I have used the expression "present cash value" in these instructions concerning damages for future losses that may be awarded to the plaintiff.

In determining the damages arising in the future, you must determine the present cash value of those damages. That is, you must adjust the award of those damages to allow for the reasonable earning power of money and the impact of inflation.

"Present cash value" means the sum of money needed now which, when added to what that sum may reasonably be expected to earn in the future when invested, would equal the amount of damages, expenses, or earnings at the time in the future when the damages from the injury will be suffered, or the expenses must be paid, or the earnings would have been received. You should also consider the impact of inflation, its impact on wages, and its impact on purchasing power in determining the present cash value of future damages.

**SPECIAL INSTRUCTION NO. 7**

**GRIEF NOT RECOVERABLE**

In determining the amount of damages, if any, to award the plaintiff, the law clearly states that you may not consider the anguish and emotional grief the parents have experienced due to the loss of their child. <u>Thurmon v. Sellers</u>, 62 S.W. 3d 145 (Tenn. Ct. App. 2001).

**T.P.I. - CIVIL 15.01**

**RESPECTIVE DUTIES OF JUDGE AND JURY**

Members of the jury, now you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law that applies to this case.  You will be provided with a written copy of these jury instructions.

It is your duty to find the facts from all the evidence in the case.   After you determine the facts, you must apply the law that has been given you, whether you agree with it or not.   You must not be influenced by any personal likes or dislikes, prejudice or sympathy.   You must decide the case solely on the evidence before you and according to the law given to you.

**T.P. I. - CIVIL 15.02**

**INSTRUCTIONS TO BE CONSIDERED AS A WHOLE**

All the instructions are equally important.  The order in which these instructions are given has no significance.  You must follow all the instructions and not single out some and ignore others.

**T.P.I. - CIVIL 15.03**

**STATEMENTS OF COUNSEL – EVIDENCE STRICKEN OUT – INSINUATIONS OF QUESTIONS**

In reaching your verdict you may consider only the evidence that was admitted. Remember that any questions, objections, statements or arguments made by the attorneys during the trial are not evidence.  If the attorneys have stipulated or agreed to any fact, however, you will regard that fact as having been proved.

Testimony that you have been instructed to disregard is not evidence and must not be considered.  If evidence has been received only for a limited purpose, you must follow the limiting instructions I have given you.  You are to decide the case solely on the evidence received at trial.

**T.P.I.- CIVIL 15.04**

**ORDINARY OBSERVATIONS AND EXPERIENCES**

Although you must only consider the evidence in this case in reaching your verdict, you are not required to set aside your common knowledge.  You are permitted to weigh the evidence in the light of your common sense, observations and experience.

**T.P.I – CIVIL 15.08**

**EACH DEFENDANT ENTITLED TO SEPARATE CONSIDERATION**

There is more than one defendant in this lawsuit. If you find that one defendant is at fault you are not required to return a verdict against both or all defendants. You will decide each defendant's case separately. Each defendant is entitled to a fair and separate consideration. Unless you are instructed to the contrary, the instructions apply to the facts of each defendant's case.

**T.P.I.—CIVIL  15.11**

**ALL INSTRUCTIONS NOT NECESSARILY APPLICABLE**

The Court has given you various rules of law to help guide you to a just and lawful verdict. Whether some of these instructions will apply will depend upon what you decide are the facts. The Court's instructions on any subject [including instructions on damages], must not be taken by you to indicate the Court's opinion of the facts you should find or the verdict you should return.

**T.P.I.—CIVIL 15.12**

**USE OF JUROR NOTES (AFTER TRIAL)**

Some of you may have taken notes during the trial.  Once you retire to the jury room you may refer to your notes, but only to refresh your own memory of the witnesses' testimony. You are free to discuss the testimony of the witnesses with your fellow jurors, but each of you must rely upon your own individual memory as to what a witness did or did not say.  In discussing the testimony, you may not read your notes to your fellow jurors or otherwise tell them what you have written.  You should never use your notes to persuade or influence other jurors.  Your notes are not evidence.  Your notes should carry no more weight than the unrecorded recollection of another juror.

