IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

---

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as
Parents of BRETT LOVELACE, deceased,

    Plaintiffs,

vs.	NO.:    2:13-cv-02289 dkv
    JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and,
MARK P. CLEMONS,

    Defendants.

---

**MOTION TO ALLOW PLAINTIFFS TO IDENTIFY ONLY AND INTERROGATE WITNESSES AT TRIAL BY REFERENCE TO EVIDENCE OBTAINED THROUGH THE SUBPOENA TO METHODIST LEBONHEUR HOSPITAL AND BRIEF**

---

    COME now the Plaintiffs, Daniel Lovelace and Helen Lovelace, Individually, and as Parents of Brett Lovelace, deceased, through counsel, and for their Motion to Allow Plaintiffs to Identify only and Interrogate Witnesses at Trial by Reference to Evidence Obtained Through the Subpoena to Methodist LeBonheur Hospital, and Brief, would state as follows:

    1.    Plaintiffs do not intend to seek the admission of any LeBonheur protocols or documents that were requested of and are provided in compliance with the subpoena <u>duces</u> <u>tecum</u> served on Methodist LeBonheur Hospital. As with any industry standard, guideline or rule, courts generally exclude these from evidence, but freely allow questions relative to same. [A copy is usually placed in the record, though not admitted.] That is the sole purpose for seeking the two (2) sets of Methodist LeBonheur Hospital protocols.

2.      Methodist LeBonheur Hospital has fully complied with the subject subpoena to date.

3.      Accordingly, Movants submit that reference to these Methodist LeBonheur Hospital protocols is permissible under Federal Rule of Civil Procedure 26(a) in examining witnesses.  There is no need here nor a request made to admit the protocols into evidence.

4.      The court is asked to note that Defendants reserved the right to do the same thing with a host of unlisted, nondisclosed documents in their Pre-Trial Disclosures [[D.E. 154, fn.1 – *Pursuant to Fed.R.Civ.P. 26(a)(3), Defendants reserve the right to present undisclosed evidence at trial used solely for impeachment*].

5.      Plaintiffs reiterate, so as to preserve, their prior argument that the Joint Motion to Quash [D.E. 160] should have been denied as presented, as the Movants lacked "standing" under the Federal Rules of Civil Procedure, viz., Rule 45(d)(3), as well as 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2459 at 435 (3d Ed. 2008); and In re Skelaxin Antitrust Litigation, 292 F.R.D. 544 (E.D. Tenn. 2013).

WHEREFORE, premises considered, Plaintiffs have stated their position relative to the matters discussed hereinabove and ask the Court to rule favorably as to same, as admissibility is not herein sought.

        Respectfully submitted,

        **HALLIBURTON & LEDBETTER**

        /s/ Mark Ledbetter_____
        Mark Ledbetter (#17637)
        Attorney for Plaintiffs
        254 Court Avenue - Suite 305
        Memphis, TN  38103
        (901) 523-8153-phone
        Mark794@aol.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing has been properly served upon all counsel of record identified below via the Court's ECF filing system this 6th day of January, 2015.

J. Kimbrough Johnson/Marcy Dodds Magee/Margaret Cooper
2900 One Commerce Square
40 S. Main Street
Memphis, TN  38103
Attorneys for Mark Clemons
901/525-8721-phone
901/525-6722-fax
jjohnson@lewisthomason.com
mmagee@lewisthomason.com
mcooper@lewisthomason.com


Brad Gilmer/Jerry Potter/Karen Poplon/David Cook
The Hardison Law Firm
119 S. Main Street, Suite 800
Memphis, TN  38103
Attorneys for Babu R. Paidipalli & Pediatric Anesthesiologists, P.A.
901/525-8776 – phone
901/525-8790 – fax
Bgilmer@hard-law.com
jpotter@hard-law.com
kkoplon@hard-law.com
dcook@hard-law.com


      /s/ Mark Ledbetter_____
      Mark Ledbetter,  Certifying Attorney