IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESESEE

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as Parents of
BRETT LOVELACE, deceased,

    Plaintiffs,

Vs.                                                No. 2:13-cv-02289 SHL-dkv
                                                JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and
MARK P. CLEMONS,

    Defendants.

DEFENDANT, DR. MARK P. CLEMONS', MOTION IN LIMINE NO. 2

    Comes now Defendant Mark P. Clemons, M.D., by and through counsel of record, and moves this Court for an order prohibiting Plaintiffs' counsel from eliciting testimony from co-defendant Babu Rao Paidipalli, M.D. as to the standard of care for an otolaryngologist or a surgeon at trial. In support of his Motion, Defendant states as follows:

    Sixth Circuit federal courts have separated the admissibility of expert testimony into two classifications: an expert's competency and an expert's qualifications. Bock v. Univ. of Tenn. Med. Group, Inc., 471 Fed. Appx. 459, 461–62 (6th Cir. 2012) (citing Legg v. Chopra, 286 F.3d 286, 291 (6th Cir. 2002)). Competency "is intimately intertwined with the state substantive law—a substantive consideration under [Federal Rule of Evidence] 601." Id. at 461. (quoting Legg, 286 F.3d at 291) (quotation marks omitted). Additionally, an expert's qualification is viewed by courts as "a 'procedural' gatekeeping consideration under" Federal Rule of Evidence 702 and

Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). Id. at 461–62.

Tennessee Code Annotated § 29-26-115 sets forth the three requirements for an expert witness to be competent to testify in a medical negligence case. The witness (1) must be "licensed to practice in the state or a contiguous bordering state"; (2) must have been licensed in "a profession or specialty which would make the person's expert testimony relevant to the issues in the case"; and must have "practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred." Tenn. Code Ann. § 29-26-115(b).

The statute thus requires that the physician testifying as an expert practice a profession or specialty which would make his or her testimony relevant. Even though specialization is not a prerequisite to the ability of a doctor to offer expert testimony, the purported expert must, nonetheless, practice in an area that would allow him or her to testify expertly concerning the specific issues raised in the lawsuit. Mitchell v. Jackson Clinic, P.A. 420 S.W. 3d. 1, 27 (Tenn. Ct. App. 2013). In Mitchell, the Court of Appeals held that the trial court did not err in finding that plaintiffs' expert witness was not qualified to testify as an expert in the medical malpractice case as there was no evidence to support a finding that the witness had recent expertise in the medical fields at issue, or the standard of care under the relevant guidelines for those field that would aid the trier of fact. Id. at 1. Specifically, the court held the following:

> Although, as noted above, specialization is not a prerequisite to the ability of a doctor to offer testimony, the purported expert must, nonetheless, have practiced in an area that would allow him or her to testify expertly concerning the specific issues raised in the lawsuit.

Id. at 27.

Dr. Paidipalli is not an otolaryngologist, nor is he a surgeon. As such, Dr. Paidipalli is not competent to testify as to the standard of care applicable to Dr. Clemons. As a result, the

Court should enter an order prohibiting Plaintiffs' counsel from eliciting testimony from co-defendant Babu Rao Paidipalli, M.D. as to the standard of care for an otolaryngologist or a surgeon at trial.

Respectfully submitted,

LEWIS THOMASON

By:   s/Marcy D. Magee
      J. Kimbrough Johnson (7953)
      Marcy D. Magee (19360)
      Natalie M. Bursi (032017)
      40 South Main Street, Suite 2900
      Memphis, TN 38103
      Phone: (901) 525-8721
      *Attorneys for Defendant, Mark P. Clemons*
      KJohnson@LewisThomason.com
      MMagee@LewisThomason.com
      NBursi@LewisThomason.com

## CERTIFICATE OF CONSULATION

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on January 6, 2015, counsel for Dr. Clemons consulted with Mark Ledbetter, counsel for Plaintiffs, Daniel and Helen Lovelace, via e-mail concerning the contents of this motion, and that all counsel are unable to reach an accord as to all issues pertaining to this motion.

s/Marcy Dodds Magee
Marcy Dodds Magee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been properly served upon all counsel of record identified below via U.S. Mail, first class postage prepaid, and via the Court's ECF filing system:

Mark Ledbetter, Esq.
Halliburton & Ledbetter
254 Court Avenue, Suite 305
Memphis, TN 38103
Mark794@aol.com


Jerry O. Potter, Esq.
W. Bradley Gilmer, Esq.
Karen S. Koplon, Esq.
The Hardison Law Firm
119 South Main Street, Suite 800
Memphis, TN 38103
jpotter@hard-law.com
bgilmer@hard-law.com
kkoplon@hard-law.com

s/Marcy Dodds Magee
Marcy Dodds Magee

5807713