IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
_____

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as
Parents of BRETT LOVELACE, deceased,

    Plaintiffs,

vs.                                                                            NO.: ___2:13-cv-02289 dkv
**JURY TRIAL DEMANDED**

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and,
MARK P. CLEMONS,

    Defendants.
_____

**PLAINTIFFS' FIRST MOTION *IN LIMINE*
AND BRIEF**
_____

COME NOW the Plaintiffs, Daniel Lovelace and Helen Lovelace, Individually, and as Parents of Brett Lovelace, deceased, by and through their counsel of record, before the commencement of the voir dire examination of the jury panel, for their Plaintiffs' First Motion In Limine and Brief, and respectfully move that counsel for the Defendant, and through such counsel, and for their Plaintiffs' First Motion In Limine and Brief, any and all defense witnesses, be instructed by an appropriate Order of this Court to refrain from making any mention or question, argument, or statement, directly or indirectly, in any manner whatsoever, concerning any of the matters set forth herein without first approaching the bench and obtaining a ruling of the Court outside the presence and hearing of all prospective jurors or jurors ultimately selected in this cause in regard to any alleged theory of admissibility of such matters. In this connection,

1

Plaintiffs would show the Court that the matters set out would be and are inadmissible for any purpose or proper and timely objection in that they have no bearing on the issues in this case.

Permitting interrogation of witnesses, comments to jurors or prospective jurors, statement or argument to such jurors, or offers of evidence concerning these matters would prejudice the jury and the sustaining of objections to such questions, comments, arguments or offers would not cure such prejudice, but rather reinforce the impact on the jury of such prejudicial matters.

The following matters would not be admissible for any purpose in this cause:

1. Whether or not a Plaintiff was involved in any other litigation, civil or criminal, with any other parties.

2. That a Plaintiff has had prior claims, suits or settlements, or the amounts thereof.

3. That a Plaintiff or decedent was involved in any other accidents or that he has suffered any unrelated injury or the effects therefrom.  See Andrews v. Salter, 2000 WL 1679495 (Tenn. App. Nov 9, 2000) (Copy attached).

4. Any reference to the financial status of either party to this suit.

5. That any recovery by the Plaintiffs would not be subject to federal income taxation or any other form of taxation.

6. The time or circumstances under which Plaintiffs employed their attorney.

7. The Plaintiffs have not called to testify any witness equally available to both parties in this cause.  In this connection, Plaintiffs move that defense counsel be further instructed not to tender, read from, or refer to any ex parte statement or report of any person not then and there present in court to testify and be cross-examined by counsel for Plaintiffs, and that defense counsel be instructed not to suggest to the jury, by argument or otherwise, what would have been the testimony of any witness not actually called.

8. That no mention be made of the effect or result of the claim, suit or judgment on insurance rates, premiums, or charges, or the cost of doing business, either generally or as particularly applied to the party or employer or owner of the business in question, or as to the jury as members of the community, as the result of this or any other matter.

9. That a Plaintiff, by reason of age, infirmity or otherwise, is now or may be entitled in the future to receive any compensation or benefits by reason of the Social Security law of the United States or from any governmental agency such as Medicare or other sources of this nature.

10. That no remaining medical bills are due from Plaintiffs in this case, either by comment or documentary evidence or that same were paid by a third party or insurance carrier.

11. That the members of the jury should place themselves in the place, or shoes, or stead of a Defendant, or any of them.

12. Plaintiffs move that defense counsel be instructed not to suggest to the jury by argument or otherwise that Plaintiffs have sought to exclude from proof any matter bearing on the issues in this cause or the rights of the parties to this suit.

13. That the counsel for a Defendant not express any personal opinions regarding the case.

14. That the Plaintiffs have been accused, or may be guilty of, any misconduct or criminal conviction, and in this connection, it is shown that the Plaintiffs have never been convicted of any crime involving moral turpitude so as to make proof thereof admissible for purposes of impeachment or any other legitimate purpose, and the mere questioning of them concerning any alleged crime or misconduct would be incurably prejudicial even though objection was timely made and sustained.

