IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
_____

DANIEL LOVELACE and
HELEN LOVELACE, Individually, and as
Parents of BRETT LOVELACE, deceased,

     Plaintiffs,

vs.                                   NO.:   2:13-cv-02289 dkv
                                             JURY TRIAL DEMANDED

PEDIATRIC ANESTHESIOLOGISTS, P.A.;
BABU RAO PAIDIPALLI; and,
MARK P. CLEMONS,

     Defendants.

_____

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**
_____

     COME the Plaintiffs and submit the following proposed jury instructions. Additional proposed instructions, forms or revisions to these instructions may be offered as the proof in this matter continues. These proposed instructions are based upon the Twelfth Edition of Tennessee Pattern Jury Instructions-Civil.

1

**BEFORE CLOSING ARGUMENTS:**

### T.P.I. – Civil 15.01 – Respective Duties of Judge and Jury [Modified]

Members of the jury, now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.  You will be provided with a written copy of these jury instructions.

It is your duty to find the facts from all the evidence in the case.  After you determine the facts, you must apply the law that has been given to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudice or sympathy.  You must decide the case solely on the evidence before you and according to the law given to you.

## <u>T.P.I. – Civil 15.02 – Instructions to be Considered as a Whole</u>

All of the instructions are equally important. The order in which these instructions are given has no significance. You must follow all of the instructions and not single out some and ignore others.

**<u>T.P.I. – Civil 15.03 – Statements of Counsel – Evidence Stricken Out – Insinuations<br>of Questions [Modified]</u>**

In reaching your verdict you may consider only the evidence that was admitted. Remember that any questions, objections, statements or arguments made by the attorneys during the trial are not evidence. Specifically, the dollar figures advanced by counsel do not constitute evidence but merely represent argument that you are free to disregard in your deliberations.  If the attorneys have stipulated or agreed to any fact, however, you will regard that fact as having been proved.

Testimony that you have been instructed to disregard is not evidence and must not be considered.  If evidence has been received only for a limited purpose, you must follow the limiting instructions I have given you. You are to decide the case solely on the evidence received at trial.

## T.P.I. – Civil 15.04 – Ordinary Observations and Experiences

Although you must only consider the evidence in this case in reaching your verdict, you are not required to set aside your common knowledge.  You are permitted to weigh the evidence in the light of your common sense, observations and experience.

## **T.P.I. – Civil 2.01 – Evidence**

You are to decide this case only from the evidence which was presented at this trial.  The evidence consists of:

1.  The sworn testimony of the witnesses who have testified, both in person and by deposition;

2.  The exhibits that were received and marked as evidence;

3.  Any facts to which all the lawyers have agreed or stipulated; and

4.  Any other matters that I have instructed you to consider as evidence.

## **T.P.I. – Civil 2.02 – Direct and Circumstantial Evidence**

There are two kinds of evidence; direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of a witness about what the witness personally observed.

Circumstantial evidence is indirect evidence that gives you clues about what happened.  Circumstantial evidence is proof of a fact, or a group of facts, that causes you to conclude that another fact exists.  It is for you to decide whether a fact has been proved by circumstantial evidence.  If you base your decision upon circumstantial evidence, you must be convinced that the conclusion you reach is more probable than any other explanation.

For example, if a witness testified that the witness saw it raining outside, that would be direct evidence that it was raining.  If a witness testified that the witness saw someone enter a room wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

In making your decision, you must consider all the evidence in light of reason, experience and common sense.

**<u>Special Instruction (Based on Tenn. R. Evid. 406 - Habit; Routine Practice)</u>**

Evidence of the habit of a person may be considered in determining the conduct of that person on a particular occasion.

## **T.P.I. – Civil 2.03 – Weighing Conflicting Testimony**

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You should not decide an issue by the simple process of counting the number of witnesses who have testified on each side.  You must consider all the evidence in the case.  You may decide that the testimony of fewer witnesses on one side is more convincing than the testimony of more witnesses on the other side.