**T.P.I.—CIVIL  15.15**

**HOW JURORS SHOULD APPROACH THEIR TASK**

Your attitude and conduct at the beginning of deliberations are very important.  It is rarely productive for any juror to immediately announce a determination to hold firm for a certain verdict before any deliberation or discussions take place.  Taking that position might make it difficult for you to consider the opinions of your fellow jurors or change your mind, even if you later decide that you might be wrong.  Please remember that you are not advocates for one party or another.  You are the judges of the facts in this case.

**T.P.I.—CIVIL  15.16**

**EACH JUROR SHOULD DELIBERATE AND
VOTE ON EACH ISSUE TO BE DECIDED**

Each of you should deliberate and vote on each issue to be decided.

Before you return your verdict, however, each of you must agree on the answer to each

question so that each of you will be able to state truthfully that the verdict is yours.

**T.P.I. - CIVIL 15.17**

**INSTRUCTIONS AS TO UNANIMOUS VERDICT**

The verdict you return to the Court must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to that verdict.   Your verdict must be unanimous.

It is your duty to consult with one another and to each an agreement if you can do so without violence to individual judgment.   Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.   In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinions if you are convinced that it is not correct.   But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

**T.P.I.—CIVIL  15.18**

**CHANCE OR QUOTIENT VERDICT PROHIBITED**

The law forbids you to determine any issue in this case by chance.  If you decide that a party is entitled to recover damages, you must not arrive at the amount of these damages by agreeing *in advance*; (1) to use each juror's independent estimate of the amount to be awarded; (2) to total those amounts; (3) to divide the total by twelve; and (4) to make the resulting average the amount that you award.

**T.P.I.—CIVIL  15.19**

**QUESTIONS DURING DELIBERATIONS**

If a question arises during deliberations and you need further instructions, please print your question on a sheet of paper, knock on the door of the jury room, and give the question to my court officer.

I will read your question and I may call you back into the courtroom to try and help you. Please understand that I may only answer questions about the law and I cannot answer questions about the evidence.

**T.P.I.—CIVIL  15.20**

**PROHIBITED RESEARCH AND COMMUNICATION**

I remind you that you are to decide this case based only on the evidence you have heard in court and on the law I have given you. You are prohibited from considering any other information and you are not to consult any outside sources for information. You must not communicate with or provide any information, photographs, or video to anyone by any means about this case or your deliberations. You may not use any electronic device or media, such as a telephone, cell phone, smart phone or computer; the Internet, any text or instant messaging service; or any chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, FourSquare, or Twitter, to communicate with anyone or to conduct any research about this case.

**T.P.I.—CIVIL  15.21**

**CONCLUDING INSTRUCTION**

You will now retire and select one of you to be the presiding juror for your deliberations. As soon as all of you have agreed upon a verdict, the presiding juror will complete and sign the verdict form and you will return with it to this room.

You may deliberate only when all of you are present in the jury room.  You may not resume your deliberations after any breaks until all of you have returned to the jury room.

By:    s/ W. Bradley Gilmer
        JERRY O. POTTER (4284)
        W. BRADLEY GILMER (21490)
        KAREN S. KOPLON (16282)
        Attorneys for Defendants, Pediatric
        Anesthesiologists, P.A. and
        Babu Rao Paidipalli, M.D.
        THE HARDISON LAW FIRM, P.C.
        119 S. Main Street, Suite 800
        Memphis, Tennessee 38103
        (901) 525-8776
        jpotter@hard-law.com
        bgilmer@hard-law.com
        kkoplon@hard-law.com


By:    s/Marcy D. Magee
        J. KIMBROUGH JOHNSON (7953)
        MARCY D. MAGEE (19360)
        NATALIE M. BURSI (032017)
        Attorneys for Defendant, Mark P. Clemons
        LEWIS THOMASON
        40 South Main Street, Suite 2900
        Memphis, TN 38103
        Phone:  (901) 525-8721
        KJohnson@LewisThomason.com
        MMagee@LewisThomason.com
        NBursi@LewisThomason.com

## CERTIFICATE OF CONSULATION

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6, 2015, counsel for defendants, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A., consulted with Mark Ledbetter, counsel for plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

s/W. Bradley Gilmer
W. BRADLEY GILMER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. Mail to all counsel of record identified below:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
Attorney for Plaintiffs
254 Court Avenue
Suite 305
Memphis, TN 38103

this 6th day of January, 2015.

s/ W. Bradley Gilmer
W. BRADLEY GILMER