15. That counsel for the Defendant be instructed not to make demands or requests before the jury for matters found or contained in Plaintiffs' file, which would include statements, pleadings, photographs, and other documents, nor demand or request further additional medical examinations, physical demonstrations, or other requests during the course of the trial and in the presence of a jury.

16. The contents of any pleadings which have been superseded by the current pleadings on file in this case.

17. The above matters listed in this Motion in Limine must be excluded as not relevant pursuant to Federal Rule of Evidence 401. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. See Hawkins v. State, 555 S.W. 2d 876, 878 (Tenn. Crim. App. 1977). Any evidence upon a fact not in issue is irrelevant and not admissible. See John P. Saad and Sons, Inc. v. Nashville Thermal Transfer Corp., 642 S.W. 2d 151, 152 (Tenn. Ct. App. 1982).

18. That the Defendant may attempt to introduce unrelated medical records of a Plaintiff or decedent and these should not be admitted pursuant to F.R.E. 401, 402, and 403, because the documents will or may address a different and earlier unrelated bodily injury; also, such records may contain hearsay or hearsay-within-hearsay that does not fall within any exception under F.R.E. 803 or 804. Further, there has been no testimony to support these records as relevant or probative of any fact in this case and, as such, they constitute irrelevant and prejudicial evidence. Rule 401-403, F.R.E.

19. Defendant, Mark Clemons, is not permitted or allowed by argument, question, side-bar or testimony to lay fault or blame upon a third-party in this case; this is to include Kelly

Kish and Methodist Healthcare – Memphis Hospitals (LeBonheur) or any other third-party, as no timely Certificate of Good Faith was filed by same.  This is according to Court Order Doc. 118.

20. No statements, question or mention of the fact of the Plaintiffs having settled prior to this suit with Methodist Healthcare – Memphis Hospitals (LeBonheur and Kelly Kish) or the amount of any settlement with said parties, is permitted.  [T.C.A. § 29-26-119; <u>Varner v. Perryman</u>, 969 S.W.2d 410 (Tenn. Ct. App. 1996); <u>Cullum v. Baptist Health Systems, Inc.</u>, 2011 WL 553768 (Tenn. Ct. App. 2011); and <u>Deuel v. The Surgical Clinic, PLLC</u>, 2010 WL 3237297 (Tenn. Ct. App. 2010).

Motions <u>in limine</u> serve to prevent the mention by anyone, during the trial, of a certain item of evidence or area of inquiry until the admissibility can be determined by a hearing outside of the presence of the jury.  The Plaintiffs are entitled to seek an Order of this Court excluding mention, question, argument or statement, directly or indirectly, of any of the matters listed in this Motion <u>in limine</u>.  Such evidence can only serve to incite, inflame and unfairly prejudice the jury against the Plaintiffs and their right to recover under Rule 403, F.R.E., and otherwise lack relevance under Federal Rule 402, <u>Id</u>.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that this Motion be granted and an appropriate Order of this Court be entered.

Respectfully submitted,

**HALLIBURTON & LEDBETTER**

/s/ Mark Ledbetter_____
Mark Ledbetter (#17637)
Attorney for Plaintiffs
254 Court Avenue - Suite 305
Memphis, TN  38103
(901) 523-8153-phone
(901) 523-8115-fax
Mark794@aol.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing has been properly served upon all counsel of record identified below via the Court's ECF filing system this 6th day of January, 2015.

J. Kimbrough Johnson/Marcy Dodds Magee/Margaret Cooper
2900 One Commerce Square
40 S. Main Street
Memphis, TN  38103
Attorneys for Mark Clemons
901/525-8721-phone
901/525-6722-fax
jjohnson@lewisthomason.com
mmagee@lewisthomason.com
mcooper@lewisthomason.com


Brad Gilmer/Jerry Potter/Karen Poplon/David Cook
The Hardison Law Firm
119 S. Main Street, Suite 800
Memphis, TN  38103
Attorneys for Babu R. Paidipalli & Pediatric Anesthesiologists, P.A.
901/525-8776 – phone
901/525-8790 – fax
Bgilmer@hard-law.com
jpotter@hard-law.com
kkoplon@hard-law.com
dcook@hard-law.com


                        /s/ Mark Ledbetter_____
                        Mark Ledbetter,  Certifying Attorney