## **T.P.I. – Civil 2.06 – Deposition Testimony**

Certain testimony has been presented by deposition.  A deposition is testimony taken under oath before the trial and preserved in writing or on videotape.  You are to consider that testimony as if it had been given in court.

## <u>T.P.I. – Civil 2.09 – Stipulations</u>

A stipulation is an agreement.  The parties have/may stipulated that certain matters of fact are true.  If so, they are bound by this agreement, and in your consideration of the evidence you are to treat these facts as proven.

**T.P.I. – Civil 2.20 – Credibility of Witness**

You are the sole and exclusive judges of the credibility or believability of the witnesses who have testified in this case.  You must decide which witnesses you believe and how important you think their testimony is.  You are not required to accept or reject everything a witness says.  You are free to believe all, none, or part of any person's testimony.

In deciding which testimony you believe, you should rely on your own common sense and everyday experience.  There is no fixed set of rules to use in deciding whether you believe a witness, but it may help you to think about the following questions:

1.  Was the witness able to see, hear, or be aware of the things about which the witness testified?

2.  How well was the witness able to recall and describe those things?

3.  How long was the witness watching or listening?

4.  Was the witness distracted in any way?

5.  Did the witness have a good memory?

6.  How did the witness look and act while testifying?

7.  Was the witness making an honest effort to tell the truth, or did the witness evade questions?

8.  Did the witness have any interest in the outcome of the case?

9.  Did the witness have any motive, bias or prejudice that would influence the witness' testimony?

10.  How reasonable was the witness' testimony when you consider all of the evidence in the case?

12

11. Was the witness' testimony contradicted by what that witness has said or done at another time, by the testimony of other witnesses, or by other evidence?

12. Has there been evidence regarding the witness' intelligence, respectability, or reputation for truthfulness?

13. Has the witness' testimony been influenced by any promises, threats, or suggestions?

14. Did the witness admit that any part of the witness' testimony was not true?

## T.P.I. – Civil 2.21 – Discrepancies in Testimony

There may be discrepancies or differences within a witness' testimony or between the testimony of different witnesses. This does not necessarily mean that a witness should be disbelieved.  Sometimes when two people observe an event they will see or hear it differently.  Sometimes a witness may have an innocent lapse of memory.  Witnesses may testify honestly but simply may be wrong about what they thought they saw or remembered.  You should consider whether a discrepancy relates to an important fact or only to an unimportant detail.

**<u>T.P.I. – Civil 2.22 – Witness Willfully False</u>**

You may conclude that a witness deliberately lied about a fact that is important to your decision in the case.  If so, you may reject everything that witness said.  On the other hand, if you decide that the witness lied about some things but told the truth about others, you may accept the part you decide is true and you may reject the rest.

### T.P.I. – Civil 2.30 – Expert Testimony – Determination of Weight

Usually witnesses are not permitted to testify as to opinions or conclusions. However, a witness who has scientific, technical, or other specialized knowledge, skill, experience, training, or education may be permitted to give testimony in the form of an opinion. Those witnesses are often referred to as "expert witnesses."

You should determine the weight that should be given to each expert's opinion and resolve conflicts in the testimony of different expert witnesses. You should consider:

1.    The education, qualifications, and experience of the witnesses; and

2.    The credibility of the witnesses; and

3.    The facts relied upon by the witnesses to support the opinion; and

4.    The reasoning used by witnesses to arrive at the opinion.

You should consider each expert opinion and give it the weight, if any, that you think it deserves. You are not required to accept the opinion of any expert.

**<u>T.P.I. – Civil 2.31 – Hypothetical Question [Modified]</u>**

Expert witnesses were asked to assume that certain facts were true and to give an opinion based upon that assumption.  This is called a hypothetical question.  You must determine if any fact assumed by the witness has not been established by the evidence and the effect of that omission, if any, upon the value of the opinion.

**T.P.I. – Civil 2.40 – Burden of Proof – Preponderance of Evidence [Modified]**

In this action, the plaintiffs have the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following issues:

1.  That **Pediatric Anesthesiologists, P.A.** was negligent; and

2.  That the negligence was a legal cause of injury to the plaintiffs.

The term "preponderance of the evidence" means that amount of evidence that causes you to conclude that an allegation is probably true.  To prove an allegation by a preponderance of the evidence, a party must convince you that the allegation is more likely true than not true.

If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence and the party having the burden of proving that issue has failed.

You must consider all the evidence on each issue.

## **T.P.I. – Civil 2.40 – Burden of Proof – Preponderance of Evidence [Modified]**

In this action, the plaintiffs have the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following issues:

1.  That **Babu Rao Paidipalli** was negligent; and

2.  That the negligence was a legal cause of injury to the plaintiffs.

The term "preponderance of the evidence" means that amount of evidence that causes you to conclude that an allegation is probably true.  To prove an allegation by a preponderance of the evidence, a party must convince you that the allegation is more likely true than not true.

If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence and the party having the burden of proving that issue has failed.

You must consider all the evidence on each issue.

### <u>T.P.I. – Civil 2.40 – Burden of Proof – Preponderance of Evidence [Modified]</u>

In this action, the plaintiffs have the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following issues:

1.  That **<u>Mark Clemons, M.D.</u>** was negligent; and

2.  That the negligence was a legal cause of injury to the plaintiffs.

The term "preponderance of the evidence" means that amount of evidence that causes you to conclude that an allegation is probably true.  To prove an allegation by a preponderance of the evidence, a party must convince you that the allegation is more likely true than not true.

If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence and the party having the burden of proving that issue has failed.

You must consider all the evidence on each issue.

## **T.P.I. – Civil 3.05 – Definition of Negligence**

Negligence is the failure to use ordinary or reasonable care.  It is either doing something that a reasonably careful person would not do, or the failure to do something that a reasonably careful person would do, under all of the circumstances in this case. The mere happening of an injury or accident does not, in and of itself, prove negligence.

A person may assume that every other person will use reasonable care, unless a reasonably careful person has cause for thinking otherwise.

**<u>T.P.I. – Civil 3.20 – Causation</u>**

A negligence claim requires proof of two types of causation: Cause in fact and legal cause.  Cause in fact and legal cause are distinct elements of a negligence claim and both must be proven by the plaintiff by a preponderance of the evidence.

**<u>T.P.I. – Civil 3.21 – Cause in Fact</u>**

The defendant's negligent conduct is a cause in fact of the plaintiff's injury if, as a factual matter, it directly contributed to the plaintiff's injury and without it plaintiff's injury would not have occurred.  It is not necessary that a defendant's act be the sole cause of plaintiff's injury, only that it be a cause.

## <u>T.P.I. – Civil 3.22 – Legal Cause</u>

Once you have determined that a defendant's negligence is a cause in fact of the plaintiff's injury, you must decide whether the defendant's negligence was also a legal cause of the plaintiff's injury.

The law in Tennessee sets out two requirements to determine whether an act or omission was a legal cause of the injury or damage.

1.      The conduct must have been a substantial factor in bringing about the harm being complained of; and

2.      The harm giving rise to the action could have been reasonably foreseen or anticipated by a person of ordinary intelligence and care.

To be a legal cause of an injury there is no requirement that the cause be the only cause, the last act, or the one the nearest to the injury, so long as it is a substantial factor in producing the injury or damage.

The foreseeability requirement does not require the person guilty of negligence to foresee the exact manner in which the injury takes place or the exact person who would be injured.  It is enough that the person guilty of negligence could foresee, or through the use of reasonable care, should have foreseen the general manner in which the injury or damage occurred.

**T.P.I. – Civil 6.05 – Standard of Professional Care Determined by Expert Testimony
[Modified]**

To determine the standard of professional learning, skill and care that was required of Mark Clemons, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A. you must consider only the opinions of the professionals, including Mark Clemons, Babu Rao Paidipalli and Pediatric Anesthesiologists, P.A. who have testified as expert witnesses as to that standard.

You must consider the opinion of each expert witness and the reasons given for the opinion, as well as the qualifications of each witness.  Give each opinion the weight you believe it should have.

## T.P.I. – Civil 6.10 – Duty of Physician

A physician who undertakes to perform professional services for a patient must use reasonable care to avoid causing injury to the patient.  The knowledge and care required of the physician is the same as that of other reputable physicians practicing in the same or a similar community and under similar circumstances.  A physician not only must have that degree of learning and skill ordinarily possessed by other reputable physicians but also must use the care and skill ordinarily used in like cases.  In applying that skill and learning, a physician is required to use reasonable diligence and best judgment in an effort to accomplish the purpose of the employment.

A failure to have and use such knowledge and skill is negligence.

## T.P.I. – Civil 6.11 – Duty of Specialist

The skill, knowledge and care required of a physician who practices a particular specialty is the same as that of other reputable physicians who specialize in the same field and practice in the same or a similar community and under similar circumstances.

**T.P.I. – Civil 6.11, Appendix A, Example 5 – Duty of Specialist [Modified]**

<u>Mark Clemons</u> holds himself out as a specialist in otolaryngology and is required to have the knowledge and skill ordinarily possessed, and to use the care and skill ordinarily used, by a reputable specialist in the field of obstetrics practicing in this community or a similar community under similar circumstances.  The failure to have and use such knowledge and skill is negligence.

**T.P.I. – Civil 6.11, Appendix A, Example 5 – Duty of Specialist [Modified]**

Babu Rao Paidipalli holds himself out as a specialist in anesthesiology and is required to have the knowledge and skill ordinarily possessed, and to use the care and skill ordinarily used, by a reputable specialist in the field of obstetrics practicing in this community or a similar community under similar circumstances. The failure to have and use such knowledge and skill is negligence.

29

**<u>T.P.I. – Civil 6.11, Appendix A, Example 5 – Duty of Specialist [Modified]</u>**

**<u>Pediatric Anesthesiologist, P.A.</u>** holds itself out as a specialist in pediatric anesthesiology and is required to have the knowledge and skill ordinarily possessed, and to use the care and skill ordinarily used, by a reputable specialist in the field of obstetrics practicing in this community or a similar community under similar circumstances.  The failure to have and use such knowledge and skill is negligence.

**<u>T.P.I. – Civil 6.12 – Perfection Not Required [Modified]</u>**

By undertaking treatment, a physician does not guarantee a good result. A physician is not negligent merely because of an unsuccessful result or an error in judgment.  An injury alone does not raise a presumption of the physician's negligence.  It is negligence, however, if the error of judgment or lack of success is due to a failure to have and use the required knowledge, care and skill as defined in these instructions.  *It is also negligence if the error of judgment of the physician is due to the fact that the physician does not inform himself/herself/themselves of facts by proper examination.

\* <u>Casenberg v. Lewis</u>, 163 Tenn. 163, 40 S.W. 2d 1038 (Tenn. 1931).

**T.P.I. – Civil 6.14 – Alternate Methods [Modified]**

When there is more than one accepted method of diagnosis or treatment, and no one of them is used exclusively and uniformly by all physicians of good standing, a physician is not negligent for selecting an accepted method of diagnosis or treatment that later turns out to be unsuccessful. This is true even if the method is one not favored by certain other physicians. [However, if the physician testifies that he adopted and used a method at the time of the event, or customarily, which, in fact, he did not use, such may be deemed evidence of negligence.]

### T.P.I. – Civil 6.18 – Standard of Medical Care Determined by Expert Testimony [Modified]

It is your obligation to determine the recognized standard of acceptable professional practice in all of defendants' profession for this or a similar community.  In making this determination, you may consider only the opinions of the physicians, including Babu Rao Paidipalli, Mark Clemons and Pediatric Anesthesiologists, P.A., who have testified concerning this standard.  Consider each opinion and the reasons given for the opinion, as well as the qualifications of the witnesses, giving each opinion the weight you believe it deserves.

The testimony of a physician as to what that physician personally would do or would not do or the personal opinion of a physician of what should or could not have been done does not prove the standard of medical practice.  [However, such testimony of itself does not condemn a practice, or the testimony.]

## T.P.I. – Civil 6.36 – Vicarious Liability [Modified]

A corporation is responsible for injuries caused by a corporation employee's negligent performance of duties while acting in the scope of employment.  In the present case, Dr. Babu Rao Paidipalli and Grace Freeman, CRNA, were employees of Pediatric Anesthesiologists, P.A. acting in the scope of their employment.  Therefore, if you find that Babu Rao Paidipalli or Grace Freeman were negligent, you have found Pediatric Anesthesiologists, P.A. to be at fault.

## <u>T.P.I. – Civil 14.11 – Medical Expenses</u>

The next element of damages that the plaintiffs may recover is for reasonable and necessary expenses for medical care, services, and supplies actually given in the treatment of a party as shown by the evidence [and the present cash value of medical expenses reasonably certain to be required in the future.]

### **T.P.I. – Civil 14.17 – Negligent Infliction of Severe or Serious Emotional Injury**

The plaintiffs claim damages for serious or severe emotional injury.  A serious or severe emotional injury occurs when a reasonable person, normally constituted, would be unable to adequately cope with the mental stress caused and brought about by the circumstances of the case.

There is no mathematical formula for computing reasonable compensation for negligent infliction of serious or severe emotional injury, nor is the opinion of any witness required as to the amount of such compensation.
In making an award for such damages, you must use your best judgment and establish an amount of damages that is fair and reasonable in light of the evidence before you.

36

## T.P.I. – Civil 14.27 – Parents' Damages

The amount of the award to the parent[s] shall include:

1.      The cost of medical [hospital, nursing] services and supplies reasonably required and actually incurred in the treatment of the minor;

2.      Monetary loss, if any, actually suffered or reasonably certain to be suffered in the future by the parent[s] because of the loss of the minor's services that would have been performed prior to the child's 18th birthday; and

3.      Loss of the minor's earnings, if any, actually suffered or reasonably certain to be suffered in the future by the parent[s] prior to the child's 18th birthday as a result of the minor's inability to pursue an occupation or employment.

## **T.P.I. – Civil 14.30 – Wrongful Death**

In this case, suit has been brought for damages alleging the death of Brett Lovelace was caused by the fault of the defendants.  If you decide to award damages, there are two classes of damages you may consider:

First, those damages sustained immediately by the injured party including compensation for the following:

1.      The mental and physical suffering actually endured by the injured party between the injury and death;

2.      Medical expenses necessitated by the injury, including expenditures for doctors, nurses, hospital care, medicine and drugs;

3.      Reasonable funeral expenses; and

4.      Loss of earning capacity during the period from injury to death.

You may not speculate as to whether conscious pain and suffering actually did exist between the injury and death.  If, however, you find that there was such pain and suffering prior to death, you must award damages for it.

The second class of damages that may be awarded is the present cash value of the pecuniary value of the life of the deceased.  In determining this value, you should take into consideration the following factors:

1.      The age of the deceased;

2.      The condition of health of the deceased;

3.      The life expectancy of the deceased;

4.      The strength and capacity of the deceased for work and for earning money through skill in any art, trade, profession, occupation, or business;

5.      The personal habits of the deceased as to sobriety and industry; and

6.      The reasonable value of the loss of consortium suffered by the [wife] and [children] of the deceased.

"Consortium" is a legal term consisting of several elements.  It includes both tangible services provided by a family member, as well as intangible benefits each family member receives from the continued existence of other family members.  Such intangible benefits include love, affection, attention, education, guidance, care, protection, training, companionship and cooperation [and, in the case of a spouse, sexual relations] that the [wife] [and] [children] would reasonably be certain to have received during the life of the deceased.

[In determining whether to award damages for loss of consortium for the death of a parent, you should consider the age of the [childe] [children], closeness of relationship, dependence and any other factors that reflect upon the relationship between parent and child.]

[In determining whether to award damages for loss of consortium for the death of a child, you should consider the age of the deceased and the [parents] closeness of the relationship, dependence and any other factors that reflect upon the relationship between the deceased and the [parent(s).]

In weighing these factors, you should consider the fact that expectancy of life is, at most, a probability based upon experience and statistics.  You should be mindful of the possibility that the earnings of an individual are not always uniform over a period of time. You should consider not only the most optimistic expectations of the future, but also the most pessimistic, and all of the uncertainties between the extremes.

Finally, when determining the amount of damages based upon life expectancy and earning capacity, you should deduct the present cash value of the deceased's living expenses had the deceased lived.  These living expenses are those that under the deceased' standard of living would have been reasonably necessary to keep the deceased in such a condition of health and well-being as to maintain the capacity to earn money.

### T.P.I. – Civil 14.31 – Present Cash Value – Wrongful Death

I have used the expression "present cash value" in these instructions concerning damages for certain losses that may be awarded in this case.

In determining the pecuniary value of the life of Brett Lovelace, you must adjust the award to allow for the reasonable earning power of money and the impact of inflation.

"Present cash value" means the sum of money needed now, which when added to what that sum that may reasonably be expected to earn in the future when invested, would equal the amount of damages at the time in the future when the earnings would have been received, living expenses incurred and the loss of consortium experienced. You should also consider the impact of inflation, its impact on wages and its impact on purchasing power in determining the present cash value of future damages.

41

**T.P.I. – Civil 14.50 – Determining Future Damages Without Speculation**

If you are to determine a party's damages, you must compensate that party for loss or harm that is reasonably certain to be suffered in the future as a result of the injury in question.  You may not include speculative damages, which is compensation for future loss or harm that, although possible, is conjectural or not reasonably certain.

### T.P.I. – Civil 14.53 – Life Expectancy

The life expectancy read to you is not conclusive but is an average life expectancy of persons who have reached a certain age.  You should be aware that many persons live longer, and many die sooner, than the average.  This figure may be considered by you in connection with other evidence relating to the probable life expectancy of the plaintiff, including evidence of the plaintiff's health, occupation, habits, and other activities.

## <u>T.P.I. – Civil 14.54 – Meaning of Present Cash Value</u>

I have used the expression "present cash value" in these instructions concerning damages for future losses that may be awarded to the plaintiff.

In determining the damages arising in the future, you must determine the present cash value of those damages.  That is, you must adjust the award of those damages to allow for the reasonable earning power of money and the impact of inflation.

"Present cash value" means the sum of money needed now which, when added to what that sum may reasonably be expected to earn in the future when invested, would equal the amount of damages, expenses, or earnings at the time in the future when the damages from the injury will be suffered, or the expenses must be paid, or the earnings would have been received.  You should also consider the impact of inflation, its impact on wages, and its impact on purchasing power in determining the present cash value of future damages.

## AFTER CLOSING ARGUMENT

### <u>T.P.I. – Civil 15.11 – All Instructions Not Necessarily Applicable</u>

The Court has given you various rules of law to help guide you to a just and lawful verdict. Whether some of these instructions will apply will depend upon what you decide are the facts. The Court's instructions on any subject, including instructions on damages, must not be taken by you to indicate the Court's opinion of the facts you should find or the verdict you should return.

## T.P.I. – Civil 15.12 – Use of Juror Notes *(After Trial)*

Some of you may have taken notes during the trial. Once you retire to the jury room you may refer to your notes, but only to refresh your own memory of the witnesses' testimony. You are free to discuss the testimony of the witnesses with your fellow jurors, but each of you must rely upon your own individual memory as to what a witness did or did not say.

In discussing the testimony, you may not read your notes to your fellow jurors or otherwise tell them what you have written. You should never use your notes to persuade or influence other jurors. Your notes are not evidence. Your notes should carry no more weight than the unrecorded recollection of another juror.

**T.P.I. – Civil 15.15 – How Jurors Should Approach Their Task**

Your attitude and conduct at the beginning of your deliberations are very important.  It is rarely productive for any juror to immediately announce a determination to hold firm for a certain verdict before any deliberations or discussions take place.  Taking that position might make it difficult for you to consider the opinions of your fellow jurors or change your mind, even if you later decide that you might be wrong.  Please remember that you are not advocates for one party or another.  You are the judges of the facts in this case.

### T.P.I. – Civil 15.16 – Each Juror Should Deliberate and Vote on Each Issue to be Decided

Each of you should deliberate and vote on each issue to be decided.

Before you return your verdict, however, each of you must agree on the verdict so that each of you will be able to state truthfully that the verdict is yours.

48

## T.P.I. – Civil 15.17 – Instructions as to Unanimous Verdict

The verdict you return to the Court must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to that verdict. Your verdict must be unanimous.

It is your duty to consult with one another and to reach an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinion if you are convinced that it is not correct. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

## **T.P.I. – Civil 15.18 – Chance or Quotient Verdict Prohibited**

The law forbids you to determine any issue in this case by chance.  If you decide that a party is entitled to recover damages, you must not arrive at the amount of those damages by agreeing in advance: 1) to use each juror's independent estimate of the amount to be awarded; 2) to total those amounts; 3) to divide the total by twelve; and 4) to make the resulting average the amount that you award.

**<u>T.P.I. – Civil 15.19 – Questions During Deliberations [Modified]</u>**

If a question arises during deliberations and you need further instructions, please print your question on a sheet of paper, knock on the door of the jury room, and give the question to my court officer.  In your note do not disclose any vote or division among yourselves.

I will read your question and I may call you back into the courtroom to try to help you.  Please understand that I may only answer questions about the law and I cannot answer questions about the evidence.

**T.P.I. – Civil 15.20 – Prohibited Research and Communication**

I remind you that you are to decide this case based only on the evidence you have heard in court and on the law I have given you.  You are prohibited from considering any other information and you are not to consult any outside sources for information.  You must not communicate with or provide any information, photographs or video to anyone by any means about this case or your deliberations.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone or computer; the Internet, any text or instant messaging service; or any chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate with anyone or to conduct any research about this case.

## T.P.I. – Civil 15.21 – Concluding Instruction

You will now retire and select one of you to be the presiding juror for your deliberations.  As soon as all of you have agreed upon a verdict, the presiding juror will complete and sign the verdict form and you will return with it to this room.

You may deliberate only when all of you are present in the jury room.  You may not resume your deliberations after any breaks until all of you have returned to the jury room.

## **<u>Special Jury Instruction No. 1</u>**

Finally, as I have already instructed you, the arguments of the lawyers for the parties are

not evidence.  Therefore, you are not to take notes during the lawyers' final arguments.

## Special Jury Instruction No. 2

NEGLIGENCE, FAULT and LEGAL CAUSE

E.      Concurrent Causes.

There can be more than one proximate cause of an injury.  There is no requirement that a cause, to be regarded as the proximate cause of an injury, be the sole cause, the last act, or the one nearest to the injury, provided it is a substantial factor in producing the end result.  Helderman v. Smolen, 179 S.W. 2d 493 (Tenn.Ct.App. 2005).

**<u>Special Jury Instruction No. 3</u>**

NEGLIGENCE, FAULT AND LEGAL CAUSE

J.      3.58  Explanation of Verdict

The percentage figure for each party may range from zero (0) to one hundred (100) percent.  When the percentages of fault of all parties [being compared] are added together, the total must equal [0% or] 100%.  The total percentage cannot be more or less than [0%] or 100%.

The parties to whom you may assign fault are:

Defendant  - Pediatric Anesthesiologists, P.A. - _____

Defendant – Babu Rao Paidipalli - _____

Defendant – Mark Clemons - _____

Your next obligation is to determine the full amount of damages, if any, sustained by the following parties without considering the question of fault:

Daniel and Helen Lovelace - _____

**Special Jury Instruction No. 4**

## K.   3.59   Jury Verdict Form

We, the jury, unanimously answer the questions submitted by the Court as follows:

1.      Do you find the Defendant, **Mark P. Clemons, M.D.,** to be at fault? (The Plaintiffs have the burden of proof.)

YES _____
NO_____

2.      Do you find the Defendant, **Babu Rao Paidipalli**, to be at fault? (The Plaintiffs have the burden of proof.)

YES _____
NO_____

3.      Do you find the Defendant, **Pediatric Anesthesiologists, P.A.,** to be at fault? (The Plaintiffs have the burden of proof.)

YES _____
NO_____

4.      If your answer is "YES" as to 1, 2 or 3 above, you have found Defendants 100% at fault and therefore, you should proceed to question No. 5.

5.      If your answer is "NO" to each of these, stop here, sign the Verdict Form, and return to the Court.

6.      If you have found any parties to be at fault, considering all the fault at One Hundred Percent (100%), what percentage of fault do you attribute to each of the parties?

Defendant, Babu Rao Paidipalli                      _____%  (0-100)

Defendant, Pediatric Anesthesiologists, P.A.     _____%  (0-100)

Defendant, Mark P. Clemons                         _____%  (0-100)

TOTAL - <u>100%</u>

57

     7.      What amount of damages, if any, do you find were sustained by Plaintiffs?

     8.      Do you find the Defendants, or any of them, or an employee of Pediatric Anesthesiologists, P.A., to have intentionally falsified, destroyed or concealed medical records containing material evidence with the purpose of evading or avoiding liability in this case?

           Yes_____                  No _____

     If your answer is "Yes," please check the party, parties or agent to which your finding applies below:

         **Defendant, Babu Rao Paidipalli** -         _____

         **Defendant, Pediatric Anesthesiologists, P.A.** -   _____

         **Defendant, Mark P. Clemons** -         _____

         **TOTAL DAMAGES:**        $_____

                             _____
                             Presiding Juror

                             _____
                             Date

Respectfully submitted,

**HALLIBURTON & LEDBETTER**

/s/ Mark Ledbetter
Mark Ledbetter (#17637)
Attorney for Plaintiffs
254 Court Avenue - Suite 305
Memphis, TN  38103
(901) 523-8153-phone
(901) 523-8115-fax
Mark794@aol.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been properly served upon all counsel of record identified below via the Court's ECF filing system this 6th day of January, 2015.

J. Kimbrough Johnson/Marcy Dodds Magee/Margaret Cooper
2900 One Commerce Square
40 S. Main Street
Memphis, TN  38103
Attorneys for Mark Clemons
901/525-8721-phone
901/525-6722-fax
jjohnson@lewisthomason.com
mmagee@lewisthomason.com
mcooper@lewisthomason.com

Brad Gilmer/Jerry Potter/Karen Poplon/David Cook
The Hardison Law Firm
119 S. Main Street, Suite 800
Memphis, TN  38103
Attorneys for Babu R. Paidipalli & Pediatric Anesthesiologists, P.A.
901/525-8776 – phone
901/525-8790 – fax
Bgilmer@hard-law.com
jpotter@hard-law.com
kkoplon@hard-law.com
dcook@hard-law.com

/s/ Mark Ledbetter
Mark Ledbetter,  Certifying Attorney

60